UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUISHA-HUISHA et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETE T. GAYNOR, Acting Secretary of Homeland Security, et al., <br><br> Defendants. | Civil Action No. 21-100 (EGS) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RELATED CASE

Defendants, by and through undersigned counsel, hereby respond to the Notice of Designation of Related Civil Cases Pending filed by Plaintiffs in this matter. *See* ECF No. 2. Defendants object to the designation pursuant to Local Civil Rule 40.5(b)(2) of this case as related to *P.J.E.S. v. Wolf*, Civ. A. No. 20-2245 (EGS).

For the reasons set forth below, the Court should sustain Defendants' objection and, pursuant to Local Civil Rule 40.5(c)(1), transfer this action to the Calendar and Case Management Committee for reassignment.

## BACKGROUND

Plaintiffs are "three families that fled their countries" allegedly to seek asylum. Compl. (ECF No. 1) ¶ 4. Plaintiffs include Nancy Gimena Huisha-Huisha and her one-year-old child I.M.C.H; Josiane Pereira-De Souza and her children 16-year-old H.N.D.S., 14-year-old E.R.P.D.S., 11-year-old M.E.S.D., and 7-year-old H.T.D.S.D.S.; and Valeria Macancela Bermejo and her four-year-old child B.A.M.M. *Id*. ¶¶ 14-16. At present, they are in the custody of Immigration and Customs Enforcement ("ICE") after crossing the southern border without valid

travel documents.

Plaintiffs contend that they are being denied the ability to seek asylum and access certain statutory protections for asylum seekers under the Immigration and Nationality Act as a consequence of an emergency public health order issued pursuant to newly-enacted regulations implementing a provision of the Public Health Service Act. *See* Compl. ¶¶ 1-4. As a consequence of the COVID-19 pandemic, the Centers for Disease Control and Prevention ("CDC") Director invoked his authority under Section 362 of the Public Health Service Act, 42 U.S.C. § 265, to temporarily prohibit the introduction of certain aliens who are without valid travel documents into the United States from Canada and Mexico [hereinafter the "Title 42 process"]. *Id.* ¶ 33. The CDC Director determined that a suspension of the right to introduce such aliens is necessary because their introduction into congregate settings in land and coastal ports of entry and Border Patrol stations risks transmission and spread of COVID-19 to Customs and Border Protection ("CBP") personnel and other aliens. *Id.* ¶ 42. If covered aliens without proper travel documents are encountered after crossing the border, CBP is authorized to determine if the aliens are subject to the Title 42 process, and if so, such aliens are expelled as quickly as possible. *Id.* ¶¶ 55-56. The Title 42 process, however, also provides for discretionary exemptions. *Id.* ¶ 45.

## ARGUMENT

### I.  Random Assignment is the Default Rule

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The "fundamental rationale" of random assignment is "to ensure greater public confidence in the integrity of the judicial process." *Id.* Random case assignment "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in

assignments, and reduces opportunities for judge-shopping." *Id.*; *see also Natural Resources Defense Council, Inc. v. Oliver*, Civ. A. No. 20-1150 (RDM), ECF No. 16 at 3 (D.D.C. July 27, 2020).

The "related-case" rule set forth in Local Civil Rule 40.5 stands as a limited *exception* to the general rule of random assignment of cases in the District Court. *Dale v. Exec. Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (quoting *Tripp*, 196 F.R.D. at 202)). New cases are deemed "related" under Local Civil Rule 40.5(a)(3) only when (1) "the earliest is still pending on the merits in the District Court" and (2) the cases either (i) "relate to common property," (ii) "involve common issues of fact," or (iii) "grow out of the same event or transaction." Local Civ. R. 40.5(a)(3). The plain language of the local rule makes clear that "[i]t is the factual, not the legal, similarities" that control the relatedness determination under Local Civil Rule 40.5(a)(3). *In re Tobacco/Gov'tl Health Care Costs Litig.*, 76 F. Supp. 2d 5, 9 n.5 (D.D.C. 1999).

As the party "seeking to avoid random assignment," Plaintiff "bears the burden of showing that the cases are related" under the local rule. *Autumn Journey Hospice v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (citation omitted). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Dakota Rural Action v. U.S. Dep't of Agric.*, Civ. A. No. 18-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019); *see also Oliver*, Civ. A. No. 20-1150, at 4 (moving party's burden is heavy to "prevent this narrow exception from undermining the essential purposes of random assignment"). Here, Plaintiffs seek to avoid the default rule and the judicial integrity policies underlying that rule. Nonetheless as explained below, Plaintiffs cannot satisfy the criteria for the limited exception to the rule of random case assignment.

## II.     *P.J.E.S.* Does Not Contain Sufficient Common Issues of Fact to be Related to This Case Under Local Civil Rule 40.5(a)(3)

Plaintiffs cannot meet their substantial burden of showing that this case is related to *P.J.E.S.* According to Plaintiffs' Notice, this case "involves common issues of fact" and "grows out of the same event or transaction." ECF No. 2. A comparison of the two cases shows this is not correct.

P.J.E.S. is a minor from Guatemala who entered the United States from Mexico in August 2020 unaccompanied by an adult. *P.J.E.S.*, ECF No. 1, ¶ 16. RR at 13. He was apprehended by CBP and detained in McAllen, Texas. *P.J.E.S.*, ECF No. 65 (Report and Recommendation) at 13. Plaintiffs are "three families that fled their countries" seeking asylum. Compl. ¶ 4. Plaintiffs include Nancy Gimena Huisha-Huisha and her one-year-old child I.M.C.H. *Id.* ¶ 14. Ms. Huisha-Huisha is an indigenous woman who left her South American country allegedly as a result of a debt-related threat and crossed into the United States from Mexico in late December, 2020. *See* Declaration of Nancy Gimena Huisha-Huisha ¶¶ 1, 4, 9.[1] A second family consists of Josiane Pereira-De Souza and her children: 16-year-old H.N.D.S., 14-year-old E.R.P.D.S., 11-year-old M.E.S.D., and 7-year-old H.T.D.S.D.S. Compl. ¶ 15. Ms. Pereira-De Souza crossed the border from Mexico in mid-December, 2020, after departing her South American country allegedly because members of the family had been subjected to various criminal incidents. Declaration of Josiane Pereira-De Souza ¶¶ 4-6. Plaintiff Valeria Macancela Bermejo and her four-year-old child B.A.M.M. are the third family. Compl. ¶ 16. Ms. Bermejo crossed the border earlier this year from Mexico, after fleeing her South American country allegedly because of physical and sexual

---

[1]     Because the declarations of Plaintiffs have been filed under seal, Defendants have used generalized language. Defendants refer the Court to the cited paragraphs for the specific, distinct facts averred by Plaintiffs.

abuse.  Declaration of Valeria Macancela Bermejo ¶¶ 4, 6.  They are all presently detained at the same ICE family residential center.

Admittedly, this case and *P.J.E.S.* share common issues of law, but the local rule quite plainly does not define cases with common legal issues as "related."  A recent ruling in this District demonstrates this distinction persuasively.  In *G.Y.J.P. v. Wolf*, Civ. A. No. 20-1511 (TNM), the Court denied a motion to designate that case as related to *J.B.B.C. v. Wolf*, Civ. A. No. 20-1509 (CJN).  ECF No. 31 (July 21, 2020).  In both cases, plaintiffs sought to challenge Defendants' use of Title 42 with regard to unaccompanied minors encountered at the southern border.  Even though those cases shared a common litigation purpose, brought largely identical legal challenges, and were asserted against the same defendants, those similarities are "not enough to make the cases related."  *Id*. at 3.  The Court recognized that those cases were "factually distinct" and thus not related cases.  *Id*.  So too here, the facts of Plaintiffs' departure from their home countries, their apprehension at the border, the Government's assessment of Plaintiffs pursuant to Title 42 and discretionary exceptions thereto, and their detention are all distinct from the facts in *P.J.E.S.*  For similar reasons, Plaintiffs cannot establish that this action and *P.J.E.S.* grew out of the "same event or transaction."

The fact that this case and *P.J.E.S.* challenge the same policy—the Title 42 process—is insufficient to overcome the general rule of random case assignment.  Courts in this District recognize that challenging the same government policy does not mean the facts and events underlying the challenges are common or the same, as required by the local rule.  *See Oliver*, Civ. A. No. 20-1150, at 4 (noting that it is "not enough . . . for the party seeking related-case treatment to show that the earlier- and later-filed cases both involved efforts . . . to protect a particular species."); *see also Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (ruling that two cases

involving discrimination arising from the same policies did not involve common issues of fact where "the discrimination in this case allegedly occurred as a result of the acts of county commissions in entirely different regions of the country than were at issue in Pigford").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reject Plaintiffs' erroneous related case designation and transfer this action to the Calendar and Case Management Committee for reassignment. A proposed order accompanies this submission.


Dated: January 19, 2021               Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      Acting United States Attorney

                                      BRIAN P. HUDAK
                                      Acting Chief, Civil Division

                                       /s/ Sean Tepe
                                      SEAN M. TEPE, DC Bar #1001323
                                      Assistant United States Attorney
                                      555 Fourth Street, NW
                                      Washington, DC 20530
                                      (202) 252-2533
                                      sean.tepe@usdoj.gov

                                      *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUISHA-HUISHA et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PETE T. GAYNOR, Acting Secretary of ) <br> Homeland Security, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 21-100 (EGS) |

**[Proposed] ORDER**

Upon consideration of Defendants' Response to Plaintiffs' Notice of Related Case, and any reply thereto, it is hereby **ORDERED** that:

1) The above-captioned action is not related to *P.J.E.S. v. Wolf*, Civ. A. No. 20-2245 (EGS), under the criteria of Local Civil Rule 40.5.

2) Pursuant to Local Civil Rule 40.5(c)(1), this action is transferred to the Calendar and Case Management Committee for reassignment.

_____          _____
Date                                              U.S. District Court Judge