**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) No. 1:21-CV-00100-EGS |
| PETER T. GAYNOR, Acting Secretary of Homeland Security, in his official capacity, et al., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RELATED CASE**

This suit and *P.J.E.S. v. Wolf*, No. 20-CV-2245 (EGS), are closely related.  Each case challenges the same Title 42 Process—the unprecedented invocation of public health powers to establish an entirely new deportation system with none of the protections enshrined by Congress. Each case seeks the same relief, including an injunction against the application of that Process. And each will ultimately require the Court to decide largely the same questions, including by assessing the same administrative record.

For all these reasons, relation is amply warranted under Local Civil Rule 40.5 and this District's precedents.  The cases arise out of the "same event or transaction," Local Civ. R. 40.5(a)(3)(iii), namely the promulgation of the regulations, orders, and guidance that together established the Title 42 Process.  And the cases will involve multiple "common issues of fact," including assessment of the administrative record and potentially discovery into whether the Process was imposed on the Centers for Disease Control and Prevention by Trump Administration officials over the objections of expert scientists.  The Court should overrule Defendants' objection to Plaintiffs' related case designation.

## LEGAL STANDARD

Under this Court's local rules, civil cases "are deemed related" when the earliest is pending on the merits and any of the following conditions applies: the cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent."  Local Civ. R. 40.5(a)(3).  While the "general rule" is that cases are randomly assigned, "[i]n some cases . . . the interests of judicial economy served by the related case rule, Local Civil Rule 40.5, outweigh the fundamental interests served by the random assignment rule."  *Doe v. Von Eschenbach*, No. 06-CV-2131 (EGS), 2007 WL 1655881, at *1 (D.D.C. June 7, 2007) (Sullivan, J.).

1

**ARGUMENT**

There can be no real dispute that "the interests of judicial economy" would best be served by relating this case to *P.J.E.S.  Doe*, 2007 WL 1655881, at *1.  This Court has already closely examined the Title 42 Process, including the various regulations, orders, and guidance along with their preambles, and has issued a reasoned opinion preliminarily enjoining the Process as to unaccompanied children.  *P.J.E.S. v. Wolf*, __ F. Supp. 3d. ___, No. 20-CV-2245 (EGS), 2020 WL 6770508 (D.D.C. Nov. 18, 2020) (Sullivan, J., adopting report and recommendation of Harvey, J.).  This case challenges the same Process, on nearly identical grounds, on behalf of families including minor children.

Defendants argue, however, that relation fails here because this case does not fall within the terms of Local Civ. R. 40.5(a)(3).  That is incorrect, as Defendants' own cases demonstrate.

*First*, the relation rule is satisfied because the two cases "grow out of the same event or transaction."  Local Civ. R. 40.5(a)(3)(iii).  Both suits challenge the legality of the Title 42 Process as unauthorized by the public health laws Defendants have invoked; contrary to the protections Congress established in the immigration laws; and in violation of the Administrative Procedure Act ("APA").  Both are challenges to the regulations, orders, and guidance that create the Title 42 Process, not to the details about how that Process applied in the plaintiffs' particular cases.  Indeed, that aspect of *P.J.E.S.* was central to the Court's decision granting provisional class certification in that case.  This Court concluded that the "typicality" requirement for class certification was satisfied because the claims of the plaintiff in that case and those of the rest of the class "stem from a unitary course of conduct—expulsion of unaccompanied non-citizen children from the United States under the Title 42 Process—and are based on the same legal theories."  *P.J.E.S.*, 2020 WL 6770508, at *24 (Report and Recommendation); *id.* at *7

(adopting).  The same is true of this case, which likewise "stems from" the establishment of the Title 42 Process and asserts essentially the same legal theories.

Courts in this District have repeatedly held that similar challenges to the same agency regulation or order are related for purposes of Local Civ. R. 40.5(a)(3)(iii).  Indeed, that was the holding of *Autumn Journey Hospice v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010), on which Defendants rely, Resp. 3.  *Autumn Journey* held that "six separate challenges" were related under the local rule, even though they were brought by "different hospice care providers." 753 F. Supp. 2d at 140.  As the court explained, each of the challenges presented the same "issues for resolution: whether the regulation impermissibly conflicts with the underlying statute and, if so, what relief should be afforded the plaintiff hospices."  *Id.*  Accordingly, the cases arose "out of a common event or transaction—namely, the promulgation of the hospice cap reimbursement regulation and the calculation of the plaintiff hospices' cap repayment obligations pursuant to that regulation—such that judicial economy would be served by having these matters resolved by the same judge."  *Id.*; *see also Singh v. McConville*, 187 F. Supp. 3d 152, 155-56 (D.D.C. 2016) ("As in *Autumn Journey*, the plaintiffs in both cases at issue here challenge the same Department of Defense and Army regulations governing requests for religious accommodations on the same grounds.").

Nor do the other cases Defendants cite hold to the contrary.  In *Natural Resources Defense Council, Inc. v. Oliver*, the two purportedly related cases challenged *different* agency orders.  Order at 4-6, No. 20-CV-1150 (RDM), ECF No. 16 (D.D.C. July 27, 2020).  As the court explained, the second case challenged a "new decision, which relied on new evidence and new analysis" not at issue in the earlier case, and which challenged the agency's actions with regard

to two fish species, whereas the earlier case had addressed just one of them.  *Id*. at 4-6.[1]

Likewise, *Keepseagle v. Glickman*, rejected relation of a case alleging discrimination against

Native Americans to an earlier case alleging discrimination against African Americans,

explaining that the alleged discrimination "occurred as a result of the acts of county commissions

in entirely different regions of the country" and the plaintiffs pointed only to allegedly "similar

discrimination" by the federal government.  194 F.R.D. 1, 3 (D.D.C. 2000).

*Second*, contrary to Defendants' assertion, the two cases also "involve common issues of

fact."  Local Civ. R. 40.5(a)(3)(ii).  Indeed, much of the judicial work sorting through factual

material in the two cases is likely to be identical.  Because the cases challenge the same set of

agency documents—regulations, orders, and guidance—Plaintiffs expect that the administrative

record in the cases will be identical.  And that record could well be extensive.  The judicial

efficiency of one judge in this District assessing that record for compliance with the APA, rather

than two, is exactly the type that justifies the relation rule established by Local Civil Rule

40.5(a)(3)(ii).

Again, Defendants' own cases underscore this point.  *Dakota Rural Action v. United*

*States Department of Agriculture*, on which they rely, rejected application of the related case rule

because the two cases at issue challenged *different* agency actions: in one, the validity of a single

loan, and in the other, a subsequent rulemaking applicable to all "medium-sized" loans.  No. 18-

CV-2852 (BAH), 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019).  The court emphasized the

difference this would create in the respective administrative records for the two cases: In the first

---

[1] *Oliver*, moreover, held that the original case was no longer pending on the merits, a
requirement for relation under Local Civ. R. 40.5(a)(3) that is not challenged here.  *Id*. at 2.  The
language on which Defendants rely is part of the Court's analysis of potential relation under
Local Civ. R. 40.5(a)(4), allowing relation for a narrow set of cases that are no longer pending;
that rule is also inapplicable here.  *Id.* at 2-5.

case, "the administrative record will present facts relevant only to the environmental effects of a single [loan] in Maryland." *Id.* "By contrast, the administrative record" in the second case would "present facts relevant to the baseline environmental effect of medium-sized [loans]." *Id*. Even with these dramatic differences, the court was careful to note that the relation claim was "not frivolous"; but in light of the different administrative records at issue, it concluded that the local rule was not satisfied. *Id*.

Importantly, *Dakota Rural Action* contrasted such a situation with *Autumn Journey* and *Singh* because, it explained, in the latter cases plaintiffs in the various suits challenged the *same* regulations and rules. *See id*. at *3; *see also Singh*, 187 F. Supp. 3d at 156 ("[T]he Court will be required to make similar factual determinations in both cases related to the defendants' process for issuing religious accommodations, the defendants' justifications for their regulations and policies, and the defendants' discriminatory conduct and/or intent, if any."); *Autumn Journey*, 753 F. Supp. 2d at 140 ("[T]here is substantial overlap in both the factual underpinning and the legal matters in dispute in each of these hospice cap cases."). So too here.

Defendants' arguments to the contrary are unavailing. They emphasize factual differences in the particulars of the plaintiffs' persecution and flight to the United States in this case and in *P.J.E.S.* Resp. 4-5. That makes no difference for two reasons. First, the existence of common issues of fact is just one alternative basis for relation under the rule; here, as explained above, the cases also "grow out of the same event or transaction," Local Civ. R. 40.5(a)(3)(iii), justifying relation regardless of the extent in overlap of the factual questions in each case.

Second, as already explained, extensive factual questions in the two cases—namely assessment of the identical administrative records—*are* shared. Defendants are of course correct that the particulars of each plaintiff's journey to this country are distinct, but they offer no reason

5

to think that those particular facts will matter to the resolution of either case.  To the contrary, the specifics of P.J.E.S.'s journey played essentially no role in this Court's decision granting a preliminary injunction.  *See generally P.J.E.S.*, 2020 WL 6770508.  Nor can Defendants explain why any differences in "the Government's assessment of Plaintiffs pursuant to Title 42 and discretionary exceptions thereto" would make any difference.  Resp. 5.  Neither case challenges Defendants' decision not to apply discretionary exceptions; they rather challenge the Title 42 Process as established in the various agency documents.  *Cf. Singh*, 187 F. Supp. 3d at 157 ("The fact that the Court will conduct an individual analysis with respect to each plaintiff to determine whether each plaintiff is entitled to the relief he seeks does not obviate the need for factual determinations related to the defendants' regulations and policies, and their administration of those regulations and policies, which are common to both cases.").

Finally, Defendants' reliance on Judge McFadden's recent order denying relation in *G.Y.J.P. v. Wolf*, No. 20-CV-1511-TNM, is misplaced.  Resp. 5.  There, the court noted that the plaintiff in *G.Y.J.P.* had already been expelled from the United States under the Title 42 Process, whereas the plaintiff in the assertedly related case, *J.B.B.C. v. Wolf*, No. 20-CV-01509-CJN, was still in the country.  *See* Mem. Order at 2-3, *G.Y.J.P.*, ECF No. 31 (D.D.C. July 21, 2020).  The factual differences, the court noted, would "likely matter when the Court considers each case on the merits."  *Id.* at 3.  And, indeed, the government subsequently moved to dismiss *G.Y.J.P.* on grounds inapplicable to *J.B.B.C.*—namely that G.Y.J.P.'s already completed expulsion divested the Court of jurisdiction.  Mot. to Dismiss, *G.Y.J.P.*, ECF No. 38 (Aug. 17, 2020).  By contrast, in both this case and *P.J.E.S.* the Plaintiffs are still in the United States.

Moreover, *G.Y.J.P.* relied heavily on the observation that Local Civil Rule 40.5(a)(3)(ii) contemplates relation for shared factual issues, but not legal ones.  Mem. Order at 2-4, *G.Y.J.P.*,

ECF No. 31.  But it did not address whether challenging precisely the same agency documents satisfies the independent rule directing relation of cases that "grow out of the same event or transaction," Local Civ. R. 40.5(a)(3)(iii), nor did it cite or address *Autumn Journey*'s holding that such cases are related.  And, while *G.Y.J.P.* focused on the different experiences of the particular plaintiffs at issue, the court did not address the overlap in the administrative records for each of those cases, nor whether that overlap required relation under Local Civil Rule 40.5(a)(3)(ii).

## CONCLUSION

The Court should overrule Defendants' objection to Plaintiffs' related case designation.

Dated: January 20, 2021

Respectfully submitted,

/s/ Celso J. Perez
Celso J. Perez (D.C. Bar No. 1034959)

Stephen B. Kang*
Cody Wofsy*
Morgan Russell*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Lee Gelernt*
Daniel A. Galindo*
Omar Jadwat*
Ming Cheung*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

Andre Segura
Kathryn Huddleston
Rochelle Garza
Brantley Shaw Drake
American Civil Liberties Union Foundation
of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel. (713) 942-8146

Robert Silverman*
Irit Tamir*
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Tamara F. Goodlette*
Refugee and Immigrant Center for
Legal Education and Legal Services
(RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
Tel: (210) 960-3206

Jamie Crook (D.C. Bar No. 1002504)
Karen Musalo
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

Karla M. Vargas*
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*