```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| NANCY GIMENA HUISHA-HUISHA et al | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. |
|  | ) 21-100 (EGS) |
| PETER T. GAYNOR et al | ) |
| Defendants, | ) |

## STANDING ORDER GOVERNING CIVIL CASES BEFORE
## JUDGE EMMET G. SULLIVAN

This Standing Order governs all civil cases assigned to Judge Emmet G. Sullivan. All counsel and *pro se* litigants are **HEREBY ORDERED** to comply with this Standing Order. Failure to comply with this Standing Order may result in the imposition of sanctions when appropriate.

1. **Local Rules**

    Counsel and *pro se* litigants are expected to comply with the Local Civil Rules of this Court. The Rules are available online at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules or in paper copy upon request from the Clerk's Office.

2. **Service of Standing Order**

    If this Standing Order is entered on the docket prior to the appearance of defendant(s), the plaintiff(s), except for *in forma pauperis* plaintiffs, shall ensure that all

parties receive a copy of this Standing Order by serving it with the Complaint, or providing it promptly following service of the Complaint.

3. **Communications with Chambers**

   a. Ex parte communication with Judge Sullivan – either directly or through his law clerks – is inappropriate. ***Chambers does not accept ex parte telephone calls***.

   b. Parties are to communicate with the Court in writing by motion, opposition, and reply; not by letter or telephone call. This includes, but is not limited to, inquiries regarding the status or scheduling of any pending matter, or inquiries regarding the clarification of Court Orders.

   c. In an **extraordinary circumstance** or **actual emergency**, counsel may contact chambers via telephone **only if all counsel/*pro se* parties are on the call**. If all parties are not on the call in such a circumstance, the parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, at (202) 354-3364, or if he is unavailable, the staff person in the Clerk's Office designated as his substitute.

   d. Documents may not be sent via facsimile or email to chambers unless expressly requested by the Court.

   In that circumstance, the parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, at (202) 354-3364, or if he is unavailable, the staff person in the Clerk's Office designated as his substitute, for instructions.

4. **Case Management/Electronic Case Files (CM/ECF) System**

   Chambers does not assist with questions regarding CM/ECF; inquiries shall be directed to the CM/ECF Help Line at (202) 354-3190.

5. **Removed Actions**

   A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order. Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered. *See* Fed. R. Civ. P. 81(c)(2).

6. **Courtesy Copies**

   a. Unless otherwise ordered, when any filing numbers 50 pages or more in total length, including exhibits, the party making the filing shall have delivered to Chambers two (2) printed courtesy copies via overnight mail or hand delivered to the Courthouse loading dock located at the corner of 3rd and C Streets, NW. The

    courtesy copies must include the headers added by the Case Management/Electronic Case Files (CM/ECF) System and be submitted in binders, three-hole punched, with single-sided pages. Exhibits shall be tabbed and indexed for ease of reference. *Pro se*, *in forma pauperis*, and incarcerated plaintiffs are excused from providing courtesy copies.

b. For filings that do not exceed 50 pages or more in total length, courtesy copies shall not be submitted to Chambers unless ordered by the Court. *See also* "Motions Generally" below.

7. **Amended Submissions**

Any amended submissions shall be accompanied by a redline comparison of the original and amended pleading.

8. **Motions to Dismiss**

a. Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend a complaint, *inter alia*, within 21 days of the defendant's service of a motion to dismiss pursuant to Rule 12(b), (e) or (f). The Advisory Committee Notes to the 2009 Amendment explain the purpose of this rule:

> This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need [for the Court] to decide

4

>    the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
>
> Plaintiffs are therefore **DIRECTED** to carefully consider arguments raised in a motion to dismiss and correct defects through an amended complaint as allowed under Rule 15(a).

   b. If a motion to dismiss presents matters outside of the pleadings, it may be converted to a motion for summary judgment. In this situation, all parties must comply with the instructions set forth below regarding motions for summary judgment.

9. **Meet and Confer Report**

   a. The parties shall meet and confer as required by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3. Unless otherwise ordered by the Court, by no later than 30 days after any defendant has filed an answer, or by no later than 14 days after the Court resolves any motion brought pursuant to Federal Rule of Civil Procedure 12(b), the parties shall submit to the Court a report and a proposed scheduling order as required by Local Civil Rule 16.3. In addition to reporting on the matters required by Local Civil Rule 16.3, counsel shall

   include in their report a brief statement of the case. In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

  b. The Court will issue a separate order in cases exempt from Local Civil Rule 16.3.

10. **Discovery Disputes**

Before involving the Court in a discovery dispute, the parties must confer in good faith to attempt to resolve the dispute between themselves. If the parties are unable to resolve the discovery dispute, they shall jointly contact Mr. Mark Coates, the Courtroom Deputy Clerk, at (202) 354-3364, or if he is unavailable, the staff person in the Clerk's Office designated as his substitute, to arrange for a telephone conference with the Court. The conference will be held on the record. The parties shall not file any motions relating to a discovery dispute without leave of the Court. The Court may refer discovery disputes to a Magistrate Judge for resolution.

**11. Motions for Extension of Time**

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Absent extenuating circumstances, motions for a continuance or other scheduling change must be filed three business days prior to the scheduled hearing or other deadline and must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties may be denied.

**12. Motions Generally**

    a. <u>Format</u>. All submissions to the Court shall be single-sided (when printed), double spaced, and use 12-point Times New Roman font and one inch page margins.

    b. <u>Tables</u>. Every memorandum of points and authorities that is ten pages or longer must contain a table of contents and table of authorities, regardless of whether it is in support of or in opposition to a motion.

    c. <u>Indexes</u>. Every submission that attaches more than one exhibit shall contain an index of exhibits.

13. **Motions for Summary Judgment Not Solely Based on Review of the Administrative Record**

    a. Pursuant to Local Civil Rule 7(h)(1), the moving party shall include a separate document entitled **Statement of Material Facts Not in Dispute**. This document shall be formatted as a two-column table. In the left column, the moving party shall list in separately numbered rows concise statements of each material fact it contends is not in dispute, supported by appropriate citations to the record. The statement must contain only one undisputed factual assertion per numbered row.

    b. Following the filing of this document with the Court, the moving party shall promptly provide an electronic copy in editable format to the opposing party.

    c. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts**. The opposing party shall indicate in the right column whether each corresponding fact in the left column is admitted or denied, and for those denied, provide appropriate citations to the record. If the fact is admitted in part and denied in part, the opposing party shall specifically identify which

    parts are admitted and which are denied, with appropriate citations to the record.

d. If the opposing party has additional facts that are not directly relevant to its response to a specific paragraph, it must identify such facts in consecutively numbered rows in the right hand column at the end of its responsive statement of facts.

e. At the end of the **Counter-Statement of Disputed Facts**, the opposing party shall list the material facts as to which the opposing party contends there is a genuine issue of material fact for trial.

f. Following the filing of this document with the Court, the opposing party shall promptly provide an electronic copy in editable format to the moving party.

g. In response, the moving party shall file a separate document entitled **Reply to Counter-Statement of Disputed Facts,** responding with appropriate citations in the left column to the additional facts.

h. The parties are cautioned that failure to comply with this requirement may result in the denial of the motion without prejudice or may result in the

        Court concluding that facts are not properly controverted and thus undisputed.

        i. Sample statements are provided in the Attachment to this Standing Order.

**14. Settlement**

Counsel shall promptly notify the Court if a case settles in whole or in part. Upon receipt of a notice of settlement that is not accompanied by a stipulation of dismissal, the Court may dismiss the case subject to a motion for reconsideration by a date certain.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**January 25, 2021**