IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DAVID PEKOSKE, Acting Secretary of Homeland Security, in his official capacity, et al., <br><br> *Defendants*. | No. 1:21-CV-00100-EGS |

**DECLARATION OF STEPHEN B. KANG IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Stephen B. Kang, hereby declare:

1. I am an attorney at the American Civil Liberties Union Foundation Immigrants' Rights Project ("ACLU"), and am counsel for Plaintiffs in this case. I make this declaration to provide information concerning families subject to the Title 42 Process and describe my qualifications and those of my colleagues to serve as counsel for the Proposed Class in this case.

**Numbers of Families Subject to the Title 42 Process**

2. U.S. Customs & Border Protection ("CBP") reports data on its public website regarding the total number of noncitizens apprehended as part of a family (which CBP refers to as "Family Unit Aliens (FMUA)") which it apprehends and processes under the Title 42 Policy challenged in this case, and how many it processes through the ordinary immigration procedures codified in Title 8 of the U.S. Code. *See* CBP, *Southwest Land Border Encounters*, https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters.

3. A "Family Unit" as CBP uses that term means "the number of individuals (either a child under 18 years old, parent or legal guardian) apprehended with a family member." *See* CBP, *U.S. Border Patrol Southwest Border Apprehensions by Sector*, https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters/usbp-sw-border-apprehensions.

4. CBP's data demonstrates that from March to December 2020, Defendants subjected approximately 21,515 members of family units to the Title 42 Process.

5. That figure is available by visiting the above Southwest Land Border Encounters website and selecting the following from the drop-down menus: "2020" and "2021 (FYTD)" for

1

    "FY"; "All" for "Component"; "FMUA" for "Demographic"; "All" for "Citizenship Grouping"; and "Title 42" for "Title of Authority."  A copy of this search result is attached as Exhibit A.

6. The same data demonstrates that, since April 2020, Defendants have expelled the vast majority of asylum-seeking families pursuant to the Title 42 Process.  From April to December 2020, approximately 21,018 members of family units (81%) were expelled under Title 42, while 4,831 (19%) were processed under Title 8.

7. These data regarding Title 8 processing are available by visiting the Southwest Land Border Encounters website and selecting the following from the drop-down menus on the website: "2020" and "2021 (FYTD)" for "FY"; "All" for "Component"; "FMUA" for "Demographic"; "All" for "Citizenship Grouping"; and "Title 8" for "Title of Authority."  A copy of this search result is attached as Exhibit B.

**Qualifications of Proposed Lead Class Counsel at ACLU**

8. The attorneys at the ACLU described herein, including myself, have represented unaccompanied children in four federal court cases challenging expulsion pursuant to the Title 42 Process.  *See J.B.B.C. v. Wolf*, No. 20-CV-01509-CJN (D.D.C. filed June 9, 2020); *G.Y.J.P. v. Wolf*, No. 20-CV-01511-TNM (D.D.C. filed June 9, 2020); *Texas Civil Rights Project v. Wolf*, No. 20-CV-02035-BAH (D.D.C. filed July 24, 2020).  Most recently, we were appointed as class counsel in *P.J.E.S. v. Wolf*, __ F. Supp. 3d. ___, No. 20-CV-02245-EGS, 2020 WL 6770508 (D.D.C. Nov. 18, 2020).

9. <u>Stephen B. Kang</u>.  I am a Detention Attorney at ACLU, where I have worked since 2013.  I graduated from New York University School of Law in 2011 and clerked for the Honorable Kermit V. Lipez of the First Circuit Court of Appeals, and the Honorable Margaret M. Morrow (ret.) of the U.S. District Court for the Central District of California.  I am admitted to practice in California.  I am admitted to the bars of the U.S. Courts of Appeals for the Third, Fifth, Sixth, and Ninth Circuits, and the U.S. District Courts for the Central, Northern, and Southern Districts of California and the District of Colorado.

10. I specialize in systemic litigation and advocacy involving particularly vulnerable populations in the removal system, such as detained children and asylum-seeking families.  My cases in this area include: *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018), *modified*, 330 F.R.D. 284 (S.D. Cal. 2019) (enjoining government practice of separating asylum-seeking parents from their children at border); *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (affirming preliminary injunction against unlawful arrest and detention of noncitizens based on flawed gang allegations); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017) (amicus counsel) (upholding rights of detained immigrant children to custody hearings); *Duchitanga v. Lloyd*, No. 18-CV-10332 (S.D.N.Y. filed Nov. 6, 2018) (challenging widespread and severe delays in release of children in government custody due to fingerprinting backlogs); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015) (enjoining government's invocation of deterrence to detain asylum seeking families).

11. I have also served as counsel in a number of other cases concerning the due process rights of noncitizens in the removal process, including: *C.J.L.G. v. Barr*, 880 F.3d 1122 (9th Cir. 2018) (en banc) (reversing removal order of unrepresented child for failure to advise of relief eligibility); *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016) (dismissing for lack of jurisdiction class action seeking appointed counsel for children); *Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018) (enjoining government's "no release policy" concerning asylum seekers); *Franco-Gonzalez v. Holder*, No. 10-CV-02211 DMG DTBX, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014) (detailed injunctive order concerning appointed counsel rights for noncitizens with mental disabilities facing removal).

12. A number of the cases described above are complex class actions against the federal government on immigration issues. I am or was class counsel in *Ms. L. v. ICE*, *Saravia v. Sessions*, *Damus v. Nielsen*, *R.I.L-R v. Johnson*, *J.E.F.M. v. Lynch*, and *Franco-Gonzalez v. Holder*.

13. I have given CLE presentations to lawyers and advocates concerning the rights of detained noncitizens and immigrant children, and provide technical assistance to other practitioners litigating federal cases on these topics. I also speak to nonlegal audiences regarding immigration and asylum policy.

14. <u>Lee Gelernt</u>. Lee Gelernt has been an attorney with the American Civil Liberties Union since 1992. He currently holds the positions of Deputy Director of the ACLU's national Immigrants' Rights Project, and Director of the Project's Program on Access to the Courts. Mr. Gelernt graduated from Columbia Law School in 1988.

15. Mr. Gelernt is a member of the New York bar, and is admitted to practice in the U.S. Supreme Court, the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits, and the U.S. District Courts for the Eastern District of New York and the Eastern District of Michigan. He has argued dozens of notable immigrants' rights cases at all levels of the federal court system, including in the U.S. Supreme Court, the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits, and in numerous district courts around the country.

16. Mr. Gelernt has served as lead counsel, or argued in, many class action immigration cases, including recently *Ms. L. v. ICE* (involving the Trump administration's family separation practice), and in a series of cases involving classes of long-term U.S. residents subject to deportation to countries where they feared death, persecution, or other harms. *See Hamama v. Adducci*, 258 F. Supp. 3d 828, (E.D. Mich. 2017), *vacated and remanded by* 912 F.3d 869 (6th Cir. 2018); *Devitri v. Cronen*, 290 F. Supp. 3d 86 (D. Mass. 2017); *Ibrahim v. Acosta*, No. 17-CV-24574, 2018 WL 582520 (S.D. Fla. Jan. 26, 2018); *Nak Kim Chhoeun v. Marin*, No. 17-CV-01898, 2018 WL 571503 (C.D. Cal. Jan. 25, 2018).

17. Mr. Gelernt is also lead counsel in numerous systemic cases challenging the federal government's efforts to restrict noncitizens from accessing asylum. *See, e.g.*, *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832 (9th Cir. 2020) (affirming injunction of bar on

asylum for individuals who transit through third country); *Capital Area Immigrants' Rights Coal. v. Trump*, No. 19-CV-2117-TJK, 2020 WL 3542481 (D.D.C. June 30, 2020) (vacating same bar); *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242 (9th Cir. 2020) (affirming injunction of ban of asylum for noncitizens entering between ports of entry); *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742 (9th Cir. 2018) (denying stay of same injunction), *stay denied*, No. 18A615, 2018 WL 6713079 (U.S. Dec. 21, 2018).

18. Mr. Gelernt has also testified as an expert before both the U.S. Senate and House of Representatives on immigration issues. He served as a law clerk to the Honorable Frank M. Coffin, formerly of the First Circuit Court of Appeals. In addition to his work at the ACLU, Mr. Gelernt is adjunct professor at Columbia Law School, and for many years taught at Yale Law School as an adjunct.

19. <u>Cody Wofsy</u>. Cody Wofsy is a Staff Attorney at the ACLU. He is a member of the California bar, and is admitted to practice in the U.S. Supreme Court, U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Ninth, and D.C. Circuits, and the U.S. District Courts for the Northern, Southern, Central, and Eastern Districts of California. Mr. Wofsy graduated from Yale Law School in 2013 and served as a Law Clerk to the Honorable Myron H. Thompson of the U.S. District Court for the Middle District of Alabama and the Honorable Marsha S. Berzon of the Ninth Circuit Court of Appeals.

20. Mr. Wofsy litigates complex immigration-related cases at all levels of the federal and state courts. *See, e.g.*, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) (affirming in part injunction of policies limiting asylum within the expedited removal system); *East Bay Sanctuary Covenant v. Barr*, *Capital Area Immigrants' Rights Coal. v. Trump*, *East Bay Sanctuary Covenant v. Trump* (all described above); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (denying stay in part of preliminary injunction of an Executive Order barring nationals of certain countries from entering the United States); *Morales v. Chadbourne*, 235 F. Supp. 3d 388 (D.R.I. 2017) (granting partial summary judgment in case challenging immigration arrest); *Ramon v. Short*, 2020 MT 69, 399 Mont. 254, 460 P.3d 867 (holding state officers lack authority to conduct civil immigration arrests); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 88 N.Y.S.3d 518 (N.Y. App. Div. 2018) (same).

21. Mr. Wofsy also represents amici in a number of cases involving the federal government's administration of the immigration laws. *See, e.g.*, *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020) (rejecting government's interpretation of jurisdictional provision); *City of Chicago v. Barr*, 961 F.3d 882 (7th Cir. 2020) (rejecting government assertion of authority to impose immigration related conditions on grant program); *City of Providence v. Barr*, 954 F.3d 23 (1st Cir. 2020) (same); *City of Philadelphia v. Attorney Gen. of United States*, 916 F.3d 276 (3d Cir. 2019), *reh'g denied* (June 24, 2019) (same); *United States v. California*, 921 F.3d 865 (9th Cir. 2019) (rejecting government efforts to enjoin California Values Act as preempted by immigration statutes), *cert. denied,* No. 19-532, 2020 WL 3146844 (U.S. June 15, 2020); *San Francisco v. Trump*, 897 F.3d 1225 (9th Cir. 2018) (affirming injunction of immigration-enforcement Executive Order); *see also*

4

*Simon v. City of New York*, 893 F.3d 83 (2d Cir. 2018) (reversing dismissal of case challenging arrest on material witness warrant).

22. <u>Daniel A. Galindo</u>.  Daniel Galindo is a Staff Attorney at the ACLU, where he has worked since 2018.  He is a member of the bars of California and New York, and is admitted to practice in the U.S. Court of Appeals for the Ninth Circuit, and the U.S. District Courts for the Southern District of California and the Northern District of California.  Mr. Galindo graduated from Stanford Law School in 2012 and clerked for the Honorable David O. Carter of the U.S. District Court for the Central District of California, and the Honorable Kermit V. Lipez of the First Circuit Court of Appeals.  Prior to his work at the ACLU, Mr. Galindo was an attorney in the criminal defense practice at the Neighborhood Defender Service of Harlem, where he practiced for four years in state trial courts in Manhattan.

23. Mr. Galindo litigates complex immigration-related cases at all levels of state and federal courts.  He serves as class counsel in *Ms. L. v. ICE*, described above.

24. Mr. Galindo also argued *Ramon v. Short*, both at the trial court and at the Montana Supreme Court.  2020 MT 69, 460 P.3d 867 (described above).  His current litigation focuses on federal challenges to the Administration's asylum and border policies.  *See, e.g.*, *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1077 (9th Cir. 2020) (challenge to administration policy of forcing non-Mexican asylum seekers into Mexico while their cases are pending), *Nora v. Wolf*, No. 20-CV-0993-ABJ, 2020 WL 3469670 (D.D.C. June 25, 2020) (same), *A.I.I.L. v. Sessions*, 19-CV-00481-SHR, (D. Ariz. filed Oct. 3, 2019) (damages class action against government for separating asylum-seeking families).

25. <u>Morgan Russell</u>.  Morgan Russell is a Staff Attorney with the ACLU, where he has worked since 2019.  Mr. Russell graduated from the Cardozo School of Law in 2011 and clerked for the Honorable James L. Dennis of the Fifth Circuit Court of Appeals.  He is a member of the New York and California bars, and is admitted to practice before the U.S. Courts of Appeals for the Fifth, Seventh, and Ninth Circuits, and the U.S. District Courts for the Northern and Central Districts of California.

26. Mr. Russell previously practiced at the Law Offices of Robert B. Jobe, where he litigated scores of immigration actions before U.S. District Courts, the Ninth Circuit, and other Courts of Appeals, and argued more than a dozen immigration cases before the Ninth Circuit.  His notable cases include *Singh v. Whitaker*, 914 F.3d 654 (9th Cir. 2019) (granting petition for review of immigration agency's denial of asylum and withholding relief) and *Agonafer v. Sessions*, 859 F.3d 1198 (9th Cir. 2017) (finding that immigration agency abused its discretion in denying motion to reopen noncitizen fleeing persecution on basis of sexual orientation).  *See also, e.g.*, *Sanghera v. Sessions*, 736 F. App'x 175 (9th Cir. 2018); *Gadidas Gonzalez v. Whitaker*, 744 F. App'x 387 (9th Cir. 2018); *Alcaraz-Enriquez v. Sessions*, 727 F. App'x 260 (9th Cir. 2018); *Tuifagalele v. Lynch*, 633 F. App'x 634 (9th Cir. 2015).

27. Mr. Russell serves as counsel on a number of immigrants' rights lawsuits, including *East Bay Sanctuary Covenant v. Barr*, *I.A. v. Barr*, described above, and *U.T. v. Barr*, No. 20-

CV-00116 (D.D.C. filed Jan. 15, 2020) (challenging policies providing for the removal of asylum seekers to countries other than their countries of origin).

28. Mr. Russell also serves as co-lead-counsel in *Yanes v. Martin*, ___F. Supp. 3d ___, 2020 WL 3047515, at *6 (D.R.I. June 2, 2020), a class action seeking habeas and injunctive relief on behalf of immigration detainees that has secured the release of more than two dozen individuals.

29. <u>Ming Cheung</u>.  Ming Cheung is a fellow at the ACLU.  He is a member of the New York bar and is admitted to practice before the U.S. Court of Appeals for the Fourth Circuit.  He is a 2017 graduate of Harvard Law School.  After graduation, he clerked for the Honorable Roger L. Gregory of the Fourth Circuit Court of Appeals and the Honorable Valerie Caproni of the U.S. District Court for the Southern District of New York.  Since coming to the ACLU in 2020, he has served as counsel on major cases concerning the rights of noncitizens facing removal.

I declare under the penalty of perjury under the laws of the United States and California that the foregoing is true and correct.  Executed in Oakland, California.


Dated: January 28, 2021                    */s/ Stephen B. Kang*
                                           STEPHEN B. KANG

6

# Exhibit A

### U.S. Customs and Border Protection (CBP) Encounters
US Border Patrol (USBP) Title 8 Apprehensions,
Office of Field Operations (OFO) Title 8 Inadmissible Volumes,
and Title 42 Expulsions by Fiscal Year (FY)

| FY | Component | Demographic |
|---|---|---|
| All | All | FMUA |

| Citizenship Grouping | Title of Authority | |
|---|---|---|
| All | Title 42 | Reset Filters |

FY   ■ 2020   ■ 2021 (FYTD)



**FY Southwest Land Border Encounters by Month**

| | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 (FYTD) | 4,217 | 3,671 | 3,577 | | | | | | | | | | 11,465 |
| 2020 | | | | | | 497 | 630 | 871 | 1,307 | 1,563 | 2,187 | 2,995 | 10,050 |
| 2019 | | | | | | | | | | | | | |
| 2018 | | | | | | | | | | | | | |



**FY Comparison by Demographic**

**Source:** USBP and OFO official year end reporting for FY18-FY20; USBP and OFO month end reporting for FY21 to date. Data is current as of 1/5/2021.

# Exhibit B

## U.S. Customs and Border Protection (CBP) Encounters
US Border Patrol (USBP) Title 8 Apprehensions,
Office of Field Operations (OFO) Title 8 Inadmissible Volumes,
and Title 42 Expulsions by Fiscal Year (FY)

| FY | Component | Demographic |
|---|---|---|
| Multiple values | All | FMUA |

| Citizenship Grouping | Title of Authority | |
|---|---|---|
| All | Title 8 | Reset Filters |



### FY Southwest Land Border Encounters by Month

| | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 (FYTD) | 526 | 661 | 1,069 | | | | | | | | | | 2,256 |
| 2020 | 13,719 | 13,144 | 12,053 | 8,198 | 7,117 | 4,138 | 108 | 181 | 372 | 487 | 528 | 899 | 60,944 |



FY Comparison by Demographic

**Source:** USBP and OFO official year end reporting for FY18-FY20; USBP and OFO month end reporting for FY21 to date. Data is current as of 1/5/2021.