**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DAVID PEKOSKE, Acting Secretary of Homeland Security, in his official capacity, et al., <br><br> *Defendants*. | ) ) ) ) ) ) ) ) No. 1:21-CV-00100-EGS ) ) ) ) ) ) |

**PLAINTIFFS' REPLY IN SUPPORT OF STAY OF REMOVAL OF THE FILS AIME, LADOUCEUR, LOUIS, MYRTIL, SABINO, AND SANTOS DE PAULA FAMILIES**

In response to the Court's Order dated January 31, 2021, the government has indicated that it opposes a stay for the Fils Aime, Ladouceur, Louis, Myrtil, Sabino, and Santos de Paula families. ECF No. 30. As it has on several prior occasions, the Court should grant the stay over the government's objection.

The government offers no new legal analysis in its opposition. It only notes, as Plaintiffs did in their motion, that the D.C. Circuit on Friday stayed the classwide injunction this Court issued in *P.J.E.S. v. Wolf*, __ F. Supp. 3d. ___, No. 20-CV-2245-EGS, 2020 WL 6770508 (D.D.C. Nov. 18, 2020). That stay order does not provide a basis to deny a stay of removal for these families. The Circuit's order is not reasoned: It summarily concludes that the stay standard had been met. *See P.J.E.S. v. Pekoske*, No. 20-5357 (D.C. Cir. Jan. 29, 2021), Doc. No. 1882899 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). But that standard includes four factors, *see Nken*, 556 U.S. at 434, and the Circuit did not explain how it analyzed or weighed those factors, alone or together. And, notably, the government emphasized in its stay filings matters that have no bearing on this case or motion, including the capacity of the Office of Refugee Resettlement to house unaccompanied children (who are subject to the injunction in *P.J.E.S.*). *See P.J.E.S.*, Doc. No. 1874324 at 19-20; Doc. No. 1876197 at 10-11. Without more indication of the basis of the Circuit's decision, its unreasoned, non-precedential order does not undermine the showing Plaintiffs previously made for a stay of removal for these families. *See D.C. Circuit Handbook of Practice and Internal Procedures* 43 (2020) ("the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition").

## CONCLUSION

The Court should issue a stay of the removal of the Fils Aime, Ladouceur, Louis, Myrtil, Sabino, and Santos de Paula families.

Dated: February 1, 2021

Stephen B. Kang*
Cody Wofsy*
Morgan Russell*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Andre Segura
Kathryn Huddleston
Rochelle Garza
Brantley Shaw Drake
American Civil Liberties Union Foundation
of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146

Tamara F. Goodlette*
Refugee and Immigrant Center for
Legal Education and Legal Services
(RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
Tel: (210) 960-3206

Karla M. Vargas**
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

Respectfully submitted,

/s/ Celso J. Perez
Celso J. Perez (D.C. Bar No. 1034959)
Lee Gelernt*
Daniel A. Galindo*
Omar Jadwat*
Ming Cheung*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

Robert Silverman*
Irit Tamir*
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Jamie Crook (D.C. Bar No. 1002504)
Karen Musalo
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

*Attorneys for Plaintiffs*

*Pro hac vice application forthcoming
**Admitted pro hac vice

2