IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

This litigation concerns Plaintiffs' challenge to Defendants' exercise of authority under Sections 362 and 365 of the Public Health Service Act, 42 U.S.C. §§ 265, 268, to temporarily prohibit the introduction of certain noncitizens into the United States from Canada and Mexico who are without valid travel documents. To facilitate the exchange of records and information for purposes of this litigation, as well as the potential resolution thereof (*see, e.g.*, ECF No. 87, Joint Motion to Hold In Abeyance Plaintiffs' Motions) without undermining legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. The parties may designate as "Protected Materials – Attorneys' Eyes Only" documents, testimony, written responses, emails, or other materials produced in this case if the producing party has a good faith basis for asserting that they contain information the disclosure of which would create a substantial risk of serious harm (*e.g.*, law enforcement sensitive information).

2. Material designated as "Protected Materials – Attorneys' Eyes Only" shall only be used by those specified below for the purpose of this litigation and for no other purpose.

3. Disclosure of materials marked "Protected Materials – Attorneys' Eyes Only" shall be restricted to (a) counsel of record for the parties, and employees of counsel of record; (b) Department of Justice or agency counsel for Defendants, and the administrative staff for government agency counsel for Defendants; (c) the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action unless additional persons are stipulated by counsel or authorized by the Court; (d) the authors and original recipients of the materials; and (e) experts to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment, attached here at Exhibit A.

4. "Protected Materials – Attorneys' Eyes Only" information and documents shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 1 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

5. All "Protected Materials– Attorneys' Eyes Only" information and documents made available to Plaintiffs' Counsel, and any copies thereof, and the information contained therein, must be stored in a secure manner by Plaintiffs' Counsel and by any employees of Plaintiffs' Counsel who has access to the information.

6. The parties' failure to designate any materials as "Protected Materials – Attorneys' Eyes Only" shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure. If such disclosure is made, the parties shall treat the record, document, and/or the

information contained therein as subject to this Protective Order from the date of its designation as "Protected Materials – Attorneys' Eyes Only" from that point forward, and may promptly present the information to the court under seal for a determination of the claim of confidentiality.

7. Any party who becomes aware of any violation of the terms of this Protective Order may bring the matter to the attention of the Court, which may impose any remedy or sanction it deems appropriate.

8. Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to and use of materials designated "Protected Materials – Attorneys' Eyes Only" subject to order by the Court.

9. Nothing in this Protective Order shall limit the parties' right to disclose their own information designated "Protected Materials – Attorneys' Eyes Only." Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

10. At the request of Defendants, Plaintiffs' Counsel shall certify to the destruction of all documents designated as "Protected Materials – Attorneys' Eyes Only" and produced by Defendants within thirty (30) days of the termination of this litigation, and/or receipt of the request, whichever is later.

11. The restrictions on disclosure and use of "Protected Materials– Attorneys' Eyes Only" information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Dated: March 16, 2021

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Sean M. Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

*Counsel for Defendants*

s/ Lee Gelernt
Lee Gelernt**
Daniel A. Galindo**
Omar Jadwat**
Ming Cheung**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

Stephen B. Kang**
Cody Wofsy**
Morgan Russell**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Andre Segura
Kathryn Huddleston
Rochelle Garza
Brantley Shaw Drake
American Civil Liberties Union Foundation
of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel. (713) 942-8146

Karla M. Vargas**
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

Robert Silverman*
Irit Tamir*
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Jamie Crook (D.C. Bar No. 1002504)
Karen Musalo
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

4

| | |
|---|---|
| Tamara F. Goodlette** <br> Refugee and Immigrant Center for Legal Education and Legal Services (RAICES) <br> 802 Kentucky Avenue <br> San Antonio, TX 78201 <br> Tel: (210) 960-3206 | *Attorneys for Plaintiffs* <br> *\*Pro hac vice application forthcoming* <br> *\*\*Admitted pro hac vice* |

**SO ORDERED.**

Dated: _____                                    _____

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED MATERIAL**

1. My full name is _____.

2. I am employed as _____ by _____, which is located at _____[address].  My office's telephone number is _____.

3. I have read the Stipulated Protective Order entered in *Huisha-Huisha v. Mayorkas*, Case No. 21-100 (EGS), pending in the District of the District of Columbia

4. I agree to be bound by the terms of the Stipulated Protected Order, and agree that I will use any material designated under the Protective Order only for purposes related to the claims or defenses in *Huisha-Huisha v. Mayorkas*.

5. I agree that I will not disclose or discuss material so designated with anyone other than the persons described in Paragraph 3 of the Stipulated Protective Order.

6. I understand that any disclosure or use of protected material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.

7. I agree to be subject in personam to jurisdiction in the District of Columbia in connection with any proceeding related to the enforcement of the Stipulated Protective Order.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct.

Signature: _____     Date: _____