UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al., <br><br> Defendants. | Civ. A. No. 21-100 (EGS) |

**DEFENDANTS' MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION**

Defendants respectfully request leave to file the accompanying Declaration of David Shahoulian, Assistant Secretary for Border and Immigration Policy at the Department of Homeland Security ("DHS"), in further support of Defendants' Combined Opposition (ECF No. 76) to Plaintiffs' Motion for Class Certification (ECF No. 23) and Motion for Classwide Preliminary Injunction (ECF No. 57).

Local Civil Rule 65.1(c) governs the procedures applicable to applications for preliminary injunctions in this Court. The local rule states that "[s]upplemental affidavits . . . may be filed" but "only with permission of the Court." LCvR 65.1(c). Thus, consistent with the local rule, Defendants hereby seek the Court's permission to file the accompanying Shahoulian Declaration.

Local Civil Rule 65.1(c) does not provide a standard for assessing motions for leave to file supplemental affidavits or declarations, but courts generally "have the discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53-54 (D.D.C. 2003) (granting defendants leave to file supplemental declarations in resolving motions to dismiss regarding subject matter jurisdiction). Good cause exists to grant leave to file this declaration.

First, Defendant Mayorkas, in his capacity as Secretary of the Department of Homeland Security, offers the Shahoulian Declaration to provide the Court with the overall assessment of the Department regarding the potential impact of a preliminary injunction enjoining the expulsion of members of Plaintiffs' proposed class.  This Department-wide perspective was not available when Defendants submitted their opposition on February 17, 2021.

Furthermore, Defendants do not seek to reargue points made in their opposition brief; rather, they seek to supply the Court with additional and updated information that may assist the Court in considering the pending preliminary injunction motion.  In particular, the Shahoulian Declaration provides the Court with information regarding DHS's current COVID-19-constrained capacity to process noncitizens crossing the U.S.-Mexico border and the impact an injunction would have on the Government's border operations and the public health and safety of DHS personnel, noncitizens, and border communities.

Lastly, as reflected in the Joint Motion to Reset Briefing Schedule on Plaintiff's Motions for Class Certification and Classwide Preliminary Injunction (ECF No. 112), Plaintiffs consented to the filing of a supplemental declaration.

A proposed order is enclosed.

Dated:  August 2, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

 /s/ Sean M. Tepe
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion for Leave to File Supplemental Declaration, it is hereby **ORDERED** that Defendants' Motion for Leave is **GRANTED.**

_____           _____
Date                                                       Emmet G. Sullivan
                                                                 United States District Judge