UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al., <br><br> Defendants. | Civ. A. No. 21-100 (EGS) |

**JOINT STATUS REPORT**

Pursuant to the Court's March 22, 2021, Minute Order, Plaintiffs and Defendants, by and through undersigned counsel, hereby submit this joint status report with their respective views on further proceedings in this case pending Defendants' interlocutory appeal.[1]

1.      On September 16, 2021, the Court issued an Order (ECF No. 122) and Memorandum Opinion (ECF No. 123) entering a preliminarily injunction regarding the application of Title 42 to Class Members.

2.      On September 17, 2021, Defendants noticed their appeal of the Court's preliminary injunction Order (ECF No. 124) and then moved the Court of Appeals for the D.C. Circuit for a stay of the Order pending the resolution of their appeal of the Order.

3.      On September 30, 2021, the Court of Appeals for the D.C. Circuit stayed this Court's Order pending appeal and set an expedited briefing schedule on Defendants' appeal,

---

[1]      The parties acknowledge and apologize for the inadvertent oversight of not filing this joint status report within 14 days of the Court's ruling on the motions for class certification and preliminary injunction, as initially ordered by the Court in March.

whereby briefing is scheduled to be completed by November 29, 2021, and argument is to occur in January 2022.  *See* Order, No. 21-5200 (D.C. Cir. Sept. 30, 2021).

4.      The parties set forth below their respective views on whether proceedings in the District Court should be stayed pending Defendants' appeal.

Defendants' Position

Defendants request that proceedings before this Court be stayed pending resolution of Defendants' appeal of the preliminary injunction, which is proceeding on an expedited basis. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)).

Defendants proffer that "economy of time and effort" for the parties and the Court favors a short stay of further proceedings in this Court.  A stay would allow all parties to focus their efforts on the appeal, where numerous amici are expected, and where briefing has been expedited. A stay of proceedings would foster efficiency and conserve resources, similar to when the Court, with Plaintiffs' consent, vacated Defendants' deadline to answer or otherwise respond to the Complaint while the preliminary injunction motion was pending before the District Court.  *See* March 22, 2021, Minute Order.  The preliminary injunction is now pending before the Circuit Court, and the same rationale of economy of time and effort applies.

Another reason favoring a stay under the circumstances is that the D.C. Circuit's resolution of the appeal from the preliminary injunction Order may narrow the parties dispute in this case. For example, Count I of Plaintiffs' Complaint asserts that the expulsion of noncitizens pursuant to

the CDC Order exceeds the authority granted under 42 U.S.C. § 265, *see* Compl. ¶¶ 76-78, and this Court held that Plaintiffs are likely to succeed on the merits of that claim, *see* Memorandum Opinion at 32.  The D.C. Circuit's review of this ruling, among others, is likely to affect how the instant litigation proceeds.  In situations where an interlocutory appeal could affect dispositive issues, it is appropriate to stay district court proceedings while the interlocutory appeal is pending. *See Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) (staying proceedings and "not require[ing] Defendants to respond to the complaint" while jurisdictional issues were considered on interlocutory appeal); *see also Fonville v. D.C.*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (staying proceedings pending District of Columbia Court of Appeals' decisions because they "are likely to be extremely persuasive to, if not binding upon, the Court").

Further, Plaintiffs would not suffer harm or prejudice from a stay.  The stay is likely to be short, with the appeal being briefed and argued in approximately three months.  In addition, staying proceedings in this Court will not harm the viability of Plaintiffs' claims.  Unlike cases where the memories of witnesses may fade over time, this is a challenge to agency action that involves issues of statutory interpretation and deference to agency expertise.

On balance, judicial economy, guidance from the Court of Appeals, and lack of harm or prejudice to Plaintiffs, all support a stay of proceedings in the District Court while the appeal is pending.

<u>Plaintiffs' Position</u>

Plaintiffs oppose a stay of district court proceedings in this case.  As this Court has found, the Class Members are suffering irreparable injury every day.  "[A] party requesting a stay of proceedings 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one

else.'" *Wrenn v. D.C.*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). Here, there is far more than a "fair possibility" that a stay will damage Class Members. Indeed, Plaintiffs' declarations "specify in detail [their] fear of violence, persecution, and other victimization if they are removed." *Huisha-Huisha v. Mayorkas*, __ F. Supp. 3d __, 2021 WL 4206688, at *15-16 (D.D.C. Sept. 16, 2021).

The Class Members' circumstances remain just as urgent now, as Defendants continue to expel families directly into the hands of cartel members in Mexico, or send them back to the countries they fled in fear. For example, recent news reports have documented Defendants' use of the Title 42 Process to conduct mass expulsions of thousands of Haitian migrants who sought asylum near Del Rio, Texas. *See, e.g.*, Ben Fox, *Explainer: Biden uses Trump-era tool against Haiti migrants*, Associated Press (Sept. 20, 2021);[2] Mary Biekert, *Title 42, the Law Removing Haitians from U.S. Border*, Washington Post (Sept. 29, 2021).[3] "In just nine days, the U.S. has expelled nearly 4,000 Haitian migrants, including hundreds of families with children, without allowing them to seek asylum as part of an ongoing deportation blitz to a country ravaged by natural and man-made calamities." Camilo Montoya-Galvez, *U.S. expels nearly 4,000 Haitians in 9 days as part of deportation blitz*, CBS News (Sept. 27, 2021) ("Between September 19 and September 27, 37 U.S. expulsion flights landed in Haiti with 3,936 migrants on board, including 2,300 parents and children who entered U.S. border custody as families, according to Department of Homeland Security data.").[4]

---

[2]     https://apnews.com/article/health-mexico-texas-immigration-coronavirus-pandemic-194bf94eda1f78b0e38b1e53f1adba66.

[3]     https://www.washingtonpost.com/business/title-42-the-law-removing-haitians-from-us-border/2021/09/24/57971d7e-1d6f-11ec-bea8-308ea134594f_story.html.

[4]     https://www.cbsnews.com/news/haiti-migrants-us-expels-nearly-4000-in-nine-days/.

The pendency of the D.C. Circuit appeal does not warrant a stay of the district court proceedings.  The general presumption is that "the case will proceed forward expeditiously in the district court despite the pendency of [an interlocutory] appeal."  *Society for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) (denying motion for injunction pending appeal); *see also California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018) (district courts should not delay proceeding disposition to the merits "to await an interim ruling on a preliminary injunction" from the court of appeals, particularly where the disposition of the appeal "may provide little guidance as to the appropriate disposition on the merits") (internal quotation mark omitted) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012)); *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (noting "general proposition that an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits"); 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3921.2 (3d ed. 2002) (updated Apr. 2021) ("Interlocutory injunction appeals would come at high cost if the trial court were required to suspend proceedings pending disposition of the appeal.").

Moreover, proceeding forward is particularly warranted here, because Plaintiffs have raised claims independent of the issues on appeal, meaning the D.C. Circuit's forthcoming decision will not, regardless of its outcome, resolve the litigation.  Plaintiffs moved for preliminary relief on their claims that the CDC lacked statutory authority to institute the Title 42 Process, and that the CDC's interpretation of Title 42 conflicts with specific protections Congress guaranteed to asylum seekers.  *See generally Huisha-Huisha*, 2021 WL 4206688, at *11 & *14 n.6.  Plaintiffs have pled other claims not raised in their preliminary injunction motion, including their claim that the immigration statute sets out the sole mechanisms Congress provided for removing noncitizens, and their claim that the Title 42 Process is arbitrary and capricious in violation the Administrative

Procedure Act ("APA").  ECF No. 22 ¶¶ 96–106 (Fifth and Sixth Claims for Relief).  These claims, and particularly the APA claim, are independent of the issues on appeal, and the D.C. Circuit's forthcoming decision is extremely unlikely to provide any guidance on them.  *See, e.g.*, *Banks v. Booth*, No. 20-CV-849-CKK, 2021 WL 1634466, at *2 (D.D.C. Apr. 26, 2021) ("Defendants do not explain how, even if the appellate court were to reverse the preliminary injunction, a reversal would make discovery conducted in the interim unnecessary or different in scope."); *Wrenn*, 179 F. Supp. 3d at 140–41 ("Plaintiffs' claims regarding the impact of further proceedings on their time and resources simply do not justify a pause in this litigation, particularly because this argument is substantially based on Plaintiffs' speculation about the downstream effect of the D.C. Circuit's resolution of the interlocutory appeal.").

Here, it is clear that the D.C. Circuit's decision, whatever it may be, will not resolve all the issues in this case.  *Cf. United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (stay of discovery "is rarely appropriate" pending a motion that "will not dispose of the entire case") (cleaned up).  Because Plaintiffs' additional claims supply an independent basis for judgment, there will be further litigation in this case no matter what happens with Defendants' appeal.  If this Court stays proceedings, and the Circuit ultimately affirms this Court's preliminary injunction, then the Court and the parties will have needlessly delayed final judgment in this case for months.  But even if the Circuit reverses the preliminary injunction, a stay will likewise have needlessly delayed steps necessary to assess the independent claims not at issue in the appeal.  For example, there has been no briefing yet on the APA issues, and Defendants have not even produced an administrative record.  As explained above, delay (in either case) imposes severe harms on vulnerable, asylum-seeking families, many with toddlers or babies, expelled to grave and potentially fatal danger.  By contrast, Defendants cannot point to any harm they will suffer in

proceeding beyond ordinary litigation expenses. *Cf. Dole v. Hansbrough*, 113 B.R. 96, 98 (D.D.C. 1990) ("[L]itigation expenses alone do not justify a stay of proceedings[.]").

Consequently, Plaintiffs respectfully request that this Court deny any stay of proceedings and direct the parties to meet and confer concerning a schedule for the remainder of this case, including (but not limited to) production of the administrative record and litigation on the remaining claims for relief.

Dated:  October 8, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

 */s/ Sean M. Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

*Attorneys for the United States of America*

/s/ *Lee Gelernt*
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo (Bar ID. NY035)
Omar Jadwat*
Ming Cheung*
David Chen
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

*Attorneys for Plaintiff*
*Admitted pro hac vice

7