UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

**JOINT STATUS REPORT**

Plaintiffs and Defendants, by and through undersigned counsel, hereby submit this joint status report with their respective views on further proceedings in this case pending Defendants' interlocutory appeal.

1. On September 16, 2021, the Court issued an Order (ECF No. 122) and Memorandum Opinion (ECF No. 123) entering a preliminarily injunction regarding the application of Title 42 to Class Members.

2. On September 17, 2021, Defendants noticed their appeal of the Court's preliminary injunction Order (ECF No. 124) and then moved the Court of Appeals for the D.C. Circuit for a stay of the Order pending the resolution of their appeal of the Order.

3. On September 30, 2021, the Court of Appeals for the D.C. Circuit stayed this Court's Order pending appeal and set an expedited briefing schedule on Defendants' appeal. *See* Order, No. 21-5200 (D.C. Cir. Sept. 30, 2021).

4. On October 8, 2021, the parties set forth their respective positions on whether the Court should stay further district court proceedings pending the appeal. ECF No. 126.

5.      The parties completed briefing at the D.C. Circuit on November 29, 2021, and the case was argued on January 19, 2022.  *See* No. 21-5200 (D.C. Cir. Jan. 19, 2022); Transcript of Oral Argument, No. 21-5200 (D.C. Cir. Feb. 7, 2022).

6.      The parties have since met and conferred concerning further proceedings at the district court during the pendency of the appeal.  The parties have agreed that Plaintiffs will seek leave to amend their complaint by Wednesday, February 9, 2022, to include allegations concerning the August 2021 CDC Order and update any factual allegations that are now inaccurate in light of current events. Defendants consent to Plaintiffs' motion to amend.  The parties also agree that the requirement to answer the amended complaint should be dispensed with.

7.      The parties disagree on the remaining issues, which include (a) the schedule for Defendants to produce the administrative record; and (b) whether the parties should proceed with other proceedings and cross-motions for summary judgment while the D.C. Circuit appeal remains pending.  The parties set forth below their respective positions on those issues below.

**Plaintiffs' Position**

One of Defendants' main reasons for seeking a stay of district court proceedings in this case was to permit "all parties to focus their efforts on the appeal."  *See* ECF No. 126 at 2.  The parties have now briefed and argued the case at the Circuit.

In the meantime, Defendants continue to expel thousands of Class Members to danger.  *See* ECF No. 126 at 4; *Huisha-Huisha v. Mayorkas*, __ F. Supp. 3d __, 2021 WL 4206688, at *15-16 (D.D.C. Sept. 16, 2021) (describing Plaintiffs' declarations that "specify in detail [their] fear of violence, persecution, and other victimization if they are removed"); CBP, Southwest Land Border Encounters (updated Jan. 24, 2022), https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters (showing that over 171,000 individuals in family units have been expelled under Title

42 from March and December 2021). In addition to the sheer number of families being subjected to danger, Defendants have recently begun expelling Venezuelan migrants to Colombia—a controversial practice that has drawn criticism from human rights organizations. *See* Priscilla Alvarez, *US begins quietly flying Venezuelan migrants to Colombia under controversial border policy*, CNN Politics (Jan. 31, 2022), https://www.cnn.com/2022/01/31/politics/border-venezuela-colombia/index.html. Defendants also continue to routinely expel Haitians to Haiti, a country that our own State Department has said is too dangerous for travel or deportations.

As Plaintiffs previously explained, the D.C. Circuit appeal will not resolve all of the issues in this case. *See* ECF No. 126 at 6. Most relevant, Plaintiffs have alleged that the Title 42 Process is arbitrary and capricious under the APA, a claim that is independent of the claims on appeal. That challenge will require (among other things), Defendants to produce the administrative record, after which the parties will meet and confer and possibly engage in further litigation to resolve any disputes concerning the completeness of the record.[1] At this point, Plaintiffs seek only a deadline to confer with Defendants regarding a further schedule after the administrative record is produced in 30 days.

All of this will require time, during which the Class will continue to suffer irreparable injury. Given that the D.C. Circuit appeal may well take some time to resolve, Plaintiffs believe that the best course is for the parties to engage in that work while they await the D.C. Circuit's decision.

---

[1] At oral argument in the D.C. Circuit, Judge Walker inquired about Plaintiffs' arbitrary and capricious claim. Transcript of Oral Argument, No. 21-5200 (D.C. Cir. Feb. 7, 2022) at 5:18-6:17 (acknowledging that APA claim was "was not briefed on this appeal," but asking government counsel to "explain to me why the plaintiffs were not correct when they say that [the Title 42 Process] is arbitrary and capricious?" in light of various factors).

Defendants have also argued that the D.C. Circuit's decision will offer guidance that may affect the remaining issues in the case. ECF No. 126 at 2-3. But any such guidance will not necessarily obviate the need for the parties to move forward on the record-related issues at the final stage of this case. The production of the administrative record should not be held up on the chance that the Circuit may offer guidance that affects the remaining claims, especially given the ongoing grave harm to Plaintiff families.

In light of these circumstances, Plaintiffs respectfully request that the Court set the following schedule:

- Deadline for Plaintiffs to file motion for leave to amend the complaint – Wednesday, February 9, 2022
- Deadline for Defendants to produce the administrative record – Friday, March 11, 2022
- Deadline for parties to meet and confer concerning further scheduling – Friday, March 18, 2022

**Defendants' Position**

Because of the pending appeal, this case has been in stasis at the District Court level since the parties last filed a Joint Status Report on October 8, 2021. Defendants' position has not changed since then. Defendants request that proceedings before this Court be stayed pending resolution of Defendants' appeal of the preliminary injunction, which, as noted above, has already been argued before the D.C. Circuit. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Air Line*

*Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)).

In situations where an interlocutory appeal could affect dispositive issues, it is appropriate to stay district court proceedings while the interlocutory appeal is pending. *See Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) (staying proceedings and "not require[ing] Defendants to respond to the complaint" while jurisdictional issues were considered on interlocutory appeal); *see also Fonville v. D.C.*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (staying proceedings pending District of Columbia Court of Appeals' decisions because they "are likely to be extremely persuasive to, if not binding upon, the Court"). That certainly is the case here with respect to the question of the Secretary and CDC Director's statutory authority under 42 U.S.C. § 265 to promulgate the Final Rule and issue the CDC Orders being challenged in this litigation. *See* Compl. ¶¶ 76-78. Plaintiffs seek to move forward with the production of the Administrative Record at a minimum and suggest a process by which even briefing on cross motions for summary judgment might even begin, even while the statutory authority question is pending before the D.C. Circuit and when the D.C. Circuit's forthcoming decision may inform other issues in this litigation. But doing so would not foster efficiency or conserve the resources of the parties or the Court given that the Court of Appeals might agree with this Court's ruling that Plaintiffs are likely to succeed on the merits of their statutory claim. *Huisha-Huisha v. Mayorkas*, No. CV 21-100 (EGS), 2021 WL 4206688, at *11 (D.D.C. Sept. 16, 2021). Such a ruling would clearly inform further proceedings of this case.

Postponing the production of the Administrative Record and briefing on cross motions for summary judgment, on the other hand, would not impose harm on or prejudice Plaintiffs. Plaintiffs do not identify any new harm or prejudice that would befall them that did not exist

previously. Given the expedited nature of the appeal of the preliminary injunction, it seems likely that the Court of Appeals' decision will be issued in all due haste. Waiting some minimally additional time for that decision to be issued will not harm the viability of Plaintiffs' claims. Unlike cases where the memories of witnesses may fade over time, this is a challenge to agency action that involves issues of statutory interpretation and deference to agency expertise.

On balance, judicial economy, guidance from the Court of Appeals, and lack of harm or prejudice to Plaintiffs, all support a stay of proceedings in this Court while the appeal is pending. Defendants propose that within seven days of the issuance of the appellate court's decision, the parties submit a joint status report on how to proceed with this litigation.

If the Court is not inclined to stay proceedings, Defendants respectfully request in the alternative, that the parties proceed with only the preparation of the Administrative Record, while the appeal is still pending. Defendants propose that they be given sixty (60) days from any order of this Court to file on the docket an index of the Administrative Record and to produce the Administrative Record to Plaintiffs. They further propose that within seven days of the completion of the Administrative Record, or upon the D.C. Circuit's ruling, whichever is later, the parties submit a briefing schedule on cross motions for summary judgment.

Dated:  February 9, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Sean M. Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney

555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

/s/ *Lee Gelernt*
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo (Bar ID. NY035)
Omar Jadwat*
Ming Cheung*
David Chen
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600

*Attorneys for Plaintiff*

*Admitted pro hac vice