**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, *et al.*; <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO N. MAYORKAS, Secretary of Homeland Security, in his official capacity *et al.*; <br><br> *Defendants*. | No. 21-cv-00100-EGS |

**CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 7(i), Plaintiffs, by and through undersigned counsel, respectfully request that the Court grant leave to file a Second Amended Complaint. A copy of the proposed Second Amended Complaint is attached hereto, as required by Local Civil Rule 15.1. The proposed amendment seeks only to update the complaint to include the now-operative Title 42 Order, which was issued in August 2021, and to amend facts that have become outdated. *See* ECF No. 114. The parties have met and conferred, and Defendants have consented in writing to the motion, as described in the Joint Status Report filed concurrently.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he rule is to be construed liberally," and "[l]eave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006); *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999). "[T]he non-

movant bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

Plaintiffs' motion may be granted solely on Defendants' consent, but, in any event, none of the bases for denying leave to amend applies. There is no undue delay or bad faith that would preclude amendment, particularly given that this litigation remains at a relatively early stage, and the parties until recently have focused their efforts on litigating Plaintiffs' motion for classwide preliminary injunction and Defendants' interlocutory appeal of the Court's order grating preliminary classwide relief.[1] *See, e.g.*, *United States v. Honeywell Int'l, Inc.*, 318 F.R.D. 202, 206 (D.D.C. 2016) (granting leave even though plaintiff "wait[ed] six years to amend its complaint"). Nor was there any failure to cure a prior deficiency, as the First Amended Complaint preceded the August 2, 2021 order.

The proposed amendment also does not unduly prejudice Defendants. Defendants have not yet filed an answer, there has been no discovery on any of Plaintiffs' claims, no new claims are being asserted by the amendment, and none of the new allegations—which pertain to Defendants' own order and track the parties' briefing on the preliminary injunction motion—should come as any surprise to Defendants. *See, e.g.*, *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 249 (D.D.C. 2004) (granting leave to amend because litigation "is in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery"). Finally, the amendment is not futile.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the consent motion for leave to file a Second Amended Complaint.

---

[1] Because both the preliminary injunction proceedings in this Court and the appeal before the D.C. Circuit assumed that the August 2021 Order was being challenged, Plaintiffs do not believe that amending the complaint is strictly required. They do so out of an abundance of caution and pursuant to the parties' agreement.

Dated: February 9, 2022

Stephen B. Kang (Bar ID. CA00090)
Cody Wofsy (Bar ID. CA00103)
Morgan Russell*
My Khanh Ngo
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Andre Segura
Kathryn Huddleston
Brantley Shaw Drake
American Civil Liberties Union Foundation
of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel. (713) 942-8146

Tamara F. Goodlette*
Refugee and Immigrant Center for
Legal Education and Legal Services
(RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
Tel: (210) 960-3206

Karla M. Vargas*
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo (Bar ID. NY035)
Omar Jadwat*
Ming Cheung*
David Chen
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660

Robert Silverman
Irit Tamir
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Karen Musalo
Melissa Crow
Neela Chakravartula
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*