IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) No. 1:21-cv-00100-EGS <br> ) |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, in his official capacity, *et al.*, | ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) <br> ) |

**SUR-SURREPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs respectfully submit this response to address the arguments raised in Defendants' surreply. Defendants do not and cannot contest that under D.C. Circuit precedent vacatur is not only "an appropriate remedy under the [APA]," Dkt. 157-1 ("Sur.") at 2, but indeed is *the* default remedy where the court determines that agency regulations or policies are unlawful. This is the "general rule," Dkt. 150 ("Repl.") at 24, and Defendants do not argue to the contrary. Instead, Defendants advance two arguments against vacatur as a proper remedy here, but neither has merit.

*First*, Defendants argue that any order granting partial summary judgment would be interlocutory, and any effective relief would have to be delayed until the Court resolves *all* claims, not just the arbitrary and capricious claim. Sur. 1–2. But courts—including this Court— regularly grant vacatur on a motion for partial summary judgment or without reaching all claims raised in a summary judgment motion. *See, e.g.*, *Child.'s Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 205 (D.D.C. 2018) (Sullivan, J.) (granting vacatur on statutory claim, not reaching arbitrary and capricious claim), *rev'd and remanded on other grounds,* 933 F.3d 764 (D.C. Cir. 2019); *NAACP v. Trump*, 298 F. Supp. 3d 209, 249 (D.D.C. 2018) (granting vacatur on

1

substantive APA claim in partial summary judgment motion excluding constitutional claims), *aff'd and remanded sub nom. DHS v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020); *Allina Health Servs. v. Sebelius*, 904 F. Supp. 2d 75, 87 (D.D.C. 2012) (granting vacatur on two procedural APA claims without reaching other claims), *aff'd in part, rev'd in part on other grounds*, 746 F.3d 1102 (D.C. Cir. 2014); *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 37 (D.D.C. 2020) (granting vacatur on FVRA and APA claims in partial summary judgment motion), *appeal dismissed*, No. 20-5141, 2020 WL 5358686 (D.C. Cir. Aug. 25, 2020).

As long as the plaintiff "obtain[s] complete relief" in the case by the grant of summary judgment on one of her claims, the court need not resolve all claims to reach final judgment. *Burke v. Coggins*, 521 F. Supp. 3d 31, 45 (D.D.C. 2021), *appeal dismissed sub nom. Burke v. Raimondo*, No. 21-5086, 2021 WL 2525310 (D.C. Cir. June 15, 2021); *see also Zhang v. USCIS*, 344 F. Supp. 3d 32, 66 & n.10 (D.D.C. 2018) (Sullivan, J.) (noting plaintiffs' agreement that the court need only reach arbitrary and capricious claim), *aff'd*, 978 F.3d 1314 (D.C. Cir. 2020); *Spirit of Sage Council v. Norton*, 294 F. Supp. 2d 67, 79 n.3 (D.D.C. 2003) (Sullivan, J.) ("Because this entire action can be disposed of based on plaintiffs' claims relative to the [first rule], the Court does not reach the procedural or substantive propriety of the promulgation of the second rule . . ."), *vacated on other grounds*, 411 F.3d 225 (D.C. Cir. 2005).

Defendants' argument to the contrary relies on an unrelated line of partial summary judgment cases, Sur. 1–2, in which the court's order does not resolve all of the rights and liabilities, nor resolve all the requested relief, in a manner that leads to final judgment. *See State of Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) (referring to *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976), where the district court did not resolve all requested relief); *Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1, 6 n.5 (1st

Cir. 2004) (noting district court had granted partial summary judgment on subsidiary issue of a claim); *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000) (same). For example: A grant of summary judgment on the question of liability, but which leaves the amount of damages undetermined, is interlocutory. A grant of summary judgment affording complete relief on a certain claim, and declining to reach the others, is not.

This case is the latter situation. If Plaintiffs prevail on their claim that the Title 42 policy is arbitrary and capricious, the Court can afford all the necessary relief on that ground alone, without the need to decide the other claims. Indeed, that was the entire point of the current briefing procedure. Plaintiffs filed a motion for preliminary injunction based on the arbitrary and capricious claim alone to expeditiously seek relief given the grave harm caused by Title 42, without slowing down the case to address all claims. And the Court consolidated that preliminary injunction motion with summary judgment as to that claim, permitting expeditious possible final judgment and resolution of this matter on that claim alone. On Defendants' view—that summary judgment on the arbitrary and capricious claim cannot justify any immediate relief beyond what would be available on a preliminary injunction—the Court's consolidation order would be entirely pointless. Defendants are simply re-litigating the Court's decision to establish a procedure to expeditiously resolve this case through partial summary judgment if the Court determines that the Title 42 policy is arbitrary and capricious.[1]

*Second*, Defendants point out that the D.C. Circuit has articulated factors for determining whether remand without vacatur is appropriate in a particular situation, in lieu of vacatur. Sur. 2–

---

[1] If this Court grants partial summary judgment on this claim and that decision is reversed on appeal, the remaining claims could be adjudicated on remand. *See, e.g.*, *Bauer v. Fed. Deposit Ins. Corp.*, 38 F.4th 1114, 1126 (D.C. Cir. 2022) (reversing district court's holding that agency exceeded authority and remanding for consideration of plaintiffs' APA claims).

3

3 (citing *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)). And, they suggest, the Court should not reach that question because "[n]either party has addressed these factors in their briefing on Plaintiffs' motion for partial summary judgment." Sur. 2. Yet even in their surreply, Defendants offer *no* argument that remand without vacatur is appropriate. And the Court should not take up Defendants' invitation for further briefing, and thus further delay, especially where vacatur is especially appropriate in this case.[2]

Indeed, under the two-factor *Allied-Signal* test cited by Defendants, vacatur is plainly the appropriate remedy here, and not remand without vacatur. The first factor looks to the seriousness of the agency action's deficiencies and likelihood that the agency would address the relevant issues and reach the same conclusion on remand. *Allied-Signal*, 988 F.2d at 150–51. But it is obvious that CDC would *not* reach the same conclusion were the policy remanded to the agency because CDC has *already* decided that Title 42 is no longer necessary for public health. Thus, a remand without vacatur would just leave all the harm in place, and make no sense given the agency's current position. The second factor considers the disruptiveness of vacatur. *Id*. But, again, vacating the policy obviously would not be disruptive given that *CDC itself* has rescinded Title 42 and it is only in effect now because of the Louisiana injunction (which Defendants are opposing). Indeed, Defendants developed a plan for how to terminate Title 42. Repl. 15. Vacatur

---

[2] Defendants also take issue with Plaintiffs' failure to brief the vacatur issue in their opening brief, perhaps suggesting Defendants were caught off guard. But Plaintiffs expressly stated in their opening brief (Dkt. 144-1 at 2, 26) and in their proposed order (Dkt. 144-2) that they were seeking vacatur. Nor would there have been any reason for Plaintiffs to brief the appropriateness of vacatur in contrast to the test for an injunction since, as noted above, vacatur is the standard remedy in an APA arbitrary and capricious case, and especially appropriate here. In any event, Defendants have *still* failed to provide any reason why the Court should not grant vacatur here. *See* Repl. 24 (citing, *inter alia*, *United Steel v. Mine Safety & Health Admin*., 925 F.3d 1279, 1287 (D.C. Cir. 2019) (addressing the test from *Allied-Signal*)).

is thus obviously the appropriate remedy, and Defendants' request for further delay should not be granted.

      For all the reasons previously stated, the Court should grant Plaintiffs' motion for partial summary judgment.

Dated: September 29, 2022

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo
Omar Jadwat*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660

Stephen B. Kang (Bar ID. CA00090)
Cody Wofsy (Bar ID. CA00103)
Morgan Russell*
My Khanh Ngo
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770

Kathryn Huddleston
American Civil Liberties Union Foundation
of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel. (713) 942-8146

Tamara F. Goodlette*
Refugee and Immigrant Center for
Legal Education and Legal Services
(RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
Tel: (210) 960-3206

Laura Peña
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171

Robert Silverman
Irit Tamir
Oxfam America
Boston, MA 02115, Suite 500
Tel: (617) 482-1211

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel: (202) 457-0800

Blaine Bookey
Neela Chakravartula
Karen Musalo
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
Tel: (415) 565-4877

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, N.W.
Suite 200
Washington, DC 20005
Tel: (202) 355-4471

*Attorneys for Plaintiffs*
**Admitted pro hac vice*