UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,

Defendants.

Civ. A. No. 21-100 (EGS)

**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants respectfully submit this surreply to address Plaintiffs' statement in their reply brief that Defendants "do not contest that vacatur is appropriate if the Title 42 policy is arbitrary and capricious." Pls.' Reply 24. Defendants do not concede that vacatur of the Title 42 policy would be an appropriate remedy. Defendants did not address the appropriateness of vacatur in their opposition brief because Plaintiffs did not analyze the issue in their opening brief and because the issue is premature at this stage, where Plaintiffs are moving only for partial summary judgment on one count of their Second Amended Complaint—their arbitrary-and-capricious claim in Count VI. *See* Second Am. Compl. ¶¶ 107–11, ECF No. 131; Pls.' Mot. for Partial Summ. J., ECF No. 144. If the Court were to grant Plaintiffs' motion for partial summary judgment, that order would be interlocutory and ineffective until the Court enters final judgment.

It is well established that "grants of partial summary judgment are generally considered interlocutory orders." *State of Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992). Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also* 10

Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2651 (4th ed. Apr. 2022 update) ("[E]ven though denominated a 'judgment,' a nonappealable partial or interlocutory summary judgment under Rule 56 does not qualify as a judgment under Rule 54(a)."). Rather, a partial summary judgment order "is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee notes, 1946 amendment; *see also Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1, 6 n.5 (1st Cir. 2004) (same); *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000) (same). It follows that if a court nevertheless grants any relief based on the interlocutory order, such relief would not be effective until entry of final judgment, with limited exceptions, such as an interlocutory injunction. *See* 28 U.S.C. § 1292(a)(1).

Because any order granting partial summary judgment would be interlocutory and ineffective until final judgment except in limited circumstances, the Court should not grant any relief premised on any such order but should defer consideration of the issue of remedy until the Court has adjudicated all of Plaintiffs' claims. Notably, Plaintiffs' prayer for relief does not request vacatur of the Title 42 Policy. *See* Second Am. Compl., Prayer for Relief, ECF No. 131. Plaintiffs' prayer for relief seeks a variety of remedies, including that the Court "[d]eclare unlawful the Title 42 Process as applied to Plaintiffs and Class Members" and "[e]nter an order enjoining Defendants from applying the Title 42 Process to Plaintiffs and Class Members." *See id.*

Even if vacatur were an appropriate remedy under the Administrative Procedure Act, whether it should be granted in an individual case would depend on factors that are best considered after the Court has resolved all claims and is preparing to enter final judgment. As the D.C. Circuit has explained, "the decision whether to vacate depends on the seriousness of the order's deficiencies . . and the disruptive consequences of an interim change that may itself be changed." *Sugar Cane Growers Co-op. of Fla. v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002) (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)). Neither party has addressed these factors in their briefing on Plaintiffs' motion for partial summary judgment. Nor have they addressed the appropriate scope of any potential vacatur order. Indeed, in their opening brief, Plaintiffs did not explain why vacatur would be an appropriate remedy. Because they only addressed

why injunctive relief would be appropriate, *see* ECF No. 144-1 at 23–26, Defendants correspondingly addressed the propriety of an injunction in their opposition brief, *see* ECF No. 147 at 36–37. Defendants made no concession that vacatur is proper and reserve the right to contest the issue should the Court grant Plaintiffs' motion for partial summary judgment.

Dated: September 22, 2022                                Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES, D.C. Bar. #481052<br>United States Attorney | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| BRIAN P. HUDAK<br>Chief, Civil Division | JEAN LIN<br>Special Litigation Counsel, NY Bar #4074530<br>Federal Programs Branch |
| SEAN M. TEPE, DC Bar #1001323<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>Phone: (202) 252-2533<br>Email: sean.tepe@usdoj.gov | /s/ John Robinson<br>JOHN ROBINSON, DC Bar #1044072<br>JONATHAN KOSSAK, DC Bar #991478<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street N.W.<br>Washington, DC 20530<br>Tel (202) 514-3716<br>Email: jonathan.kossak@usdoj.gov<br>         john.robinson@usdoj.gov |

*Counsel for Defendants*