UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

## UNOPPOSED EMERGENCY MOTION FOR TEMPORARY STAY OF THE COURT'S NOVEMBER 15, 2022 ORDER

Pursuant to Federal Rules of Civil Procedure 59 and 60 and the Court's inherent authority, Defendants respectfully request a temporary, five-week stay of the Court's November 15, 2022 order (the "Order") to allow the Department of Homeland Security ("DHS") time to prepare to transition to immigration processing under Title 8 of the U.S. Code. Defendants have conferred with Plaintiffs, who do not oppose this motion. In support of this motion, Defendants state as follows:

1. This action challenges a series of orders issued by the Centers for Disease Control and Prevention ("CDC") invoking its authority under the Public Health Service Act, 42 U.S.C. § 265 ("Section 265"), to temporarily suspend the right to introduce into the United States certain noncitizens traveling from Mexico and Canada who would otherwise be held in congregate settings in ports of entry or U.S. Border Patrol stations at or near the border. The currently operative order was issued in August 2021. *See* 86 Fed. Reg. 42,828 (Aug. 5, 2021) ("August 2021 Order").

2. In September 2021, this Court certified a class and preliminarily enjoined the application of the "Title 42" Process to the class. The Court defined the Title 42 Process as "the

process developed by the CDC and implemented by the August 2021 Order." *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146, 159 (D.D.C. 2021).

3. The government appealed, and obtained a stay of the preliminary injunction pending appeal. On March 4, 2022, the D.C. Circuit affirmed the preliminary injunction in part, holding that Section 265 likely authorizes the expulsion of covered noncitizens, but that such expulsions may not be to places where the noncitizens likely will be persecuted or tortured. *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 732 (D.C. Cir. 2022).

4. On April 1, 2022, CDC terminated the August 2021 Order, with an implementation date of May 23, 2022. 87 Fed. Reg. 19,941 ("Termination Order"). On May 20, 2022, the U.S. District Court for the Western District of Louisiana preliminarily enjoined the Termination Order on the ground that CDC likely was required to conduct notice-and-comment rulemaking in issuing the termination order but failed to do so. *Louisiana v. CDC*, --- F. Supp. 3d ---, No. 6:22-CV-00885, 2022 WL 1604901 (W.D. La. May 20, 2022), *appeal pending*, No. 22-30303 (5th Cir.).

5. On August 15, 2022, after the D.C. Circuit issued its mandate, Plaintiffs in this case moved for partial summary judgment on Count VI of the operative complaint, which alleges an arbitrary-and-capricious claim under the APA. ECF Nos. 141, 141-1. Defendants opposed the motion. ECF No. 147.

6. On November 15, 2022, the Court granted Plaintiffs' motion and entered an order "vacat[ing] and set[ting] aside the Title 42 policy—consisting of the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by the Centers for Disease Control and Prevention or the U.S. Department of Health and Human Services suspending the right to introduce certain persons into the United States." ECF No. 164. The Court "declare[d] the Title 42 policy to be arbitrary and capricious in violation of the Administrative Procedure Act" and "permanently enjoin[ed] Defendants and their agents from applying the Title 42 policy with respect to Plaintiff Class Members." *Id.* The

Court's order indicates that "any request to stay this Order pending appeal will be denied for the reasons stated in the accompanying Memorandum Opinion." *Id.* The requested temporary stay under Rules 59 and 60 and the Court's inherent authority is not for the pendency of appeal but rather for only a temporary period.

7. DHS requires a short period of time to prepare for the transition from Title 42 to Title 8 processing, given the need to resolve resource and logistical issues that it was unable to address in advance without knowing precisely when currently operative August 2021 Title 42 order would end. *Cf.* 87 Fed. Reg. at 19,954–56 (setting effective date of Termination Order for 52 days from date of issuance to, among other things, provide DHS with additional time to ready operational plans). During this period of time, DHS will need to move additional resources to the border and coordinate with stakeholders, including non-governmental organizations and state and local governments, to help prepare for the transition to Title 8 processing. This transition period is critical to ensuring that DHS can continue to carry out its mission to secure the Nation's borders and to conduct its border operations in an orderly fashion. *See, e.g., AARP v. EEOC*, 292 F. Supp. 3d 238, 241 (D.D.C. 2017) (staying effective date of vacatur order for about one year "to avoid the potential for disruption"); *NAACP v. Trump*, 298 F. Supp. 3d 209, 244–45 (D.D.C. 2018) (staying vacatur order for 90 days to avoid disruption).

8. Under the *Louisiana* preliminary injunction, Defendants remain enjoined "from enforcing the April 1, 2022 Order . . . anywhere in the United States." Preliminary Injunction, *Louisiana v. CDC*, No. 6:22-CV-00885, (W.D. La. May 20, 2022), ECF No. 91. Accordingly, Defendants will not enforce the April 1, 2022 Termination Order during the period of the requested five-week stay but would merely make preparations to implement the Court's order as discussed above.

9. Accordingly, Defendants respectfully request that the Court stay its order for five weeks, from November 15, 2022 to December 21, 2022 at midnight.

10. Defendants have conferred with Plaintiffs, who do not oppose this motion. A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES, <br> D.C. Bar. #481052 <br> United States Attorney | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney General |
| BRIAN P. HUDAK <br> Chief, Civil Division | JEAN LIN <br> Special Litigation Counsel, NY#4074530 <br> Federal Programs Branch |
| SEAN M. TEPE, DC Bar #1001323 <br> Assistant United States Attorney <br> 601 D Street, N.W. <br> Washington, D.C. 20530 <br> Phone: (202) 252-2533 <br> Email: sean.tepe@usdoj.gov | /s/ John Robinson <br> JOHN ROBINSON, DC Bar #1044072 <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division, Federal Programs Branch <br> 1100 L Street N.W. <br> Washington, DC 20530 <br> Tel (202) 616-8489 <br> Email: john.j.robinson@usdoj.gov |