UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated, *et al.*,<br><br>  Plaintiffs,<br><br>    *v.*<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,<br><br>  Defendants. | Civ. A. No. 21-100 (EGS) |

**STATE OF MONTANA'S UNOPPOSED MOTION FOR JOINDER**

Pursuant to Federal Rule of Civil Procedure 20, the State of Montana hereby moves to be joined as a party to the Motion for Intervene, Dkt. 168, filed by the States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Virginia, and West Virginia, and Wyoming because the State of Montana also wishes to intervene in this matter.

Plaintiffs, Defendants, and Proposed Intervenors do not oppose this motion.

In support of this Motion, the State of Montana submits the accompanying Memorandum of Law and [Proposed] Order.

1

**MEMORANDUM**

Pursuant to Federal Rule of Civil Procedure 20, the State of Montana respectfully request that this Court join Montana to the Motion to Intervene in this matter filed by the States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Virginia, and West Virginia, and Wyoming (hereinafter "Intervenor States"). *See* Dkt. 168. Montana is a co-plaintiff with many of the Intervenor States in litigation where the States successfully obtained injunctive relief against Defendants' attempts to rescind their Title 42 Orders. *See Louisiana v. Centers for Disease Control & Prevention*, 2022 WL 1604901, at *23 (W.D. La. May 20, 2022). Invalidation of the Title 42 Orders will directly harm Montana in the same way it harms the Intervenor States. For that reason, the Court should grant Montana's Motion for Joinder and permit it to be a part of the Intervenor States' Motion to Intervene.

Rule 20 sets forth guidelines for permissive joinder, providing that parties may join an action if (1) their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. Permissive Joinder is "ordinarily allowed … so long as both prongs of the test under Rule 20 are met." *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 323 (D.D.C. 2011). "Attempts to join a party who satisfies the test for permissive joinder should generally not be denied in the absence of undue prejudice, expense, or delay." *Id.*

The State of Montana easily meets both requirements for Rule 20 permissive joinder. Montana's claims and interests in this matter are identical to those of the Intervenor States. The Intervenor States seek to intervene to offer a defense of Title 42 policy so that its validity can be resolved on the merits. Dkt. 168 at 12. As laid out in the Motion to Intervene, the Intervenor States obtained injunctive relief against recission of and exceptions to Title 42. *See* Dkt. 168 at 4–6. Montana is a co-plaintiff with many of the Intervenor States in *Louisiana v. Centers for Disease Control & Prevention,* 2022 WL 1604901 (W.D. La. 2022). Montana's interests in this litigation are thus identical to those identified in the Intervenor States' Motion to Intervene. *See* Dkt. 168 at 10–16. Montana's claims arise out of the exact same transaction, occurrence, or series of transactions or occurrences as the Motion to Intervene filed on November 21, 2022, and involve identical questions of law and fact. Joinder will also not cause any undue prejudice, expense, or delay because Montana will simply join the briefing of the Intervenor States at set forth by this Court's November 22, 2022, order.

For these reasons, the Court should grant Montana's motion for joinder.


Respectfully submitted,

DATED: November 25, 2022

AUSTIN KNUDSEN
Attorney General of Montana

CHRISTIAN B. CORRIGAN
Solicitor General

/s/ Kathleen L. Smithgall
KATHLEEN L. SMITHGALL
Deputy Solicitor General
Montana Attorney General's Office
215 N. Sanders St.
Helena, MT 69601
Telephone: 406-444-2026
Kathleen.Smithgall@mt.gov

*Attorneys for the State of Montana*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated, *et al.*,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Hon. Emmet G. Sullivan<br><br>Civ. A. No. 21-100 (EGS) |

## ORDER

The Matter came before the Court on _____, 2022 on the unopposed motion of the State of Montana for joinder to the Motion to Intervene under Federal Rule of Procedure 20. The Court being fully advised in the premises, IT IS HEREBY ORDERED that the State of Montana's Motion for Joinder is GRANTED.

IT IS SO ORDERED.

ENTERED:
By the Court:

Date:_____          _____
                                              Hon. Emmet G. Sullivan
                                              United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

/s/ Kathleen L. Smithgall
Attorney for the State of Montana