UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

**NOTICE REGARDING DECISION TO APPEAL THE COURT'S NOVEMBER 15, 2022 ORDER AND NOVEMBER 22, 2022 FINAL JUDGMENT**

In Defendants' opposition to the States' motion for intervention, Defendants explained that the government was considering whether to appeal this Court's November 15, 2022 memorandum opinion and order and November 22, 2022 final judgment. *See* ECF No. 174 at 2, 6, 17. Defendants now respectfully notify the Court that the Solicitor General has authorized an appeal. *See* 28 C.F.R. § 0.20(b). The government will be filing a notice of appeal forthwith. Defendants also respectfully notify the Court that the Department of Health and Human Services (HHS) and Centers for Disease Control and Prevention (CDC) have decided to undertake notice-and-comment rulemaking to replace 42 C.F.R. § 71.40, the regulation this Court vacated in its November 15 order.

Once the appeal is docketed, the government intends to move the D.C. Circuit to hold the appeal in abeyance pending (i) the Fifth Circuit's decision in *Louisiana v. CDC*, No. 22-30303 (5th Cir.), the government's appeal of the preliminary injunction enjoining implementation of CDC's April 1, 2022 Termination Order, and (ii) the forthcoming rulemaking to replace § 71.40. The government respectfully disagrees with this Court's decision and would argue on appeal, as it has argued in this Court, that CDC's Title 42 Orders were lawful, that § 71.40 is valid, and that this Court erred in vacating those agency actions. But an abeyance is warranted because other events may render it unnecessary for the D.C. Circuit to decide those questions.

This case is primarily a challenge to CDC's Title 42 Orders, and CDC itself has already terminated those orders because it has determined that they are no longer necessary to protect the public health. If the government prevails in the *Louisiana* litigation and the Termination Order takes effect, Plaintiffs' challenge to the Title 42 Orders will be moot. And although § 71.40 is not at issue in *Louisiana*, HHS and CDC have themselves decided to undertake a new rulemaking to reconsider the framework under which the CDC Director may exercise her authority under 42 U.S.C. § 265 to respond to dangers posed by future communicable diseases. The outcome of that rulemaking could likewise moot Plaintiffs' challenge to § 71.40 (to the extent they would even have standing to challenge the regulation alone, if the Title 42 Orders primarily at issue were terminated). The Supreme Court and the D.C. Circuit often place cases into abeyance where, as here, pending regulatory developments may render further litigation unnecessary. *See, e.g., Biden* v. *Sierra Club*, 142 S. Ct. 46 (2021) (No. 20-138) (placing case in abeyance pending regulatory developments and subsequently vacating lower court decisions following change in policy); *Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842 (2021) (No. 19-1212) (placing case in abeyance pending further agency action and subsequently vacating lower court decisions following change in policy); *Whitman Walker Clinic v. HHS*, No. 20-5331 (D.C. Cir. Feb. 18, 2021) (granting abeyance in light of agency's decision to undertake rulemaking); *Samma v. Dep't of Def.*, No. 20-5320 (D.C. Cir. June 30, 2021) (appeal held in abeyance pending agency reconsideration).

Dated: December 7, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel, NY Bar #4074530
Federal Programs Branch

/s/ John Robinson
JOHN ROBINSON, DC Bar #1044072
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.

                                          Washington, DC 20530
                                          Tel (202) 616-8489
                                          Email:  john.robinson@usdoj.gov

                                          *Counsel for Defendants*