# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:21–cv–00100–EGS
### *Internal Use Only*

| | |
|---|---|
| HUISHA–HUISHA et al v. GAYNOR et al | Date Filed: 01/12/2021 |
| Assigned to: Judge Emmet G. Sullivan | Jury Demand: None |
|  Case:  1:20–cv–02245–EGS–GMH | Nature of Suit: 360 P.I.: Other |
| Case in other court:  21–05200 | Jurisdiction: U.S. Government Defendant |
| Cause: 05:0701 Judicial Review of Agency Decision | |

**Plaintiff**

| | | |
|---|---|---|
| **NANCY GIMENA HUISHA–HUISHA** | represented by | **Tamara Goodlette** |
| *and her minor child* | | REFUGEE AND IMMIGRANT CENTER FOR EDUCATION & LEGAL SERVICES |
| | | 802 Kentucky Avenue |
| | | San Antonio, TX 78201 |
| | | 210–960–3206 |
| | | Email: tami.goodlette@raicestexas.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Arthur B. Spitzer**
AMERICAN CIVIL LIBERTIES UNION
OF THE DISTRICT OF COLUMBIA
915 15th Street NW
Ste 2nd Floor
Washington, DC 20005
202–601–4266
Fax: 202–457–0805
Email: artspitzer@gmail.com
*ATTORNEY TO BE NOTICED*

**Celso Perez**
ACLU IMMIGRANTS' RIGHTS
PROJECT
125 Broad Street
18th Floor
New York, NY 10004
646–905–8953
Email: cperez@aclu.org
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Immigrants' Rights Project
39 Drumm Street

San Francisco, CA 94111
415–343–0785
Email: cwofsy@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
New York
125 Broad Street
Suite 18th Floor
New York
New York, NY 10004
646–905–8907
Email: dgalindo@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
CALIFORNIA DEPT OF FAIR
EMPLOYMENT AND HOUSING
2218 Kausen Drive
Suite 100
Elk Grove, CA 95758
800–884–1684
Email: jamie.crook@dfeh.ca.gov
*TERMINATED: 01/24/2022*

**Karla Vargas**
TEXAS CIVIL RIGHTS PROJECT
1017 W. Hackberry Avenue
Alamo, TX 78516
512–731–2576
Email: kvargas@texascivilrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
AMERICAN CIVIL LIBERTIES UNION
125 Broad St.
18th Floor
New York, NY 10004
212–549–2616
Fax: 212–549–2654
Email: lgelernt@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
CENTER FOR GENDER AND
REFUGEE STUDIES

1121 14th Street, NW
Suite 200
Washington, DC 20005
202–355–4471
Email: crowmelissa@uchastings.edu
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
18th Floor
New York, NY 10004
646–610–9943
Fax: 212–549–2654
Email: MCheung@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
415–343–0776
Email: irp_mr@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Immigrants' Rights Project
125 Broad Street
18th Floor
New York, NY 10004
(212) 549–2620
Fax: (212) 549–2654
Email: ojadwat@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
AMERICAN CIVIL LIBERTIES UNION
OF THE DISTRICT OF COLUMBIA
915 15th Street, NW
2nd Floor
Washington, DC 20005
(202) 457–0800
Fax: (202) 457–0805
Email: smichelman@acludc.org
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, CA 94111
415–343–0783
Fax: 415–395–0950
Email: skang@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**I.M.C.H.**                      represented by  **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VALERIA MACANCELA BERMEJO**
*and her minor daughter*

represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**B.A.M.M.**                    represented by    **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOSAINE PEREIRA–DE SOUZA**
*and her minor children*

represented by   **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**H.N.D.S.**                                      represented by   **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**E.R.P.D.S.**                    represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**M.E.S.D.S.**                    represented by  **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**H.T.D.S.D.S.**
*on behalf of themselves and others*
*similarly situated*

represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**                    represented by  **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur B. Spitzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**MARTHA LILIANA**                      represented by   **Tamara Goodlette**
**TADAY–ACOSTA**                                         (See above for address)
*and her minor children*                                 *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Celso Perez**
                                                         (See above for address)
                                                         *TERMINATED: 04/05/2021*

                                                         **Cody H. Wofsy**
                                                         (See above for address)
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel Antonio Galindo**
                                                         (See above for address)
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**D.J.Z.**                          represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**J.A.Z.**                     represented by    **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**

(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JULIEN THOMAS**                    represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Stephen Bonggyun Kang
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FIDETTE BOUTE**
*and their minor children*

represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**D.J.T.–B.**                           represented by   **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**T.J.T.–B.**                    represented by  **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROMILUS VALCOURT**               represented by   **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BEDAPHECA ALCANTE**
*and their minor child*

represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**B.V.–A.**                    represented by **Tamara Goodlette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Celso Perez**
(See above for address)
*TERMINATED: 04/05/2021*

**Cody H. Wofsy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Antonio Galindo**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie L. Crook**
(See above for address)
*TERMINATED: 01/24/2022*

**Karla Vargas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming Cheung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Russell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Bonggyun Kang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**2255**

**STATE OF MONTANA**                     represented by   **Kathleen Smithgall**
MONTANA ATTORNEY GENERAL'S
OFFICE
215 N. Sanders Street
Helena, MT 59601
406–539–2269
Email: kathleen.smithgall@mt.gov

**Defendant**

**PETER T. GAYNOR**
*ACTING SECRETARY OF HOMELAND*
*SECURITY, in his official capacity*
*TERMINATED: 01/28/2021*

represented by **Sean Michael Tepe**
U.S. DEPARTMENT OF JUSTICE
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2533
Fax: (202) 252–2599
Email: sean.tepe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK A. MORGAN**
*SENIOR OFFICIAL PERFORMING*
*THE DUTIES OF THE*
*COMMISSIONER OF U.S. CUSTOMS*
*AND BORDER PROTECTION (CBP), in*
*his official capacity*
*TERMINATED: 01/28/2021*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM A. FERRARA**
*EXECUTIVE ASSISTANT*
*COMMISSIONER, CBP OFFICE OF*
*FIELD OPERATIONS, in his official*
*capacity*
*TERMINATED: 02/14/2022*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RODNEY S. SCOTT**
*CHIEF OF U.S. BORDER PATROL, in*
*his official capacity*
*TERMINATED: 02/14/2022*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JONATHAN FAHEY**
*SENIOR OFFICIAL PERFORMING*
*THE DUTIES OF THE DIRECTOR OF*
*U.S. IMMIGRATION AND CUSTOMS*
*ENFORCEMENT, in his official capacity*
*TERMINATED: 01/28/2021*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALEX M. AZAR, II**
*SECRETARY OF HEALTH AND*
*HUMAN SERVICES, in his official*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*

*capacity*
*TERMINATED: 01/28/2021*

*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT R. REDFIELD**
*DR.,DIRECTOR OF THE CENTERS
FOR DISEASE CONTROL AND
PREVENTION, in his official capacity*
*TERMINATED: 01/28/2021*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID PEKOSKE**
*ACTING SECRETARY OF HOMELAND
SECURITY, in his official capacity*
*TERMINATED: 02/10/2021*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TROY MILLER**
*SENIOR OFFICIAL PERFORMING
THE DUTIES OF THE
COMMISSIONER OF U.S. CUSTOMS
AND BORDER PROTECTION (CBP), in
his official capacity*
*TERMINATED: 02/14/2022*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAE D. JOHNSON**
*Senior Official Performing the Duties of
the Director of U.S. Immigration and
Customs Enforcement, in his official
capacity*

represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514–3716
Fax: (202) 616–8470
Email: jean.lin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**John Robinson**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
202–616–8489
Email: john.j.robinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305–0612
Fax: (202) 616–8460
Email: jonathan.kossak@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**NORRIS COCHRAN**                          represented by   **Sean Michael Tepe**
*Acting Secretary of Health and Human*                       (See above for address)
*Services, in his official capacity*                         *LEAD ATTORNEY*
*TERMINATED: 02/14/2022*                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**ROCHELLE P. WALENSKY**                    represented by   **Sean Michael Tepe**
*Dr., Director of the Centers for Disease*                   (See above for address)
*Control and Prevention, in her official*                    *LEAD ATTORNEY*
*capacity*                                                   *ATTORNEY TO BE NOTICED*

                                                             **Jean Lin**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John Robinson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan D. Kossak**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**ALEJANDRO N. MAYORKAS**                   represented by   **Sean Michael Tepe**
*SECRETARY OF HOMELAND*                                      (See above for address)
*SECURITY, in his official capacity*                         *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jean Lin**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John Robinson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan D. Kossak**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**XAVIER BECERRA**                                    represented by **Sean Michael Tepe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRIS MAGNUS**                                    represented by **Sean Michael Tepe**
*Commisioner, CBP Office of Field*                (See above for address)
*Operations*                                              *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETE FLORES**                                    represented by **Sean Michael Tepe**
*Executive Assistant Commisioner, CBP*          (See above for address)
*Office of Field Operations*                          *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

|  |  | **Jonathan D. Kossak** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

**Defendant**

| **RAUL L. ORTIZ** | represented by | **Sean Michael Tepe** |
|---|---|---|
| *Chief of U.S. Border Patrol, in his* |  | (See above for address) |
| *official capacity* |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Jean Lin** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **John Robinson** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Jonathan D. Kossak** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

**Movant**

| **STATE OF MONTANA** | represented by | **Kathleen Smithgall** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

**Movant**

| **STATE OF MISSOURI** | represented by | **Melissa A. Holyoak** |
|---|---|---|
|  |  | OFFICE OF THE UTAH ATTORNEY |
|  |  | GENERAL |
|  |  | 160 East 300 South |
|  |  | Suite 5th Floor |
|  |  | Salt Lake City, UT 84114 |
|  |  | 801–366–0260 |
|  |  | Email: melissaholyoak@agutah.gov |
|  |  | *ATTORNEY TO BE NOTICED* |

**Amicus**

| **T. ALEXANDER ALEINIKOFF** | represented by | **Noah A. Levine** |
|---|---|---|
|  |  | WILMER CUTLER PICKERING HALE |
|  |  | & DORR LLP |
|  |  | 7 World Trade Center |
|  |  | 250 Greenwhich Street |
|  |  | New York, NY 10007 |
|  |  | (212) 230–8800 |
|  |  | Fax: (212) 230–8888 |
|  |  | Email: noah.levine@wilmerhale.com |
|  |  | *LEAD ATTORNEY* |

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S. Volchok**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663−6103
Fax: (202) 663−6363
Email: daniel.volchok@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Paul R.Q. Wolfson**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Ave., NW
Suite 400E
Washington, DC 20006
(202) 663−6000
Fax: (202) 663−6363
Email: paul.wolfson@wilmerhale.com
*TERMINATED: 08/16/2021*

**Amicus**

**DEBORAH ANKER**                represented by   **Noah A. Levine**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S. Volchok**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul R.Q. Wolfson**
(See above for address)
*TERMINATED: 08/16/2021*

**Amicus**

**JAMES C. HATHTAWAY**          represented by   **Noah A. Levine**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S. Volchok**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul R.Q. Wolfson**

(See above for address)
*TERMINATED: 08/16/2021*

**Amicus**

**GERALD L. NEUMAN**                    represented by    **Noah A. Levine**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S. Volchok**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul R.Q. Wolfson**
(See above for address)
*TERMINATED: 08/16/2021*

**Amicus**

**INTERNATIONAL REFUGEE**              represented by    **Kathryn S. Austin**
**ASSISTANCE PROJECT**                                 INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza
4th Floor
New York, NY 10004
516–296–0688
Email: kaustin@refugeerights.org
*TERMINATED: 09/23/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geroline A Castillo**
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza
4th Floor
New York, NY 10004
516–824–4256
Email: gcastillo@refugeerights.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**HISTORIANS**                         represented by    **Raymond P. Tolentino**
KAPLAN HECKER & FINK LLP
1050 K Street NW
Suite 1040
Washington, DC 20001
202–669–0097
Email: rtolentino@kaplanhecker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**STATE OF ARIZONA**                    represented by   **Drew C Ensign**
                                                          OFFICE OF THE ATTORNEY
                                                          GENERAL
                                                          2005 N. Central Ave
                                                          Phoenix, AZ 85004−1592
                                                          602−542−5252
                                                          Email: drew.ensign@azag.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF LOUISIANA**                  represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF ALABAMA**                    represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF ALASKA**                     represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF KANSAS**                     represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF KENTUCKY**                   represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF MISSISSIPPI**                represented by   **Drew C Ensign**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF NEBRASKA**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF OHIO**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF OKLAHOMA**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF SOUTH CAROLINA**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF TEXAS**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF VIRGINIA**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF WEST VIRGINIA**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF WYOMING**　　　　　　represented by　**Drew C Ensign**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF UTAH**  represented by **Melissa A. Holyoak**
*State of Utah*                                    (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE OF TENNESSEE**  represented by **Melissa A. Holyoak**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/12/2021 | 1 | | COMPLAINT against ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, MARK A. MORGAN, ROBERT R. REDFIELD, RODNEY S. SCOTT ( Filing fee $ 402 receipt number ADCDC–8066168) filed by B.A.M.M., H.N.D.S., H.T.D.S.D.S., I.M.C.H., JOSAINE PEREIRA–DE SOUZA, E.R.P.D.S., M.E.S.D.S., NANCY GIMENA HUISHA–HUISHA, VALERIA MACANCELA BERMEJO. (Attachments: # 1 Civil Cover Sheet, # 2 Notice of Related Cases, # 3 Summons for all Defendants)(Perez, Celso) (Entered: 01/12/2021) |
| 01/12/2021 | 2 | | NOTICE OF RELATED CASE by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. Case related to Case No. 20cv2245. (adh, ) (Entered: 01/12/2021) |
| 01/12/2021 | | | Case Assigned to Judge Emmet G. Sullivan. (adh, ) (Entered: 01/12/2021) |
| 01/12/2021 | 3 | | SUMMONS (9) Issued Electronically as to ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, MARK A. MORGAN, ROBERT R. REDFIELD, RODNEY S. SCOTT, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 01/12/2021) |
| 01/12/2021 | 4 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Huisha–Huisha, # 2 Declaration of Pereira–De Souza, # 3 Declaration of Macancela Bermejo, # 4 Text of Proposed Order)(Perez, Celso) (Entered: 01/12/2021) |
| 01/12/2021 | 5 | | Emergency MOTION to Stay *Removal* by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (Attachments: # 1 Memorandum in Support of Emergency Motion for Stay of Removal, # 2 Declaration of Andrea Meza, # 3 Text of Proposed Order)(Perez, Celso) (Entered: 01/12/2021) |
| 01/12/2021 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER. The Court, sua sponte, schedules a Status Conference for January 12, 2021 at 6:00 PM via Teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. In view of Plaintiffs' 5 Emergency MOTION to Stay Removal, plaintiffs are HEREBY DIRECTED to contact forthwith the United States Attorneys Office for the District of Columbia and/or the Department of Justice as appropriate to identify government counsel. Signed by Judge Emmet G. Sullivan on 1/12/2021. (lcegs2) (Entered: 01/12/2021) |
| 01/12/2021 | | | Set/Reset Hearings: Status Conference set for 1/12/2021 at 6:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 01/12/2021) |
| 01/12/2021 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held via VTC on 1/12/2021. The Court Will Grant Motion Over Objection. Plaintiffs Not Involuntarily Moved Pending Further Order Of The Court. The Court Will Issue An Order. Parties Will Confer In Regard To Briefing Schedule. (Court Reporter LISA BANKINS.) (mac) (Entered: 01/12/2021) |
| 01/12/2021 | | | MINUTE ORDER granting, over objection, Plaintiffs' 5 Emergency MOTION to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the representations made by the Government, and for the reasons stated on the record at the January 12, 2021 Status Conference, Plaintiffs shall not be involuntarily removed from the United States pending further order of the Court. Parties shall file a Joint Proposed Scheduling Order by no later than January 15, 2021. In the forthcoming briefing, in addition to other arguments, parties shall address whether this case is related to Civil Action Number 20–2245, P.J.E.S. v. Wolf Signed by Judge Emmet G. Sullivan on 1/12/2021. (lcegs2) (Entered: 01/12/2021) |
| 01/12/2021 | 6 | | NOTICE of Appearance by Sean Michael Tepe on behalf of All Defendants (Tepe, Sean) (Entered: 01/12/2021) |
| 01/12/2021 | 7 | | NOTICE of Appearance by Scott Michelman on behalf of All Plaintiffs (Michelman, Scott) (Entered: 01/12/2021) |
| 01/12/2021 | 8 | | NOTICE of Appearance by Arthur B. Spitzer on behalf of All Plaintiffs (Spitzer, Arthur) (Entered: 01/12/2021) |
| 01/13/2021 | | | Set/Reset Deadlines: Joint Status Report due by 1/15/2021 (mac) (Entered: 01/13/2021) |
| 01/13/2021 | | | SEALED MINUTE ORDER granting 4 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 1/13/21. (mac) (Entered: 01/13/2021) |
| 01/13/2021 | 9 | | SEALED Declarations filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 01/13/2021) |
| 01/14/2021 | 10 | | NOTICE of Appearance by Jamie L. Crook on behalf of All Plaintiffs (Crook, Jamie) (Main Document 10 replaced on 1/14/2021) (zjf). (Entered: 01/14/2021) |

| 01/15/2021 | 11 | PROPOSED BRIEFING SCHEDULE *Joint Proposed Briefing Schedule* by ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, MARK A. MORGAN, ROBERT R. REDFIELD, RODNEY S. SCOTT. (Tepe, Sean) (Entered: 01/15/2021) |
| --- | --- | --- |
| 01/15/2021 | | MINUTE ORDER. In view of Parties' 11 PROPOSED BRIEFING SCHEDULE concerning the specific issue of whether this case is related to Civil Action Number 20–2245, P.J.E.S. v. Wolf, the parties SHALL adhere to the following briefing schedule: Defendants shall file a brief with supporting points and authorities of no more than 10 pages in length by no later than January 19, 2021, and Plaintiffs shall file a brief with supporting points and authorities of no more than 10 pages in length by no later than January 21, 2021. Signed by Judge Emmet G. Sullivan on 1/15/2021. (lcegs2) (Entered: 01/15/2021) |
| 01/19/2021 | | Set/Reset Deadlines: Defendants Brief due 1/19/2021. Plaintiffs Brief due 1/21/2021. (mac) (Entered: 01/19/2021) |
| 01/19/2021 | 12 | Emergency MOTION to Stay *Removal* by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Perez, Celso) (Entered: 01/19/2021) |
| 01/19/2021 | 13 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Taday–Acosta, # 3 Declaration of Thomas)(Perez, Celso) (Entered: 01/19/2021) |
| 01/19/2021 | | MINUTE ORDER treating as opposed and granting over objection 12 emergency order to stay removal. In view of the arguments presented by Plaintiffs in their motion and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of Martha Liliana Taday–Acosta (SID 369–635–597) and her minor children D.J.Z. (SID 369–635–599) and J.A.Z. (SID 369–635–605); and of Julien Thomas (SID 369–648–244), Fidette Boute (SID 369–648–252), and their minor children D.J.T.–B. (SID 369– 648–250) and T.J.T.–B. (SID 369–648–247), is STAYED pending further order of the Court. It is FURTHER ORDERED that the parties shall file a joint status report with a recommendation for further proceedings by no later than January 21, 2021 at 12:00 PM. This Order is subject to reconsideration for good cause shown by no later than January 19, 2021 at 8:00 PM. Signed by Judge Emmet G. Sullivan on 1/19/2021. (lcegs3) (Entered: 01/19/2021) |
| 01/19/2021 | | MINUTE ORDER granting 13 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 1/19/2021. (lcegs3) (Entered: 01/19/2021) |
| 01/19/2021 | 14 | RESPONSE re 2 Notice of Related Case filed by ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, MARK A. MORGAN, ROBERT R. REDFIELD, RODNEY S. SCOTT. (Tepe, |

| | | |
|---|---|---|
| | | Sean) (Entered: 01/19/2021) |
| 01/19/2021 | 17 | SEALED DECLARATIONS filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 01/21/2021) |
| 01/20/2021 | 15 | REPLY re 2 Notice of Related Cases filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) Modified on 1/20/2021 to correct docket link (zjf). (Entered: 01/20/2021) |
| 01/21/2021 | | Set/Reset Deadlines: Joint Status Report due no later than 12:00PM on 1/21/2021 (mac) (Entered: 01/21/2021) |
| 01/21/2021 | 16 | Joint STATUS REPORT by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 01/21/2021) |
| 01/21/2021 | | MINUTE ORDER. In view of 16 joint status report, Plaintiffs shall file their amended complaint by no later than January 28, 2021. Signed by Judge Emmet G. Sullivan on 1/21/2021. (lcegs3) (Entered: 01/21/2021) |
| 01/22/2021 | | Set/Reset Deadlines: Plaintiff Amended Complaint due by 1/28/2021. (mac) (Entered: 01/22/2021) |
| 01/25/2021 | 18 | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 1/25/21. (Attachment: # 1 Exhibit 1) (mac) (Entered: 01/25/2021) |
| 01/26/2021 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Karla M. Vargas, Filing fee $ 100, receipt number ADCDC–8127067. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 01/26/2021) |
| 01/26/2021 | 20 | Emergency MOTION to Stay *Removal* by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Perez, Celso) (Entered: 01/26/2021) |
| 01/26/2021 | 21 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Valcourt)(Perez, Celso) (Entered: 01/26/2021) |
| 01/27/2021 | | MINUTE ORDER treating as opposed and granting over objection 20 emergency motion to stay removal. In view of the arguments presented by Plaintiffs in their motion and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of |

| | | | |
|---|---|---|---|
| | | | Romilus Valcourt (SID 369–705–271), Bedapheca Alcante, (SID 369–705–293), and their minor child B.V.–A. (SID 369–705–304), is STAYED pending further order of the Court. This Order is subject to reconsideration for good cause shown by no later than January 27, 2021 at 5:00 PM. Signed by Judge Emmet G. Sullivan on 1/27/2021. (lcegs3) (Entered: 01/27/2021) |
| 01/27/2021 | | | MINUTE ORDER granting 21 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 1/27/2021. (lcegs3) (Entered: 01/27/2021) |
| 01/27/2021 | | | Set/Reset Deadlines: Minute Order Reconsideration For Good Cause Shown due no later than 5:00PM on 1/27/2021. (mac) (Entered: 01/27/2021) |
| 01/27/2021 | | | MINUTE ORDER granting 19 motion for leave to appear pro hac vice. Karla M. Vargas is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 1/27/2021. (lcegs3) (Entered: 01/27/2021) |
| 01/27/2021 | 24 | | SEALED DOCUMENT (Declaration) filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 01/29/2021) |
| 01/28/2021 | 22 | | AMENDED COMPLAINT against All Defendants filed by B.A.M.M., H.N.D.S., H.T.D.S.D.S., I.M.C.H., JOSAINE PEREIRA–DE SOUZA, E.R.P.D.S., M.E.S.D.S., NANCY GIMENA HUISHA–HUISHA, VALERIA MACANCELA BERMEJO. (Attachments: # 1 Exhibit A. Redline Amended Complaint)(Perez, Celso) (Entered: 01/28/2021) |
| 01/28/2021 | 23 | | MOTION to Certify Class by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Memorandum in Support of Motion to Certify Class, # 2 Declaration of Stephen B. Kang with Exhibits A and B, # 3 Text of Proposed Order)(Perez, Celso) (Entered: 01/28/2021) |
| 01/29/2021 | 25 | | Emergency MOTION to Stay *Removal* by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Perez, Celso) (Entered: 01/29/2021) |
| 01/29/2021 | 26 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Casy, # 3 Declaration of De Oliveira, # 4 Declaration of Zami, # 5 Declaration of Lataro)(Perez, Celso) (Entered: 01/29/2021) |
| 01/29/2021 | | | MINUTE ORDER treating as opposed and granting over objection 25 emergency motion to stay removal. In view of the arguments presented by |

| | | | |
|---|---|---|---|
| | | | Plaintiffs in their motion and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of Kaio Joseph Lataro (SID 369–651–122), Carine Nathielle Pereira Brocanelli (SID 369–651–127, and their minor child M.L.B.L. (SID 369–651– 134); Jude Mary Zami (SID 369–696–796), Santhianie Aris (SID 369–696–835), and their minor child C.E.J.Z.A. (SID 369–696–868); Gracia Junior Casy (SID 369–706–088), Farah Casy Bescien (SID 369–706–084), and their minor child T.C. (SID 369–706–096); and Jessica Fernandes de Oliveira (SID 369–676–509) and her minor child J.F.L. (SID 369–676–502) is STAYED pending further order of the Court. This Order is subject to reconsideration for good cause shown by no later than January 29, 2021 at 6:00 PM. Signed by Judge Emmet G. Sullivan on 1/29/2021. (lcegs3) (Entered: 01/29/2021) |
| 01/29/2021 | | | MINUTE ORDER granting 26 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 1/29/2021. (lcegs3) (Entered: 01/29/2021) |
| 01/29/2021 | | | Set/Reset Deadlines: Motion For Reconsideration due no later than 6:00PM on 1/29/2021. (mac) (Entered: 01/29/2021) |
| 01/29/2021 | 27 | | SEALED Declarations of Casy, De Oliveira, Zami and Lataro filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Main Document 27 replaced on 1/31/2021) (zjf). (Entered: 01/31/2021) |
| 01/31/2021 | 28 | | Emergency MOTION to Stay *Removal* by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Perez, Celso) (Entered: 01/31/2021) |
| 01/31/2021 | 29 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Fils Aime, # 3 Declaration of Ladouceur, # 4 Declaration of Louis, # 5 Declaration of Myrtil, # 6 Declaration of Sabino, # 7 Declaration of Santos De Paula)(Perez, Celso) (Entered: 01/31/2021) |
| 01/31/2021 | | | MINUTE ORDER. In view of 28 Emergency Motion to Stay Removal, the government is directed to file a response by no later than February 1, 2021 at 8:00 AM. Plaintiffs shall file a reply by no later than February 1, 2021 at 12:00 PM. Signed by Judge Emmet G. Sullivan on 1/31/2021. (lcegs3) (Entered: 01/31/2021) |
| 02/01/2021 | 30 | | RESPONSE TO ORDER OF THE COURT re Order, *Response to January 31, 2021 Minute Order* filed by ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, TROY MILLER, MARK A. MORGAN, DAVID PEKOSKE, ROBERT R. REDFIELD, RODNEY S. SCOTT. (Tepe, Sean) (Entered: 02/01/2021) |
| 02/01/2021 | | | Set/Reset Deadlines: Government Response due no later than 8:00AM on 2/1/2021. Plaintiffs Reply due no later than 12:00PM on2/1/2021. (mac) (Entered: 02/01/2021) |

| | | | |
|---|---|---|---|
| 02/01/2021 | 31 | | REPLY to opposition to motion re 28 Emergency MOTION to Stay *Removal* filed by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/01/2021) |
| 02/01/2021 | | | MINUTE ORDER granting, over objection, 28 Emergency Motion to Stay Removal. Although the government notes in its 30 Response that, on January 31, 2021, the U.S. Court of Appeals for the District of Columbia ("D.C. Circuit") stayed the class–wide preliminary injunction in P.J.E.S. v. Wolf, No. 20–cv–2245 (D.D.C.), see Order, P.J.E.S. v. Pekoske, No. 20–5357 (D.C. Cir. Jan. 29, 2021), the government does not, and cannot, argue that the D.C. Circuit's order requires denial of 28 Emergency Motion to Stay Removal because the D.C. Circuit's order is not published and was issued without opinion or reasoning. Accordingly, in view of the arguments presented by Plaintiffs, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removals of the following six families are STAYED pending further order of this Court: Evens Fils Aime (SID 369–703–977), Shnaidere Altenord (SID 369–703–992), and their minor child A.F.A.A. (SID 369–704–002); Rijkaard Ladouceur (SID 369–690–928), Miralia Fleurima (SID 369–690–930), and their minor children N.F. (SID 369–690–940) and B.R.L.F. (SID 369–690–944); Frenzy Joseph Louis (SID 369–627–368), Rose Maria Bien–Aime (SID 369–627–371), and their minor child H.G.L. (SID 369–627–374); Djimytoo Myrtil (SID 369–705–242), Lunda Odilus (SID 369–705–228), and their minor child M.Y.M.O. (SID 369–705–252); Eric Lenes Sabino (SID 369–694–161), Elisandra de Lima Borges (SID 369–694–170), and their minor children K.C.S.B. (SID 369–694–176) and K.V.S.B. (SID 369–694–183); Josimar Santos de Paula (SID 369–695–923), and his minor child K.V.S.D.P. (SID 369– 695–934). Signed by Judge Emmet G. Sullivan on 2/1/2021. (lcegs3) (Entered: 02/01/2021) |
| 02/01/2021 | | | MINUTE ORDER granting 29 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 2/1/2021. (lcegs3) (Entered: 02/01/2021) |
| 02/01/2021 | 32 | | SEALED Declarations of Fils Aime, Ladouceur, Louis, Myrtil, Sabino & Santos De Paula filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/01/2021) |
| 02/01/2021 | 33 | | RESPONSE TO ORDER OF THE COURT re Order on Motion to Stay,,,,,, filed by ALEX M. AZAR, II, JONATHAN FAHEY, WILLIAM A. FERRARA, PETER T. GAYNOR, TROY MILLER, MARK A. MORGAN, DAVID PEKOSKE, ROBERT R. REDFIELD, RODNEY S. SCOTT. (Tepe, Sean) (Entered: 02/01/2021) |
| 02/02/2021 | 34 | | Joint MOTION for Scheduling Order by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 35 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen B. Kang, Filing fee $ 100, receipt number ADCDC–8155498. Fee Status: Fee |

| | | | |
|---|---|---|---|
| | | | Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 36 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ming Cheung, Filing fee $ 100, receipt number ADCDC–8155543. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 37 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Cody Wofsy, Filing fee $ 100, receipt number ADCDC–8155680. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 38 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lee Gelernt, Filing fee $ 100, receipt number ADCDC–8155714. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 39 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Morgan Russell, Filing fee $ 100, receipt number ADCDC–8155725. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 40 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Daniel Galindo, Filing fee $ 100, receipt number ADCDC–8155744. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/02/2021 | 41 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Omar Jadwat, Filing fee $ 100, receipt number ADCDC–8156091. Fee Status: Fee Paid. by B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA. (Perez, Celso) (Entered: 02/02/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 34 joint motion for scheduling order. The parties shall abide by the following briefing schedule: Plaintiffs shall file their motion for classwide preliminary injunction by no later than February 5, 2021; Defendants shall file their combined opposition to Plaintiffs' motion for class certification and motion for classwide preliminary injunction by no later than February 17, 2021; and Plaintiffs shall file their combined reply in support of both motions by no later than February 23, 2021. Signed by Judge Emmet G. |

| | | | |
|---|---|---|---|
| | | | Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 35 motion for leave to appear pro hac vice. Stephen B. Kang is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 36 motion for leave to appear pro hac vice. Ming Cheung is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 37 motion for leave to appear pro hac vice. Cody Wofsy is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 38 motion for leave to appear pro hac vice. Lee Gelernt is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 39 motion for leave to appear pro hac vice. Morgan Russell is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 40 motion for leave to appear pro hac vice. Daniel Galindo is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/03/2021 | | | MINUTE ORDER granting 41 motion for leave to appear pro hac vice. Omar Jadwat is hereby admitted pro hac vice in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/3/2021. (lcegs3) (Entered: 02/03/2021) |
| 02/04/2021 | 42 | | Emergency MOTION to Stay Removal by ALL PLAINTIFFS, B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA−HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA−DE SOUZA. (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | 43 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS, B.A.M.M., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA−HUISHA, I.M.C.H., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA−DE SOUZA (This document is SEALED and only available to authorized persons.) (Attachments: |

| | | | |
|---|---|---|---|
| | | | # 1 Text of Proposed Order, # 2 Declaration of Jonny Dieudonne)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | | | Set/Reset Deadlines: Plaintiffs Motion For Classwide Preliminary Injunction due by 2/5/2021. Defendants Combined Opposition To Plaintiffs' Motion For Class Certification And Motion For Classwide Preliminary Injunction due by 2/17/2021. Plaintiffs Combined Reply In Support Of Both Motions due by 2/23/2021.(mac) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER treating as opposed and granting over objection 42 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removals of Jonny Dieudonne (SID 369–745–541), Nathalie Decilian (SID 369–745–608), and their minor child N.J.D.D. (SID 369–745–546) are STAYED pending further order of this Court. This Order is subject to reconsideration for good cause shown by no later than February 4, 2021 at 12:00 PM. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER granting 43 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | | | Set/Reset Deadlines: Reconsideration, If Any, due no later than 12:00PM on 2/4/2021. (mac) (Entered: 02/04/2021) |
| 02/04/2021 | 44 | | Emergency MOTION to Stay Removal by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT. (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | 45 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Diana Quilli–Marca)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | 46 | | Emergency MOTION to Stay Removal by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT. (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/04/2021) |

| 02/04/2021 | 47 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN VALCOURT, ROMILUS VALCOURT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Jean Louissaint Fleury, # 3 Declaration of Thechelet Dieudonne, # 4 Declaration of Pouchon Bien–Aime, # 5 Declaration of Elyse Louima)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER treating as opposed and granting over objection 44 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removals of Diana Quilli–Marca (SID 369–752–319) and her minor child N.S.Q. (SID 369–752–531) are STAYED pending further order of this Court. This Order is subject to reconsideration for good cause shown by no later than February 4, 2021 at 10:00 PM. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER granting 45 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER treating as opposed and granting over objection 46 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removals of the following families are STAYED pending further order of this Court: Thechelet Dieudonne (SID 369–745–511), Juna Delphin (SID 369–745–516), and their minor child T.D. (SID 369–745–519); Pouchon Bien–Aime, (SID 369–780–070), Annediana Desir, (SID 369–780–063), and their minor child P.R.B.A.D. (SID 369–780–078); Jean Louissaint Fleury, (SID 369–780–176), Barbara Fleury Previl, (SID 369–780–197), and their minor children D.L.F. (SID 369–780–189) and M.L. (SID 369–780–181); Elyse Louima (SID 369–739–119), Filande Adolphe (SID 369–739–126), and their minor child E.L.A. (SID 369–739–133). This Order is subject to reconsideration for good cause shown by no later than February 4, 2021 at 10:00 PM. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | | | MINUTE ORDER granting 47 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 2/4/2021. (lcegs3) (Entered: 02/04/2021) |
| 02/04/2021 | 48 | | Emergency MOTION to Stay Removal by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | 49 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Fabiana Ferreira Da Costa)(Crook, Jamie) (Entered: 02/04/2021) |
| 02/04/2021 | 64 | SEALED Declaration of DIANA QUILLI–MARCA filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/09/2021) |
| 02/04/2021 | 65 | SEALED Declaration of JONNY DIEUDONNE filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/09/2021) |
| 02/04/2021 | 66 | SEALED Declarations of Jean Louissaint Fleury, Thechelet Dieudonne, Pouchon Bien–Aime and Elyse Louima filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/09/2021) |
| 02/05/2021 | | Set/Reset Deadlines: Motion For Reconsideration due no later than 10:00PM on 2/4/2021. (mac) (Entered: 02/05/2021) |
| 02/05/2021 | | MINUTE ORDER treating as opposed and granting over objection 48 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removals of the following families are STAYED pending further order of this Court: Fabiana Ferreira Da Costa (SID 369–729–448), and her minor children M.A.L.F.C. (SID 369–729–454), K.R.F.D.C. (SID 369–729–457), and A.D.M.F.D.C. (SID 369–729–466). This Order is subject to reconsideration for good cause shown by no later than February 5, 2021 at 12:00 PM. Signed by Judge Emmet G. Sullivan on 2/5/2021. (lcegs3) (Entered: 02/05/2021) |
| 02/05/2021 | | MINUTE ORDER granting 49 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 2/5/2021. (lcegs3) (Entered: 02/05/2021) |
| 02/05/2021 | | Set/Reset Deadlines: Motion For Reconsideration due no later than 12:00PM on 2/5/2021. (mac) (Entered: 02/05/2021) |
| 02/05/2021 | 50 | NOTICE of Appearance by Paul R.Q. Wolfson on behalf of T. Alexander Aleinikoff, Deborah Anker, James C. Hathaway, Gerald L. Neuman (Wolfson, Paul) (Entered: 02/05/2021) |
| 02/05/2021 | 51 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Noah A. Levine, Filing fee $ 100, receipt number ADCDC–8169810. Fee Status: Fee |

| | | | |
|---|---|---|---|
| | | | Paid. by T. Alexander Aleinikoff, Deborah Anker, James C. Hathaway, Gerald L. Neuman. (Attachments: # 1 Declaration of Noah A. Levine, # 2 Text of Proposed Order)(Wolfson, Paul) (Entered: 02/05/2021) |
| 02/05/2021 | 52 | | Unopposed MOTION for Leave to File *a Brief for Scholars of Refugee and Immigration Law as Amici Curiae in Support of Plaintiffs' Motion for Classwide Preliminary Injunction* by T. Alexander Aleinikoff, Deborah Anker, James C. Hathaway, Gerald L. Neuman. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Wolfson, Paul) (Entered: 02/05/2021) |
| 02/05/2021 | 53 | | NOTICE of Appearance by Lee Gelernt on behalf of All Plaintiffs (Gelernt, Lee) (Entered: 02/05/2021) |
| 02/05/2021 | 54 | | MOTION for Leave to File *Amicus Curiae Brief* by INTERNATIONAL REFUGEE ASSISTANCE PROJECT. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Austin, Kathryn) (Entered: 02/05/2021) |
| 02/05/2021 | 55 | | NOTICE of Appearance by Raymond P. Tolentino on behalf of Historians (Tolentino, Raymond) (Entered: 02/05/2021) |
| 02/05/2021 | 56 | | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by Historians. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Tolentino, Raymond) (Entered: 02/05/2021) |
| 02/05/2021 | 57 | | MOTION for Preliminary Injunction by BEDAPHECA ALCANTE, ALL PLAINTIFFS, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT. (Attachments: # 1 Memorandum in Support of Preliminary Injunction, # 2 Text of Proposed Order, # 3 Index of Exhibits, # 4 Declaration of Ming Cheung, # 5 Exhibit A–I, # 6 Declaration of Public Health Experts, # 7 Exhibit A–D, # 8 Declaration of Javier Hidalgo, # 9 Declaration of Allison Herre, # 10 Declaration of Linda Corchado, # 11 Declaration of Lisa Frydman, # 12 Declaration of Taylor Levy)(Gelernt, Lee) (Entered: 02/05/2021) |
| 02/05/2021 | 58 | | Emergency MOTION to Stay Removal *of Apollon Family* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/05/2021) |
| 02/05/2021 | 59 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Gesnel Apollon)(Crook, Jamie) (Entered: 02/05/2021) |
| 02/05/2021 | 67 | | SEALED Declaration of Fabiana Ferreira Da Costa filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/09/2021) |
| 02/06/2021 | | | MINUTE ORDER treating as opposed and granting over objection 58 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is |

| | | | |
|---|---|---|---|
| | | | hereby ORDERED that the removal of the following family is STAYED pending further order of this Court: Gesnel Apollon (SID 369–778–765), Elourdes Bergel (SID#369–778–770), and their minor child, J.A., SID#369–778–776. This Order is subject to reconsideration for good cause shown by no later than February 6, 2021 at 8:00 PM. Signed by Judge Emmet G. Sullivan on 2/6/2021. (lcegs3) (Entered: 02/06/2021) |
| 02/06/2021 | | | MINUTE ORDER granting 59 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 2/6/2021. (lcegs3) (Entered: 02/06/2021) |
| 02/06/2021 | 63 | | SEALED Declaration of Gesnel Apollon re 58 Emergency MOTION to Stay Removal *of Apollon Family* filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/09/2021) |
| 02/08/2021 | | | Set/Reset Deadlines: Motion For Reconsideration due no later than 8:00PM on 2/6/2021. (mac) (Entered: 02/08/2021) |
| 02/08/2021 | 60 | | Emergency MOTION to Stay Removal *of Desenclos/Emile, Jean, Lalune, and Thomas Families* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Crook, Jamie) (Entered: 02/08/2021) |
| 02/08/2021 | 61 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Clema Thomas, # 3 Declaration of David Jean, # 4 Declaration of Danie Lalune, # 5 Declaration of Ketlene Emile)(Crook, Jamie) (Entered: 02/08/2021) |
| 02/09/2021 | | | MINUTE ORDER treating as opposed and granting over objection 60 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of the following families are STAYED pending further order of this Court: Ketlene Emile (SID#369–736–280), Michel Riverson Cliff Salis Desenclos (SID#369– 736–194), and their minor child A.D.E. (SID#369–736–308); David Jean (SID# 369–789–160), Edwidge Civil (SID#369–789–185), and their minor child A.J. (SID#369–789–192); Danie Lalune (SID# 369–782–922), Wesley Lalune (SID# 369–782–907), and their two minor children D.L. (SID# 369–782–935) and C.M.L. (SID# 369–782–949); Clema Thomas (SID#369–781–406), Lyesse Sylen (SID#369–783–314), and their minor children A.G.T.S. (SID#369–781–423) and A.G.D. (SID#369–783–326). This Order is subject to reconsideration for good cause shown by no later than February 9, 2021 at 12:00 PM. Signed by Judge Emmet G. Sullivan on 2/9/2021. (lcegs3) (Entered: 02/09/2021) |
| 02/09/2021 | | | MINUTE ORDER granting 61 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 2/9/2021. (lcegs3) (Entered: 02/09/2021) |
| 02/09/2021 | 62 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Tamara F. Goodlette, Filing fee $ 100, receipt number ADCDC–8180349. Fee Status: Fee Paid. by BEDAPHECA ALCANTE, B.A.M.M., B.V.–A., FIDETTE BOUTE, D.J.T.–B., D.J.Z., E.R.P.D.S., H.N.D.S., H.T.D.S.D.S., NANCY GIMENA HUISHA–HUISHA, I.M.C.H., J.A.Z., M.E.S.D.S., VALERIA MACANCELA |

| | | | |
|---|---|---|---|
| | | | BERMEJO, JOSAINE PEREIRA–DE SOUZA, T.J.T.–B., MARTHA LILIANA TADAY–ACOSTA, JULIEN THOMAS, ROMILUS VALCOURT. (Perez, Celso) (Entered: 02/09/2021) |
| 02/09/2021 | 70 | | SEALED Declaration of Clema Thomas,David Jean, Danie Lalune, Ketlene Emile filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/10/2021) |
| 02/10/2021 | | | Set/Reset Deadlines: Motion For Reconsideration due no later than 12:00PM on 2/9/2021. (mac) (Entered: 02/10/2021) |
| 02/10/2021 | 68 | | NOTICE of Appearance by Stephen Bonggyun Kang on behalf of All Plaintiffs (Kang, Stephen) (Entered: 02/10/2021) |
| 02/10/2021 | 69 | | NOTICE of Appearance by Cody H. Wofsy on behalf of All Plaintiffs (Wofsy, Cody) (Entered: 02/10/2021) |
| 02/10/2021 | 71 | | NOTICE of Appearance by Daniel Antonio Galindo on behalf of All Plaintiffs (Galindo, Daniel) (Entered: 02/10/2021) |
| 02/10/2021 | 72 | | NOTICE of Appearance by Ming Cheung on behalf of All Plaintiffs (Cheung, Ming) (Entered: 02/10/2021) |
| 02/10/2021 | 73 | | NOTICE of Appearance by Morgan Russell on behalf of All Plaintiffs (Russell, Morgan) (Entered: 02/10/2021) |
| 02/10/2021 | 74 | | NOTICE of Appearance by Omar C. Jadwat on behalf of All Plaintiffs (Jadwat, Omar) (Entered: 02/10/2021) |
| 02/11/2021 | | | MINUTE ORDER granting 51 motion for leave to appear pro hac vice. Noah A. Levine is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/11/2021. (lcegs3) (Entered: 02/11/2021) |
| 02/11/2021 | | | MINUTE ORDER granting 62 motion for leave to appear pro hac vice. Tamara F. Goodlette is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Emmet G. Sullivan on 2/11/2021. (lcegs3) (Entered: 02/11/2021) |
| 02/11/2021 | | | MINUTE ORDER granting 52 Unopposed MOTION for Leave to File a Brief for Scholars of Refugee and Immigration Law as Amici Curiae in Support of Plaintiffs' Motion for Class–wide Preliminary Injunction. The [52–1] amicus brief shall be deemed filed as of February 11, 2021. Signed by Judge Emmet G. Sullivan on 2/11/2021. (lcegs3) (Entered: 02/11/2021) |
| 02/11/2021 | | | MINUTE ORDER granting 54 MOTION for Leave to File Amicus Curiae Brief by INTERNATIONAL REFUGEE ASSISTANCE PROJECT. The [54–1] amicus brief shall be deemed filed as of February 11, 2021. Signed by Judge Emmet G. Sullivan on 2/11/2021. (lcegs3) (Entered: 02/11/2021) |
| 02/11/2021 | | | MINUTE ORDER granting 56 Unopposed MOTION for Leave to File Amicus Curiae Brief by Historians. The [56–1] amicus brief shall be deemed filed as of February 11, 2021. Signed by Judge Emmet G. Sullivan on 2/11/2021. (lcegs3) (Entered: 02/11/2021) |

| 02/11/2021 | 75 | | NOTICE of Appearance by Noah A. Levine on behalf of T. ALEXANDER ALEINIKOFF, DEBORAH ANKER, JAMES C. HATHTAWAY, GERALD L. NEUMAN (Levine, Noah) (Entered: 02/11/2021) |
|---|---|---|---|
| 02/11/2021 | 77 | | AMICUS BRIEF by T. ALEXANDER ALEINIKOFF, DEBORAH ANKER, JAMES C. HATHTAWAY, GERALD L. NEUMAN. (znmw) (Entered: 02/18/2021) |
| 02/11/2021 | 78 | | AMICUS BRIEF by INTERNATIONAL REFUGEE ASSISTANCE PROJECT. (znmw) (Entered: 02/18/2021) |
| 02/11/2021 | 79 | | AMICUS BRIEF by HISTORIANS. (znmw) (Entered: 02/18/2021) |
| 02/17/2021 | 76 | | Memorandum in opposition to re 23 MOTION to Certify Class , 57 MOTION for Preliminary Injunction filed by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Attachments: # 1 Exhibits A–E, # 2 Declaration of Troy Miller, # 3 Declaration of Russell Hott)(Tepe, Sean) (Entered: 02/17/2021) |
| 02/18/2021 | 80 | | Emergency MOTION to Stay *Removal* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Gelernt, Lee) (Entered: 02/18/2021) |
| 02/18/2021 | 81 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Torres–Rojas)(Gelernt, Lee) (Entered: 02/18/2021) |
| 02/18/2021 | | | MINUTE ORDER treating as opposed and granting over objection 80 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of the following family is STAYED pending further order of this Court: Paola Trinidad Torres–Rojas (SID 369–842–359) and her minor child M.J.Z.T. (SID 369– 842–362). This Order is subject to reconsideration for good cause shown by no later than February 18, 2021 at 7:00 PM. Signed by Judge Emmet G. Sullivan on 2/18/2021. (lcegs3) (Entered: 02/18/2021) |
| 02/18/2021 | | | MINUTE ORDER granting 81 sealed motion for leave to file document under seal. Signed by Judge Emmet G. Sullivan on 2/18/2021. (lcegs3) (Entered: 02/18/2021) |
| 02/18/2021 | 88 | | SEALED Declaration of Bebeto Pierrot filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/24/2021) |
| 02/18/2021 | 89 | | SEALED Declaration of Torres–Rojas filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/24/2021) |
| 02/19/2021 | | | Set/Reset Deadlines: Motion For Reconsideration due no later than 7:00PM on 2/18/2021. (mac) (Entered: 02/19/2021) |
| 02/19/2021 | 82 | | Emergency MOTION to Stay *Removal* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Gelernt, Lee) (Entered: 02/19/2021) |

| | | |
|---|---|---|
| 02/19/2021 | 83 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Francois)(Gelernt, Lee) (Entered: 02/19/2021) |
| 02/19/2021 | | MINUTE ORDER treating as opposed and granting over objection 82 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of the following family is STAYED pending further order of this Court: Fredenel Francois (SID 369–772–515), Guyvlena Malvoisin, (SID 369–772–487), and their minor child, P.A.S.G.M. (SID 369–772–547). This Order is subject to reconsideration for good cause shown by no later than February 19, 2021 at 3:00 PM. Signed by Judge Emmet G. Sullivan on 2/19/2021. (lcegs3) (Entered: 02/19/2021) |
| 02/19/2021 | | MINUTE ORDER granting 83 sealed motion for leave to file document under seal. Signed by Judge Emmet G. Sullivan on 2/19/2021. (lcegs3) (Entered: 02/19/2021) |
| 02/19/2021 | | Set/Reset Deadlines: Motion For Reconsideration due no later than 3:00PM on 2/19/2021. (mac) (Entered: 02/19/2021) |
| 02/19/2021 | 84 | SEALED Declaration of Francois filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 02/19/2021) |
| 02/19/2021 | 85 | Emergency MOTION to Stay *Removal of the Pierrot Family* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Russell, Morgan) (Entered: 02/19/2021) |
| 02/19/2021 | 86 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Bebeto Pierrot)(Russell, Morgan) (Entered: 02/19/2021) |
| 02/22/2021 | | MINUTE ORDER treating as opposed and granting over objection 85 Emergency Motion to Stay Removal. In view of the arguments presented by Plaintiffs in their motion, the Court's February 1, 2021 Minute Order, and for the reasons stated on the record at the January 12, 2021 Status Conference, it is hereby ORDERED that the removal of the following family is STAYED pending further order of this Court: Bebeto Pierrot, SID 369–772–300, Nadine Remilus, SID 369–772–363, and their minor child M.A.P., SID 369–868–214. This Order is subject to reconsideration for good cause shown by no later than February 22, 2021 at 3:00 PM. Signed by Judge Emmet G. Sullivan on 2/22/2021. (lcegs3) (Entered: 02/22/2021) |
| 02/22/2021 | | MINUTE ORDER granting 86 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 2/22/2021. (lcegs3) (Entered: 02/22/2021) |
| 02/22/2021 | | Set/Reset Deadlines: Motion For Reconsideration due no later than 3:00PM on 2/22/2021. (mac) (Entered: 02/22/2021) |
| 02/22/2021 | 90 | |

| | | | |
|---|---|---|---|
| | | | SEALED DOCUMENT (Declaration of Bebeto Pierrot) filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 02/26/2021) |
| 02/23/2021 | 87 | | Joint MOTION to Stay *Joint Motion to Hold in Abeyance Plaintiffs' Class Certification and Preliminary Injunction Motions* by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO N. MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 02/23/2021) |
| 02/23/2021 | | | MINUTE ORDER granting 87 joint motion to hold in abeyance Plaintiffs' motions for class certification and classwide preliminary injunction. It is FURTHER ORDERED that either party may request termination of the abeyance by filing a motion seeking such relief. It is FURTHER ORDERED that Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than March 23, 2021. Signed by Judge Emmet G. Sullivan on 2/23/2021. (lcegs3) (Entered: 02/23/2021) |
| 02/24/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 3/23/2021. (mac) (Entered: 02/24/2021) |
| 02/25/2021 | 91 | | ENTERED IN ERROR AS A DUPLICATE DE# 90 ..SEALED Declaration of Bebeto Pierrot filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(zjf) Modified on 2/26/2021 (zjf). (Entered: 02/26/2021) |
| 02/26/2021 | 92 | | NOTICE of Appearance by Geroline A Castillo on behalf of INTERNATIONAL REFUGEE ASSISTANCE PROJECT (Castillo, Geroline) (Entered: 02/26/2021) |
| 03/15/2021 | 93 | | NOTICE of Appearance by Karla Vargas on behalf of All Plaintiffs (Vargas, Karla) (Entered: 03/15/2021) |
| 03/15/2021 | 94 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ALEX M. AZAR, II served on 1/25/2021; JONATHAN FAHEY served on 1/19/2021; WILLIAM A. FERRARA served on 1/19/2021; PETER T. GAYNOR served on 1/19/2021; MARK A. MORGAN served on 1/19/2021; ROBERT R. REDFIELD served on 1/19/2021; RODNEY S. SCOTT served on 1/19/2021 (Cheung, Ming) (Entered: 03/15/2021) |
| 03/15/2021 | 95 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 01/19/2021. (Cheung, Ming) (Entered: 03/15/2021) |
| 03/15/2021 | 96 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/21/2021. Answer due for ALL FEDERAL DEFENDANTS by 3/22/2021. (Cheung, Ming) (Entered: 03/15/2021) |
| 03/16/2021 | 97 | | Joint MOTION for Protective Order by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Attachments: # 1 Proposed Stipulated Protective Order)(Tepe, Sean) (Entered: 03/16/2021) |

| | | | |
|---|---|---|---|
| 03/16/2021 | 98 | | Consent MOTION to Vacate *Answer Deadline and Set Joint Status Report Deadline* by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 03/16/2021) |
| 03/22/2021 | 99 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 3/22/2021 to correct docket event/text(zjf). (Entered: 03/22/2021) |
| 03/22/2021 | | | MINUTE ORDER granting 97 joint motion for entry of a stipulated protective order. The terms presented in [97−1] Stipulated Protective Order are hereby incorporated by reference into this Order. Signed by Judge Emmet G. Sullivan on 3/22/2021. (lcegs3) (Entered: 03/22/2021) |
| 03/22/2021 | | | MINUTE ORDER granting 98 consent motion to vacate answer deadline and set joint status report deadline. It is hereby ORDERED that the March 22, 2021 deadline for Defendants to answer or otherwise respond to the Amended Complaint is VACATED. It is FURTHER ORDERED that the parties shall file a joint status report within fourteen days from the date of the Court's decisions on Plaintiffs' Motions for Class Certification and Classwide Preliminary Injunction. Signed by Judge Emmet G. Sullivan on 3/22/2021. (lcegs3) (Entered: 03/22/2021) |
| 03/22/2021 | | | MINUTE ORDER granting 99 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction until April 2, 2021. Plaintiffs shall file their reply in support of their motions by no later than April 2, 2021. Signed by Judge Emmet G. Sullivan on 3/22/2021. (lcegs3) (Entered: 03/22/2021) |
| 03/23/2021 | | | Set/Reset Deadlines: Plaintiff Reply due by 4/2/2021. (mac) (Entered: 03/23/2021) |
| 04/01/2021 | 100 | | Joint MOTION To Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 4/2/2021 (zjf). (Entered: 04/01/2021) |
| 04/02/2021 | | | MINUTE ORDER granting 100 joint motion to continue holding in abeyance Plaintiffs' motions for class certification and classwide preliminary injunction. It is FURTHER ORDERED that Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than April 12, 2021. Signed by Judge Emmet G. Sullivan on 4/2/2021. (lcegs3) (Entered: 04/02/2021) |
| 04/03/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 4/12/2021. (mac) (Entered: 04/03/2021) |
| 04/05/2021 | 101 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to ALL PLAINTIFFS. Attorney Celso Perez terminated. (Gelernt, Lee) (Entered: 04/05/2021) |
| 04/11/2021 | 102 | | |

| | | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 04/11/2021) |
|---|---|---|---|
| 04/12/2021 | | | MINUTE ORDER granting 102 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction until April 22, 2021. It is FURTHER ORDERED that Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than April 22, 2021. Signed by Judge Emmet G. Sullivan on 4/12/2021. (lcegs3) (Entered: 04/12/2021) |
| 04/13/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support of Their Motions For Class Certification And Preliminary Injunction due by 4/22/2021. (mac) (Entered: 04/13/2021) |
| 04/22/2021 | 103 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 4/23/2021 to correct event/text (zjf). (Entered: 04/22/2021) |
| 04/22/2021 | 104 | | NOTICE of Appearance by Tamara Goodlette on behalf of All Plaintiffs (Goodlette, Tamara) (Entered: 04/22/2021) |
| 04/26/2021 | | | MINUTE ORDER granting 103 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction until May 3, 2021. Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction on May 3, 2021. Signed by Judge Emmet G. Sullivan on 4/26/2021. (lcegs3) (Entered: 04/26/2021) |
| 04/26/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 5/3/2021. (mac) (Entered: 04/26/2021) |
| 05/03/2021 | 105 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 05/03/2021) |
| 05/04/2021 | | | MINUTE ORDER granting 105 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction. Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than May 13, 2021. Signed by Judge Emmet G. Sullivan on 5/4/2021. (lcegs3) (Entered: 05/04/2021) |
| 05/05/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 5/13/2021. (mac) (Entered: 05/05/2021) |
| 05/13/2021 | 106 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY |

| | | | |
|---|---|---|---|
| | | | MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 5/14/2021 to correct docket event/text (zjf). (Entered: 05/13/2021) |
| 05/17/2021 | | | MINUTE ORDER granting 106 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction. Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than May 25, 2021. Signed by Judge Emmet G. Sullivan on 5/17/2021. (lcegs3) (Entered: 05/17/2021) |
| 05/18/2021 | | | ENTERED IN ERROR....Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 5/2/2021. (mac) (Entered: 05/18/2021) |
| 05/18/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 5/2/2021 (mac) (Entered: 05/18/2021) |
| 05/25/2021 | 107 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 5/26/2021 to correct docket event/text (zjf). (Entered: 05/25/2021) |
| 05/27/2021 | | | MINUTE ORDER granting 107 joint motion to continue to hold in abeyance Plaintiffs' Motions for Class Certification and Classwide Permanent Injunction. Plaintiffs shall file their reply in support of their motions for class certification and preliminary injunction by no later than June 8, 2021. Signed by Judge Emmet G. Sullivan on 5/27/2021. (lcegs3) (Entered: 05/27/2021) |
| 05/27/2021 | | | Set/Reset Deadlines: Plaintiffs Reply In Support Of Their Motions For Class Certification And Preliminary Injunction due by 6/8/2021. (mac) (Entered: 05/27/2021) |
| 06/08/2021 | 108 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 6/9/2021 to correct docket event/text (zjf). (Entered: 06/08/2021) |
| 06/09/2021 | | | MINUTE ORDER granting 108 Joint Motion to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction. Plaintiffs shall file their reply brief in support of their motions for class certification and preliminary injunction by no later than June 18, 2021. Signed by Judge Emmet G. Sullivan on 6/9/2021. (lcegs3) (Entered: 06/09/2021) |
| 06/10/2021 | | | Set/Reset Deadlines: Plaintiffs Reply Brief In Support Of Their Motions For Class Certification And Preliminary Injunction due by 6/18/2021. (mac) (Entered: 06/10/2021) |
| 06/18/2021 | 109 | | Joint MOTION to Continue in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 6/21/2021 to correct docket event/text (zjf). (Entered: 06/18/2021) |

| 06/22/2021 | | | MINUTE ORDER granting 109 Joint Motion to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction. Plaintiffs shall file their reply brief in support of their motions for class certification and preliminary injunction by no later than July 2, 2021. Signed by Judge Emmet G. Sullivan on 6/22/2021. (lcegs3) (Entered: 06/22/2021) |
|---|---|---|---|
| 06/22/2021 | | | Set/Reset Deadlines: Plaintiffs Reply Brief In Support Of Motions For Class Certification And Preliminary Injunction due by 7/2/2021. (mac) (Entered: 06/22/2021) |
| 07/02/2021 | 110 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY, XAVIER BECERRA. (Tepe, Sean) Modified on 7/6/2021 to correct docket event/text (zjf). (Entered: 07/02/2021) |
| 07/09/2021 | | | MINUTE ORDER granting 110 Joint Motion to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction. Plaintiffs shall file their reply brief in support of their motions for class certification and preliminary injunction by no later than July 16, 2021. Signed by Judge Emmet G. Sullivan on 7/9/2021. (lcegs3) (Entered: 07/09/2021) |
| 07/09/2021 | | | Set/Reset Deadlines: Plaintiffs Reply Brief In Support Of Their Motions For Class Certification And Preliminary Injunction due by 7/16/2021. (mac) (Entered: 07/09/2021) |
| 07/16/2021 | 111 | | Joint MOTION to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) Modified on 7/19/2021 to correct docket event/text (zjf). (Entered: 07/16/2021) |
| 07/19/2021 | | | MINUTE ORDER granting 111 Joint Motion to Continue Holding in Abeyance Plaintiffs' Motions for Class Certification and Preliminary Injunction. Plaintiffs shall file their reply brief in support of their motions for class certification and preliminary injunction by no later than August 2, 2021. Signed by Judge Emmet G. Sullivan on 7/19/2021. (lcegs1) (Entered: 07/19/2021) |
| 07/19/2021 | | | Set/Reset Deadlines: Plaintiffs Reply Brief In Support Of Their Motions For Class Certification And Preliminary Injunction due by 8/2/2021. (mac) (Entered: 07/19/2021) |
| 08/02/2021 | 112 | | Joint MOTION for Briefing Schedule *on Plaintiffs' Motions for Class Certification and Classwide Preliminary Injunction* by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 08/02/2021) |
| 08/02/2021 | | | MINUTE ORDER. In view of 112 joint motion to reset briefing schedule, in which the parties indicated that efforts "to resolve or narrow the dispute in this case have reached an impasse," the parties are DIRECTED to file a joint status report by no later than August 4, 2021 informing the Court whether this case would benefit from referral to a magistrate judge, mediation, or any other form of alternative dispute resolution that can be tailored to the needs of their case. |

| | | | |
|---|---|---|---|
| | | | Signed by Judge Emmet G. Sullivan on 8/2/2021. (lcegs3) (Entered: 08/02/2021) |
| 08/02/2021 | 113 | | MOTION for Leave to File *Supplemental Declaration* by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Attachments: # 1 Declaration of David Shahoulian)(Tepe, Sean) (Entered: 08/02/2021) |
| 08/02/2021 | 114 | | NOTICE *NOTICE OF CDC PUBLIC HEALTH ORDER* by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY (Tepe, Sean) (Entered: 08/02/2021) |
| 08/03/2021 | | | Set/Reset Deadlines: Joint Status Report due by 8/4/2021 (mac) (Entered: 08/03/2021) |
| 08/04/2021 | 115 | | RESPONSE TO ORDER OF THE COURT re Order,, *Joint Response to Court's August 2, 2021 Order Concerning Further Mediation or Alternative Dispute Resolution* filed by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 08/04/2021) |
| 08/05/2021 | | | MINUTE ORDER granting nunc pro tunc 112 joint motion to reset briefing schedule on Plaintiffs' motions for class certification and classwide preliminary injunction. It is HEREBY ORDERED that Defendants shall file their supplemental declaration in support of their combined opposition to Plaintiffs' motions for class certification and classwide preliminary injunction by no later than August 2, 2021; and that Plaintiffs shall file their combined reply in support of those motions by no later than August 11, 2021. Signed by Judge Emmet G. Sullivan on 8/5/2021. (lcegs3) (Entered: 08/05/2021) |
| 08/05/2021 | | | MINUTE ORDER granting 113 motion for leave to file supplemental declaration. The Clerk of Court is directed to file the supplemental declaration, ECF No. 113–1, as a separate docket entry. Signed by Judge Emmet G. Sullivan on 8/5/2021. (lcegs3) (Entered: 08/05/2021) |
| 08/06/2021 | | | Set/Reset Deadlines: Defendants Supplemental Declaration In Support Of Their Combined Opposition To Plaintiffs' Motions For Class Certification And Classwide Preliminary Injunction due by 08/02/2021. Plaintiffs Reply In Support Of Those Motions due by 08/11/2021. (mac) (Entered: 08/06/2021) |
| 08/06/2021 | 116 | | DECLARATION of David Shahoulian re Combined Opposition (ECF No. 76 ) to Plaintiffs Motion for Class Certification (ECF No. 23 ) and Motion for Classwide Preliminary Injunction (ECF No. 57 ). by XAVIER BECERRA, NORRIS COCHRAN, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (zjf) (Entered: 08/06/2021) |
| 08/11/2021 | 117 | | MOTION for Oral Argument by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY re 57 MOTION for Preliminary Injunction (Tepe, Sean) Modified on 8/12/2021 to correct docket event/text (zjf). (Entered: 08/11/2021) |

| 08/11/2021 | 118 | | REPLY to opposition to motion re 23 MOTION to Certify Class , 57 MOTION for Preliminary Injunction filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Index of Exhibits, # 3 Declaration of Taylor Levy, # 4 Declaration of Julia Neusner, # 5 Declaration of Jennifer K. Harbury, # 6 Declaration of Erika Pinheiro, # 7 Declaration of Savitri Arvey, # 8 Declaration (Supplemental) of Former CDC Officials, # 9 Declaration of 32 Medical and Public Health Experts, # 10 Declaration (Second) of Ming Cheung, # 11 Declaration of Linda Rivas, # 12 Declaration of Marisa Limn Garza, # 13 Declaration of Astrid Dominguez, # 14 Declaration of Chelsea Sachau, # 15 Declaration of Mdecins Sans Frontires Medical Coordinator in Mexico, # 16 Declaration of Teresa Cavendish, # 17 Declaration of Kate Clark, # 18 Declaration of Aaron Reichlin–Melnick, # 19 Declaration of Alan E. Valdez Jurez, # 20 Declaration of Edgar Ramrez Lpez, # 21 Declaration of Samuel Thomas Bishop, # 22 Declaration of Luis Alberto Lizarraga Tolentino, # 23 Declaration of Cecilia Menjvar, Ph.D.)(Gelernt, Lee) (Entered: 08/11/2021) |
| 08/11/2021 | 119 | | MOTION for Leave to File *Reply Declarations* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Gelernt, Lee) (Entered: 08/11/2021) |
| 08/16/2021 | 120 | | NOTICE of Appearance by Daniel S. Volchok on behalf of T. ALEXANDER ALEINIKOFF, DEBORAH ANKER, JAMES C. HATHTAWAY, GERALD L. NEUMAN (Volchok, Daniel) (Entered: 08/16/2021) |
| 08/16/2021 | 121 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to T. ALEXANDER ALEINIKOFF, DEBORAH ANKER, JAMES C. HATHTAWAY, GERALD L. NEUMAN. Attorney Paul R.Q. Wolfson terminated. (Wolfson, Paul) (Entered: 08/16/2021) |
| 09/13/2021 | | | MINUTE ORDER granting 119 unopposed motion for leave to file reply declarations. Signed by Judge Emmet G. Sullivan on 9/13/2021. (lcegs3) (Entered: 09/13/2021) |
| 09/16/2021 | 122 | | ORDER granting 23 Motion to Certify Class; granting 57 Motion for Preliminary Injunction; denying 117 Motion for Hearing. Signed by Judge Emmet G. Sullivan on 9/16/2021. (lcegs3) (Entered: 09/16/2021) |
| 09/16/2021 | 123 | | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 9/16/2021. (lcegs3) (Entered: 09/16/2021) |
| 09/17/2021 | 124 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 122 Order on Motion to Certify Class, Order on Motion for Preliminary Injunction, Order on Motion for Hearing, 123 Memorandum & Opinion by TAE D. JOHNSON, TROY MILLER, ROCHELLE P. WALENSKY, ALEJANDRO J. MAYORKAS, XAVIER BECERRA, WILLIAM A. FERRARA, RODNEY S. SCOTT. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit District Court Order, # 2 Exhibit District Court Memorandum Opinion)(Tepe, Sean) (Entered: 09/17/2021) |
| 09/17/2021 | 125 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 124 Notice of Appeal to DC Circuit Court. (zjf) (Entered: 09/17/2021) |

| 09/17/2021 | | | USCA Case Number 21–5200 for 124 Notice of Appeal to DC Circuit Court, filed by XAVIER BECERRA, ALEJANDRO J. MAYORKAS, RODNEY S. SCOTT, WILLIAM A. FERRARA, ROCHELLE P. WALENSKY, TAE D. JOHNSON, TROY MILLER. (zjf) (Entered: 09/21/2021) |
|---|---|---|---|
| 10/08/2021 | 126 | | Joint STATUS REPORT by XAVIER BECERRA, WILLIAM A. FERRARA, TAE D. JOHNSON, ALEJANDRO J. MAYORKAS, TROY MILLER, RODNEY S. SCOTT, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 10/08/2021) |
| 01/24/2022 | 127 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to ALL PLAINTIFFS. Attorney Jamie L. Crook terminated. (Crook, Jamie) (Entered: 01/24/2022) |
| 02/09/2022 | 128 | | NOTICE of Appearance by Melissa E. Crow on behalf of All Plaintiffs (Crow, Melissa) (Entered: 02/09/2022) |
| 02/09/2022 | 129 | | Joint STATUS REPORT by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 02/09/2022) |
| 02/09/2022 | 130 | | Consent MOTION for Leave to File Amended Complaint filed by ALL PLAINTIFFS. (Attachments: # 1 Proposed Second Amended Complaint, # 2 Redline of Proposed Second Amended Complaint, # 3 Text of Proposed Order Proposed Order)(Gelernt, Lee) Modified on 2/10/2022 to correct docket event/text (zjf). (Entered: 02/09/2022) |
| 02/14/2022 | | | MINUTE ORDER granting 130 consent motion for leave to file second amended complaint. Plaintiffs' Second Amended Complaint is hereby deemed filed. Signed by Judge Emmet G. Sullivan on 2/14/2022. (lcegs3) (Entered: 02/14/2022) |
| 02/14/2022 | | | MINUTE ORDER. In view of 129 joint status report, Defendants shall file on the docket an index of the Administrative Record and produce the Administrative Record to Plaintiffs by no later than March 18, 2022. It is FURTHER ORDERED that the parties shall file a joint status report with a recommendation for further proceedings by no later than March 25, 2022. Signed by Judge Emmet G. Sullivan on 2/14/2022. (lcegs3) (Entered: 02/14/2022) |
| 02/14/2022 | 131 | | SECOND AMENDED COMPLAINT against XAVIER BECERRA, TAE D. JOHNSON, ALEJANDRO J. MAYORKAS, ROCHELLE P. WALENSKY, CHRIS MAGNUS, PETE FLORES, RAUL L. ORTIZ filed by ALL PLAINTIFFS.(zjf) (Entered: 02/17/2022) |
| 02/15/2022 | | | Set/Reset Deadlines:, Defendants Administrative Record due by 3/18/2022. Joint Status Report due by 3/25/2022. (mac) (Entered: 02/15/2022) |
| 03/18/2022 | 132 | | NOTICE Notice of Filing Certified Index of Administrative Record by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO J. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY (Tepe, Sean) (Entered: 03/18/2022) |
| 03/25/2022 | 133 | | Joint STATUS REPORT by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO J. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 03/25/2022) |
| 03/29/2022 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER. In view of 133 joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than April 7, 2022. Signed by Judge Emmet G. Sullivan on 3/29/2022. (lcegs3) (Entered: 03/29/2022) |
| 03/30/2022 | | | Set/Reset Deadlines: Joint Status Report due by 4/7/2022 (mac) (Entered: 03/30/2022) |
| 04/01/2022 | 134 | | NOTICE *of CDC Public Health Determination and Order* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO J. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY (Tepe, Sean) (Entered: 04/01/2022) |
| 04/07/2022 | 135 | | Joint STATUS REPORT by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 04/07/2022) |
| 04/13/2022 | | | MINUTE ORDER. In view of 135 joint status report, the parties are directed to file a joint status report with a recommendation for further proceedings by no later than May 27, 2022. Signed by Judge Emmet G. Sullivan on 4/13/2022. (lcegs3) (Entered: 04/13/2022) |
| 04/14/2022 | | | Set/Reset Deadlines: Joint Status Report due by 5/27/2022. (zacr) (Entered: 04/14/2022) |
| 05/25/2022 | 136 | | MANDATE of USCA as to 124 Notice of Appeal to DC Circuit Court, filed by XAVIER BECERRA, ALEJANDRO J. MAYORKAS, RODNEY S. SCOTT, WILLIAM A. FERRARA, ROCHELLE P. WALENSKY, TAE D. JOHNSON, TROY MILLER ; USCA Case Number 21–5200. (Attachments: # 1 USCA Judgment)(zjf) (Entered: 05/25/2022) |
| 05/27/2022 | 137 | | Joint STATUS REPORT by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO J. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Tepe, Sean) (Entered: 05/27/2022) |
| 05/31/2022 | | | MINUTE ORDER. In view of 137 joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than June 17, 2022. Signed by Judge Emmet G. Sullivan on 5/31/2022. (lcegs3) (Entered: 05/31/2022) |
| 06/01/2022 | | | Set/Reset Deadlines: Joint Status Report due by 6/17/2022 (mac) (Entered: 06/01/2022) |
| 06/17/2022 | 138 | | Joint STATUS REPORT by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 06/17/2022) |
| 06/17/2022 | | | MINUTE ORDER. In view of 138 joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than July 8, 2022. Signed by Judge Emmet G. Sullivan on 6/17/2022. (lcegs3) (Entered: 06/17/2022) |
| 06/17/2022 | | | Set/Reset Deadlines: Joint Status Report due by 7/8/2022. (zacr) (Entered: 06/17/2022) |
| 07/08/2022 | 139 | | Joint STATUS REPORT by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 07/08/2022) |
| 07/11/2022 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER. In view of <u>139</u> joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than July 29, 2022. Signed by Judge Emmet G. Sullivan on 7/11/2022. (lcegs3) (Entered: 07/11/2022) |
| 07/12/2022 | | | Set/Reset Deadlines: Joint Status Report due by 7/29/2022 (zmac) (Entered: 07/12/2022) |
| 07/29/2022 | <u>140</u> | | Joint STATUS REPORT by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 07/29/2022) |
| 08/01/2022 | | | MINUTE ORDER. In view of <u>140</u> joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than August 19, 2022. Signed by Judge Emmet G. Sullivan on 8/1/2022. (lcegs3) (Entered: 08/01/2022) |
| 08/02/2022 | | | Set/Reset Deadlines: Joint Status Report due by 8/19/2022 (mac) (Entered: 08/02/2022) |
| 08/10/2022 | <u>141</u> | | Second MOTION for Preliminary Injunction by ALL PLAINTIFFS. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Declaration of Ming Cheung, # <u>3</u> Text of Proposed Order)(Gelernt, Lee) (Entered: 08/10/2022) |
| 08/10/2022 | <u>142</u> | | Joint MOTION for Briefing Schedule by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # <u>1</u> Text of Proposed Order)(Tepe, Sean) (Entered: 08/10/2022) |
| 08/11/2022 | <u>143</u> | | NOTICE of Appearance by Jean Lin on behalf of All Defendants (Lin, Jean) (Entered: 08/11/2022) |
| 08/11/2022 | | | MINUTE ORDER. In view of <u>141</u> second motion for preliminary injunction, a status conference is hereby set for August 12, 2022 at 1:30 p.m. via video teleconference. The parties shall be prepared to discuss whether the Court should consolidate the second motion for preliminary injunction with a determination on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). See Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 8/11/2022. (lcegs3) (Entered: 08/11/2022) |
| 08/12/2022 | | | Set/Reset Hearings: Status Conference set for 8/12/2022 at 1:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 08/12/2022) |
| 08/12/2022 | | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan: Status Conference held on 8/12/2022. Parties Updated The Court In Regards To The Current Posture Of This Matter. Motion Hearing set for 10/11/2022 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. Order Forthcoming. (Court Reporter LISA BANKINS.) (mac) (Entered: 08/12/2022) |
| 08/12/2022 | | | MINUTE ORDER. In view of the discussion at the August 12, 2022 status conference and Plaintiffs' request to convert the <u>141</u> second motion for preliminary injunction to a motion for partial summary judgment, the Court shall consolidate the second motion for preliminary injunction with a |

| | | | determination on the merits with regard to the issue of whether the Title 42 policy is arbitrary and capricious under the Administrative Procedure Act. Accordingly, the second motion for preliminary injunction is hereby WITHDRAWN without prejudice. It is FURTHER ORDERED that the parties shall abide by the following schedule: (1) Plaintiffs shall file their motion for partial summary judgment by no later than August 15, 2022; (2) Defendants shall file their response to Plaintiffs' motion by no later than August 31, 2022; (3) Plaintiffs shall file their reply by no later than September 14, 2022; and (4) Plaintiffs shall file the appendix of the relevant administrative record by no later than September 20, 2022 (or six days after the reply is filed, whichever is earlier). Defendants shall send record designations at least three days prior. It is FURTHER ORDERED that a motion hearing shall take place on October 11, 2022 at 11:00 a.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. It is FURTHER ORDERED that the August 1, 2022 Minute Order directing that the parties file a Joint Status Report by August 19, 2022 is VACATED. Signed by Judge Emmet G. Sullivan on 8/12/2022. (lcegs3) (Entered: 08/12/2022) |
|---|---|---|---|
| 08/15/2022 | 144 | | MOTION for Partial Summary Judgment by ALL PLAINTIFFS. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, # 2 Text of Proposed Order, # 3 Declaration of Ming Cheung)(Gelernt, Lee) (Entered: 08/15/2022) |
| 08/18/2022 | | | Set/Reset Deadlines: Plaintiffs Motion For Partial Summary Judgment due by 08/15/2022. Defendants Response To Plaintiffs' Motion due by 08/31/2022. Plaintiffs Reply due by 09/14/2022. Plaintiffs Appendix Of The Relevant Administrative Record due by 09/20/2022. (mac) (Entered: 08/18/2022) |
| 08/31/2022 | 145 | | NOTICE of Appearance by Jonathan D. Kossak on behalf of All Defendants (Kossak, Jonathan) (Entered: 08/31/2022) |
| 08/31/2022 | 146 | | NOTICE of Appearance by John Robinson on behalf of All Defendants (Robinson, John) (Entered: 08/31/2022) |
| 08/31/2022 | 147 | | Memorandum in opposition to re 144 Motion for Partial Summary Judgment filed by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 08/31/2022) |
| 09/14/2022 | 148 | | ENTERED IN ERROR.....SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Motion for Partial Summary Judgment)(Gelernt, Lee) Modified on 9/15/2022 counsel refiled at entry 149 (zjm). (Entered: 09/14/2022) |
| 09/14/2022 | 149 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support Reply in Support of Summary Judgment)(Gelernt, Lee) (Entered: 09/14/2022) |
| 09/14/2022 | 150 | | REPLY to opposition to motion *Redacted Reply in Support of Summary Judgment* re 144 Motion for Partial Summary Judgment filed by ALL PLAINTIFFS. (Gelernt, Lee) Modified on 9/16/2022 to add docket relationship |

| | | | |
|---|---|---|---|
| | | | (zed). (Entered: 09/14/2022) |
| 09/16/2022 | 151 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Classwide Preliminary Injunction, # 2 Memorandum in Support of Summary Judgment)(Gelernt, Lee) (Entered: 09/16/2022) |
| 09/16/2022 | 152 | | Second MOTION for Preliminary Injunction by ALL PLAINTIFFS. (Attachments: # 1 Memorandum in Support of Classwide Preliminary Injunction (Re−filed and Redacted), # 2 Declaration of Ming Cheung, # 3 Text of Proposed Order)(Gelernt, Lee) (Entered: 09/16/2022) |
| 09/16/2022 | 153 | | MOTION for Partial Summary Judgment by ALL PLAINTIFFS. (Attachments: # 1 Memorandum in Support of Partial Summary Judgment (Re−filed and Redacted), # 2 Declaration of Ming Cheung, # 3 Text of Proposed Order)(Gelernt, Lee) (Entered: 09/16/2022) |
| 09/20/2022 | 154 | | JOINT APPENDIX by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 09/20/2022) |
| 09/20/2022 | 155 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ALL PLAINTIFFS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix of Relevant Administrative Record)(Gelernt, Lee) (Entered: 09/20/2022) |
| 09/20/2022 | 156 | | NOTICE *Notice of Filing Certified Index of Amended Administrative Record* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY (Tepe, Sean) (Entered: 09/20/2022) |
| 09/22/2022 | 157 | | MOTION for Leave to File *Surreply* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # 1 Exhibit A Proposed Surreply, # 2 Exhibit B Proposed order)(Robinson, John) (Entered: 09/22/2022) |
| 09/23/2022 | 158 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to INTERNATIONAL REFUGEE ASSISTANCE PROJECT. Attorney Kathryn S. Austin terminated. (Austin, Kathryn) (Entered: 09/23/2022) |
| 09/28/2022 | | | MINUTE ORDER granting 157 Defendants' motion for leave to file surreply. It is FURTHER ORDERED that Plaintiffs shall file any brief in response to the surreply by no later than September 30, 2022. Signed by Judge Emmet G. Sullivan on 9/28/2022. (lcegs3) (Entered: 09/28/2022) |
| 09/28/2022 | | | MINUTE ORDER granting 149 Plaintiffs' consent motion for leave to file under seal the unredacted reply in support of motion for partial summary judgment. However, given the strong presumption in favor of public access to judicial records, see, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."), and the ease with which confidential and proprietary information may be redacted from documents before they are filed publicly, Plaintiffs are directed to file a redacted version of its sealed document on the public record |

| | | | |
|---|---|---|---|
| | | | within five business days of this Order. Plaintiffs are cautioned that redactions shall be made solely to the extent necessary to preserve the confidential or proprietary nature of the relevant information. Signed by Judge Emmet G. Sullivan on 9/28/2022. (lcegs3) (Entered: 09/28/2022) |
| 09/28/2022 | | | MINUTE ORDER granting 151 Plaintiffs' consent motion for leave to file briefs under seal. However, given the strong presumption in favor of public access to judicial records, see, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."), and the ease with which confidential and proprietary information may be redacted from documents before they are filed publicly, Plaintiffs are directed to file a redacted version of its sealed documents on the public record within five business days of this Order. Plaintiffs are cautioned that redactions shall be made solely to the extent necessary to preserve the confidential or proprietary nature of the relevant information. Signed by Judge Emmet G. Sullivan on 9/28/2022. (lcegs3) (Entered: 09/28/2022) |
| 09/28/2022 | | | MINUTE ORDER granting 155 Plaintiffs' consent motion for leave to file under seal protected portions of the administrative record. Signed by Judge Emmet G. Sullivan on 9/28/2022. (lcegs3) (Entered: 09/28/2022) |
| 09/28/2022 | | | Set/Reset Deadlines: Plaintiff's Response To The Surreply due by 9/30/2022 (mac) (Entered: 09/28/2022) |
| 09/28/2022 | | | Set/Reset Deadlines: Redacted Version Of Sealed Documents due by 10/5/2022. (mac) (Entered: 09/28/2022) |
| 09/28/2022 | 160 | | SURREPLY to 153 MOTION for Partial Summary Judgment filed by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (ztth) (Entered: 09/30/2022) |
| 09/28/2022 | 161 | | SEALED REPLY TO OPPOSITION filed by ALL PLAINTIFFS re 153 Motion for Partial Summary Judgment (This document is SEALED and only available to authorized persons.) (ztth) (Entered: 09/30/2022) |
| 09/28/2022 | 162 | | SEALED DOCUMENT filed by ALL PLAINTIFFS. re 152 Second MOTION for Preliminary Injunction filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.) (ztth) (Entered: 09/30/2022) |
| 09/28/2022 | 163 | | SEALED DOCUMENT filed by ALL PLAINTIFFS re 153 MOTION for Partial Summary Judgment filed by ALL PLAINTIFFS. (This document is SEALED and only available to authorized persons.)(ztth) (Entered: 09/30/2022) |
| 09/29/2022 | 159 | | RESPONSE re 157 MOTION for Leave to File *Surreply Sur−surreply in Support of Plaintiffs' Motion for Partial Summary Judgment* filed by ALL PLAINTIFFS. (Gelernt, Lee) (Entered: 09/29/2022) |
| 10/05/2022 | | | MINUTE ORDER. The Court has determined that a motion hearing is unnecessary for the resolution of the pending motion(s). Accordingly, the Court HEREBY CANCELS the motion hearing scheduled for October 11, 2022. Signed by Judge Emmet G. Sullivan on 10/5/2022. (lcegs3) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/05/2022) |
| 11/15/2022 | 164 | | ORDER granting 144 Motion for Partial Summary Judgment. Signed by Judge Emmet G. Sullivan on 11/15/2022. (lcegs1) (Entered: 11/15/2022) |
| 11/15/2022 | 165 | | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 11/15/2022. (lcegs1) (Entered: 11/15/2022) |
| 11/15/2022 | 166 | | Unopposed MOTION to Stay re 165 Memorandum & Opinion, 164 Order on Motion for Partial Summary Judgment *(Emergency Motion)* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 11/15/2022) |
| 11/16/2022 | | | MINUTE ORDER granting 166 Unopposed Emergency Motion for Temporary Stay of the Court's November 15, 2022 Order ("Emergency Mot."). The government states that "[t]he requested temporary stay... is not for the pendency of appeal but rather for only a temporary period." Emergency Mot., ECF No. 166 at 3. The government further states that "DHS requires a short period of time to prepare for the transition from Title 42 to Title 8 processing, given the need to resolve resource and logistical issues that it was unable to address in advance without knowing precisely when currently operative August 2021 Title 42 order would end. Cf. 87 Fed. Reg. at 19,95456 (setting effective date of Termination Order for 52 days from date of issuance to, among other things, provide DHS with additional time to ready operational plans). During this period of time, DHS will need to move additional resources to the border and coordinate with stakeholders, including non–governmental organizations and state and local governments, to help prepare for the transition to Title 8 processing. This transition period is critical to ensuring that DHS can continue to carry out its mission to secure the Nation's borders and to conduct its border operations in an orderly fashion. See, e.g., AARP v. EEOC, 292 F. Supp. 3d 238, 241 (D.D.C. 2017) (staying effective date of vacatur order for about one year to avoid the potential for disruption); NAACP v. Trump, 298 F. Supp. 3d 209, 24445 (D.D.C. 2018) (staying vacatur order for 90 days to avoid disruption)." Id. Plaintiffs do not oppose the motion. Pursuant to Federal Rules of Civil Procedure 59 and 60, the Court's inherent authority, and in view of the lack of opposition by Plaintiffs, the government's representation that the request for a temporary stay is not for the pendency of appeal, but rather to enable the government to make preparations to implement the Court's Order, the Court, WITH GREAT RELUCTANCE, grants the request. The Court's November 15, 2022 Order is stayed for five weeks, from November 15, 2022 to December 20, 2022. The Order will take effect at midnight on December 21, 2022. Signed by Judge Emmet G. Sullivan on 11/16/2022. (lcegs1) (Entered: 11/16/2022) |
| 11/21/2022 | 167 | | Unopposed MOTION for Entry of Final Judgment *(Partial)*, Unopposed MOTION to Stay *Proceedings* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 11/21/2022) |
| 11/21/2022 | 168 | | MOTION to Intervene by States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Nebraska, Ohio, Oklahoma, South Carolina, |

| | | | |
|---|---|---|---|
| | | | Texas, Virginia, West Virginia, and Wyoming. (Attachments: # 1 Affidavit St John Declaration, # 2 Exhibit St John Decl. Ex 1, # 3 Exhibit St John Decl. Ex 2, # 4 Exhibit St John Decl. Ex 3A, # 5 Exhibit St John Decl. Ex 3B, # 6 Exhibit St John Decl. Ex 3C, # 7 Exhibit St John Decl. Ex 3D, # 8 Exhibit St John Decl. Ex 4, # 9 Exhibit St John Decl. Ex 5, # 10 Exhibit St John Decl. Ex 6, # 11 Exhibit St John Decl. Ex 7, # 12 Exhibit St John Decl. Ex 8, # 13 Exhibit St John Decl. Ex 9, # 14 Exhibit St John Decl. Ex 10)(Ensign, Drew) (Entered: 11/21/2022) |
| 11/21/2022 | 169 | | Unopposed MOTION to Expedite by States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Virginia, West Virginia, and Wyoming. (Ensign, Drew) (Entered: 11/21/2022) |
| 11/22/2022 | 170 | | ORDER granting 167 Motion for Entry of Final Judgment; granting 167 Motion to Stay. Signed by Judge Emmet G. Sullivan on 11/22/2022. (lcegs1) (Entered: 11/22/2022) |
| 11/22/2022 | | | MINUTE ORDER granting 169 Proposed Intervenor States' Emergency Motion for Expedited Briefing and Consideration of their Motion to Intervene and for a Stay Pending Appeal. Plaintiffs and Defendants shall respond by no later than November 29, 2022 at 8:00 pm EST. Proposed Intervenors shall reply by no later than December 2, 2022 at 12:00 pm. Signed by Judge Emmet G. Sullivan on 11/22/2022. (lcegs1) (Entered: 11/22/2022) |
| 11/22/2022 | | | Set/Reset Deadlines: Joint Status Report due by 1/21/2023 (mac) (Entered: 11/22/2022) |
| 11/22/2022 | | | Set/Reset Deadlines: Plaintiffs And Defendants Response due no later than 8:00PM on 11/29/2022. Proposed Intervenors Reply due no later than 12:00PM on 12/2/2022. (mac) (Entered: 11/22/2022) |
| 11/25/2022 | 171 | | Unopposed MOTION for Joinder re 168 MOTION to Intervene by STATE OF MONTANA. (Smithgall, Kathleen) (Entered: 11/25/2022) |
| 11/25/2022 | 172 | | NOTICE of Appearance by Melissa A. Holyoak on behalf of STATE OF UTAH (Holyoak, Melissa) (Entered: 11/25/2022) |
| 11/25/2022 | 173 | | MOTION for Joinder re 168 MOTION to Intervene *by the States of Utah, Missouri, and Tennessee* by STATE OF UTAH. (Holyoak, Melissa) (Entered: 11/25/2022) |
| 11/29/2022 | | | MINUTE ORDER granting 171 Unopposed Motion for Joinder. Signed by Judge Emmet G. Sullivan on 11/29/2022. (lcegs1) (Entered: 11/29/2022) |
| 11/29/2022 | | | MINUTE ORDER denying 173 Motion for Joinder. Movant has failed to comply with the duty to confer, see LCvR 7(m); and has failed to attach a proposed order, see LCvR 7(c). Signed by Judge Emmet G. Sullivan on 11/29/2022. (lcegs1) (Entered: 11/29/2022) |
| 11/29/2022 | 174 | | Memorandum in opposition to re 168 Motion to Intervene,, filed by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY. (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 11/29/2022) |

| | | | |
|---|---|---|---|
| 11/29/2022 | 175 | | Memorandum in opposition to re 168 Motion to Intervene,, filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Gelernt, Lee) (Entered: 11/29/2022) |
| 11/29/2022 | 176 | | Unopposed MOTION for Joinder re 168 MOTION to Intervene by STATE OF MISSOURI, STATE OF TENNESSEE, STATE OF UTAH. (Holyoak, Melissa) (Entered: 11/29/2022) |
| 11/30/2022 | | | MINUTE ORDER granting 176 Motion for Joinder. Signed by Judge Emmet G. Sullivan on 11/30/2022. (lcegs1) (Entered: 11/30/2022) |
| 12/02/2022 | 177 | | REPLY to opposition to motion re 168 MOTION to Intervene filed by STATE OF ALABAMA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF KANSAS, STATE OF KENTUCKY, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF VIRGINIA, STATE OF WEST VIRGINIA, STATE OF WYOMING. (Ensign, Drew) (Entered: 12/02/2022) |
| 12/02/2022 | 178 | | NOTICE *Regarding Timing of Decision Whether to Appeal* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ, ROCHELLE P. WALENSKY (Robinson, John) (Entered: 12/02/2022) |
| 12/07/2022 | 179 | | NOTICE *Regarding Decision to Appeal the Court's November 15, 2022 Order and November 22, 2022 Final Judgment* by XAVIER BECERRA, PETE FLORES, TAE D. JOHNSON, CHRIS MAGNUS, ALEJANDRO N. MAYORKAS, RAUL L. ORTIZ (Robinson, John) (Entered: 12/07/2022) |
| 12/07/2022 | 180 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 165 Memorandum & Opinion, 164 Order on Motion for Partial Summary Judgment, 170 Order on Motion for Entry of Final Judgment, Order on Motion to Stay by CHRIS MAGNUS, TAE D. JOHNSON, PETE FLORES, ROCHELLE P. WALENSKY, ALEJANDRO N. MAYORKAS, XAVIER BECERRA, RAUL L. ORTIZ. Fee Status: No Fee Paid. Parties have been notified. (Robinson, John) (Entered: 12/07/2022) |
| 12/08/2022 | | | MINUTE ORDER. In view of 179 Notice, proposed intervenors shall file a supplementary memorandum by no later than December 12, 2022. The parties shall file a response, if any, by no later than December 16, 2022. Signed by Judge Emmet G. Sullivan on 12/8/2022. (lcegs1) (Entered: 12/08/2022) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY GIMENA HUISHA-HUISHA, on
behalf of herself and others similarly situated,

Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of
Homeland Security, et al.,

Defendants.

Civ. A. No. 21-100 (EGS)

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of

Appeals for the District of Columbia Circuit from this Court's November 15, 2022 Memorandum

Opinion and Order (ECF Nos. 164 & 165) and November 22, 2022 Final Judgment (ECF No. 170).

Dated: December 7, 2022

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel, NY Bar #4074530
Federal Programs Branch

/s/ John Robinson
JOHN ROBINSON, DC Bar #1044072
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20530
Tel (202) 616-8489
Email:  john.robinson@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NANCY GIMENA HUISHA-HUISHA, *et al.*,

        Plaintiffs,

v.

ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security*, *et al.*,

        Defendants.

Civ. Action No. 21-100(EGS)

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, ECF No. 144, is **GRANTED.** The Court vacates and sets aside the Title 42 policy—consisting of the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by the Centers for Disease Control and Prevention or the U.S. Department of Health and Human Services suspending the right to introduce certain persons into the United States; and declares the Title 42 policy to be arbitrary and capricious in violation of the Administrative Procedure Act and permanently enjoins Defendants and their agents from applying the Title 42 policy with respect to Plaintiff Class Members; and it is further

1

**ORDERED** that any request to stay this Order pending appeal will be denied for the reasons stated in the accompanying Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
             **United States District Judge**
             **November 15, 2022**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 21-100 (EGS) |
| ALEJANDRO MAYORKAS, in his official capacity, Secretary, Department of Homeland Security, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiffs—a group of asylum-seeking families who fled to the United States—bring this lawsuit against Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, and various other federal government officials ("Defendants" or the "government") for violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*; and the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), 8 U.S.C. § 1231 note; and the Public Health Service Act of 1944, 42 U.S.C § 201, *et seq. See generally* Second Am. Compl., ECF No. 131.[1] Pending before the Court is Plaintiffs' Motion for Partial

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

Summary Judgment.[2] *See* Mot. Partial Summ. J., ECF No. 144. Upon consideration of the motion, the responses and replies thereto, the applicable law, the entire record, and for the reasons stated below, the Court **GRANTS** Plaintiffs' motion.

## I.  Background

### A. Factual Background

Since 1893, federal law has provided federal officials with the authority to stem the spread of contagious diseases from foreign countries by prohibiting, "in whole or in part, the introduction of persons and property from such countries." Act of February 15, 1893, ch. 114, § 7, 27 Stat. 449, 452 ("1893 Act"). Under current law:

> Whenever the Surgeon General determines that by reason of the existence of any communicable disease in a foreign country there is serious danger of the introduction of such disease into the United States, and that this danger is so increased by the introduction of persons or property from such country that a suspension of the right to introduce such persons and property is required in the interest of the public health, the Surgeon General, in accordance with regulations approved by the President, shall have the power to prohibit, in whole or in part, the introduction of persons and property from such countries or places as he shall designate in

---

[2] On August 12, 2022, the Court converted Plaintiffs' second motion for preliminary injunction to a motion for partial summary judgment, and consolidated the second motion for preliminary injunction with a determination on the merits with regard to the issue of whether the Title 42 policy is arbitrary and capricious under the Administrative Procedure Act ("APA"). *See* Fed. R. Civ. P. 65(a)(2).

2

> order to avert such danger, and for such
> period of time as he may deem necessary for
> such purpose.

42 U.S.C. § 265 ("Section 265"). In 1966, the Surgeon General's

Section 265 authority was transferred to the Department of

Health and Human Services ("HHS"), which in turn delegated this

authority to the Centers for Disease Control and Prevention

("CDC") Director. *See P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 503

(D.D.C. 2020); 31 Fed. Reg. 8855 (June 25, 1966), 80 Stat. 1610

(1966).

On March 20, 2020, as the COVID-19 virus spread globally,

HHS issued an interim final rule pursuant to Section 265 that

aimed to "provide[] a procedure for CDC to suspend the

introduction of persons from designated countries or places, if

required, in the interest of public health." Interim Final Rule,

Control of Communicable Diseases; Foreign Quarantine: Suspension

of Introduction of Persons Into United States From Designated

Foreign Countries or Places for Public Health Purposes, 85 Fed.

Reg. 16559-01, 2020 WL 1330968, (March 24, 2020) ("Interim Final

Rule"). Pursuant to the Interim Final Rule, the CDC Director

could "suspend the introduction of persons into the United

States." *Id.* at 16563. The Interim Final Rule stated, in

relevant part:

> (1) Introduction into the United States of
> persons from a foreign country (or one or more
> political subdivisions or regions thereof) or

3

place means the movement of a person from a foreign country (or one or more political subdivisions or regions thereof) or place, or series of foreign countries or places, into the United States so as to bring the person into contact with persons in the United States, or so as to cause the contamination of property in the United States, in a manner that the Director determines to present a risk of transmission of a communicable disease to persons or property, even if the communicable disease has already been introduced, transmitted, or is spreading within the United States;

(2) Serious danger of the introduction of such communicable disease into the United States means the potential for introduction of vectors of the communicable disease into the United States, even if persons or property in the United States are already infected or contaminated with the communicable disease; and

(3) The term "Place" includes any location specified by the Director, including any carrier, as that term is defined in 42 CFR 71.1, whatever the carrier's nationality.

*Id.* at 16566-67.

The CDC's interim rule went into effect immediately. *Id.* at 16565. The CDC explained that, pursuant to 5 U.S.C. 553(b)(3)(B) of the APA, HHS had concluded that there was "good cause" to dispense with prior notice and comment. *Id.* Specifically, the CDC stated that "[g]iven the national emergency caused by COVID-19, it would be impracticable and contrary to the public health—and, by extension, the public interest—to delay these implementing regulations until a full public notice-and-comment process is completed." *Id.*

4

Pursuant to the Interim Final Rule, the CDC Director issued an order suspending for 30 days the introduction of "covered aliens," which he defined as "persons traveling from Canada or Mexico (regardless of their country of origin) who would otherwise be introduced into a congregate setting in a land Port of Entry [("POE")] or Border Patrol station at or near the United States borders with Canada and Mexico." *Notice of Order Under Sections 362 and 365 of the Public Health Service Act Suspending Introduction of Certain Persons From Countries Where a Communicable Disease Exists*, 85 Fed. Reg. 17060-02, 17061, 2020 WL 1445906 (March 26, 2020) ("March 2020 Order"). The March 2020 Order declared that "[i]t is necessary for the public health to immediately suspend the introduction of covered aliens" and "require[d] the movement of all such aliens to the country from which they entered the United States, or their country of origin, or another location as practicable, as rapidly as possible." *Id.* at 17067. The CDC Director then "requested that [the Department of Homeland Security ("DHS")] implement th[e] [March 2020 Order] because CDC does not have the capability, resources, or personnel needed to do so." *Id.* The CDC Director also noted that U.S. Customs and Border Protection ("CBP"), a federal law enforcement agency of DHS, had already "developed an operational plan for implementing the order." *Id.*

5

Soon thereafter, the CBP issued a memorandum on April 2, 2020 establishing its procedures for implementing the March 2020 Order. *See* Ex. E to Cheung Decl. ("CAPIO Memo"), ECF No. 57-5 at 15. The CAPIO Memo instructed that agents may determine whether individuals are subject to the CDC's order "[b]ased on training, experience, physical observation, technology, questioning and other considerations." CAPIO Memo, ECF No. 57-5 at 15. If an individual was determined to be subject to the order, they were to be "transported to the nearest POE and immediately returned to Mexico or Canada, depending on their point of transit." *Id.* at 17. Those who are "not amenable to immediate expulsion to Mexico or Canada, will be transported to a dedicated facility for limited holding prior to expulsion" to their home country. *Id.*

On April 22, 2020, the March 2020 Order was extended for an additional 30 days. *See Extension of Order Under Sections 362 and 365 of the Public Health Service Act; Order Suspending Introduction of Certain Persons From Countries Where a Communicable Disease Exists*, 85 Fed. Reg. 22424-01, 2020 WL 1923282 (April 22, 2020) ("April 2020 Order"). The order was then extended again on May 20, 2020 until such time that the CDC Director "determine[s] that the danger of further introduction of COVID-19 into the United States has ceased to be a serious danger to the public health." *Amendment and Extension of Order*

*Under Sections 362 and 365 of the Public Health Service Act;
Order Suspending Introduction of Certain Persons From Countries
Where a Communicable Disease Exists*, 85 Fed. Reg. 31503-02,
31504, 2020 WL 2619696 (May 26, 2020) ("May 2020 Order").

   On September 11, 2020, the CDC published the final rule.
*See Control of Communicable Diseases; Foreign Quarantine:
Suspension of the Right To Introduce and Prohibition of
Introduction of Persons Into United States From Designated
Foreign Countries or Places for Public Health Purposes*, 85 Fed.
Reg. 56424-01, 2020 WL 5439721, (Sept. 11, 2020) (Effective
October 13, 2020) ("Final Rule"). The Final Rule "defin[ed] the
phrase to '[p]rohibit, in whole or in part, the introduction
into the United States of persons' to mean 'to prevent the
introduction of persons into the United States by suspending any
right to introduce into the United States, physically stopping
or restricting movement into the United States, or physically
expelling from the United States some or all of the persons.'"
*Id.* at 56445. The CDC Director then replaced the March, April,
and May 2020 Orders with a new order on October 13, 2020. *Order
Suspending the Right To Introduce Certain Persons From Countries
Where a Quarantinable Communicable Disease Exists*, 85 Fed. Reg.
65806, 65808 (Oct. 16, 2020) ("October 2020 Order").

   In February 2021, the President ordered the HHS Secretary
and the CDC Director, in consultation with the DHS Secretary, to

"promptly review and determine whether termination, rescission, or modification of the [October order and the September regulation] is necessary and appropriate." Exec. Order No. 14,010, § 4(ii)(A), 86 Fed. Reg. 8267, 8269 (Feb. 2, 2021). On August 2, 2021, the CDC issued the order at issue in this case, "Public Health Assessment and Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists," which replaced and superseded the October 2020 Order. *Public Health Reassessment and Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists*, 86 Fed. Reg. 42828 ("August 2021 Order"). The August 2021 Order stated that "CDC has determined that an Order under 42 U.S.C. § 265 remains necessary to protect U.S. citizens, U.S. nationals, lawful permanent residents, personnel and noncitizens at the ports of entry (POE) and U.S. Border Patrol stations, and destination communities in the United States during the COVID-19 public health emergency." *Id.* at 42829-30. The August 2021 Order continued to prohibit the introduction of "covered noncitizens"— which is defined to include "family units"—into the United States along the U.S. land and adjacent coastal borders. *Id.* at 7. The Court refers to the process developed by the CDC and implemented by the August 2021 Order as the "Title 42 policy."

8

On April 1, 2022, the CDC terminated the August 2021 Order, with an implementation date of May 23, 2022. *Public Health Determination and Order Regarding Suspending the Right To Introduce Certain Persons From Countries Where a Quarantinable Communicable Disease Exists*, 87 Fed. Reg. 19941, 19942. CDC explained that "[w]hile earlier phases of the pandemic required extraordinary actions by the government and society at large," "epidemiologic data, scientific knowledge, and the availability of public health mitigation measures, vaccines, and therapeutics have permitted the country to safely transition to more normal routines." *Id.* The agency explained that "although COVID-19 remains a concern, the readily available and less burdensome public health mitigation tools to combat the disease render a [Title 42 order] . . . unnecessary." *Id.* at 19953. In view of the changed circumstances, CDC stated that "the previously identified public health risk is no longer commensurate with the extraordinary measures instituted by the CDC Orders." *Id.*

### B. Procedural History

Plaintiffs filed this action on January 12, 2021. *See* Compl., ECF No. 1. Plaintiffs filed a motion for class certification on January 28, 2021, *see* Mot. Certify Class, ECF No. 23; and they filed a motion for preliminary injunction on February 5, 2021, *see* Mot. Prelim. Inj., ECF No. 57. On September 16, 2021, the Court granted both motions. *See Huisha-*

9

*Huisha*, 560 F. Supp. 3d at 155. The Court certified Plaintiffs'
class and preliminarily enjoined Defendants from expelling
Plaintiffs pursuant to the Title 42 policy. *Id.* In granting the
preliminary injunction, the Court concluded that Plaintiffs were
likely to succeed on the merits of their claim that Section 265
did not authorize deportations, that Plaintiffs would face grave
harm if they were expelled without the opportunity to seek
humanitarian relief, and that the balance of the equities and
public interest favored an injunction. *Id.* at 167, 172, 174.

Defendants appealed the Court's decision, and the United
States Court of Appeals for the District of Columbia Circuit
("D.C. Circuit") affirmed the preliminary injunction in part.
*Huisha-Huisha*, 27 F.4th at 735. The circuit court held that,
pursuant to Section 265, "the Executive can expel the Plaintiffs
from the country," but "it cannot expel them to places where
they will be persecuted or tortured." *Id.* at 722. Moreover, the
D.C. Circuit agreed with this Court's findings that Plaintiffs
have established they will suffer irreparable harm absent a
preliminary injunction and that the balance of the equities
favored their request. *Id.* at 733.

Although the CDC terminated the August 2021 Order one month
after the D.C. Circuit's decision, *see* 87 Fed. Reg. at 19,942;
on May 20, 2022, the termination order was preliminarily
enjoined in a separate litigation in the United States District

10

Court for the Western District of Louisiana on the ground that the order violated the APA's notice-and-comment requirements, *see Louisiana v. CDC*, No. 22-cv-885, 2022 WL 1604901 (W.D. La. May 20, 2022). The government appealed the decision but did not seek to undertake notice and comment regarding the termination order.

Plaintiffs filed a second motion for preliminary injunction on August 10, 2022. *See* Pls.' Second Mot. Prelim. Inj., ECF No. 141. On August 12, 2022, the Court issued a Minute Order converting the second motion for preliminary injunction to a motion for partial summary judgment and consolidating the second motion for preliminary injunction with a determination on the merits with regard to the issue of whether the Title 42 policy is arbitrary and capricious under the APA. Min. Order (Aug. 12, 2022). The Court considered the second motion for preliminary injunction to be withdrawn without prejudice. *Id.* In view of the Court's Minute Order, Plaintiffs filed a motion for partial summary judgment on August 15, 2022, *see* Pls.' Mot., ECF No. 144; Defendants filed their opposition on August 31, 2022, *see* Defs.' Opp'n, ECF No. 147; and Plaintiffs filed their reply on September 14, 2022, *see* Pls.' Reply, ECF No. 149-1. The Court granted Defendants' motion for leave to file a surreply on September 22, 2022, and further ordered Plaintiffs to file their response to the surreply on September 30, 2022. *See* Defs.'

11

Surreply, ECF No. 160; Pls.' Response, ECF No. 159. The motion is ripe for adjudication.

## II. Legal Standards

### A. Administrative Procedure Act

The APA establishes a "basic presumption of judicial review [for] one 'suffering legal wrong because of agency action.'" *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967) (quoting 5 U.S.C. § 702). That presumption can be rebutted by a showing that the relevant statute "preclude[s]" review, § 701(a)(1); or that the "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). "The former applies when Congress has expressed an intent to preclude judicial review." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). The latter applies: (1) "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971); and (2) when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Heckler*, 470 U.S. at 830. "Agency actions in these circumstances are unreviewable because the courts have no legal norms pursuant to which to evaluate the challenged action, and thus no concrete limitations to impose on the agency's exercise of discretion." *Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011) (citation omitted).

If reviewable, courts consider "both the nature of the administrative action at issue and the language and structure of the statute that supplies the applicable legal standards for reviewing that action" in determining whether an action is committed to agency discretion. *Sec. of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C. Cir. 2006) (citation omitted). However, Section 701(a)(2) "provides a 'very narrow exception' that applies only in 'rare instances.'" *Cody v. Cox*, 509 F.3d 606, 610 (D.C. Cir. 2007) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)). Courts "begin with the strong presumption that Congress intends judicial review of administrative action[] unless there is persuasive reason to believe that such was the purpose of Congress." *Ramah Navajo School Bd., Inc. v. Babbitt*, 87 F.3d 1338, 1343-44 (D.C. Cir. 1996) (citations omitted).

### B. Summary Judgment

Plaintiffs seek review of an administrative decision under the APA. Therefore, the standard articulated in Federal Rule of Civil Procedure 56 is inapplicable because the Court has a more limited role in reviewing the administrative record. *Wilhelmus v. Geren*, 796 F. Supp. 2d 157, 160 (D.D.C. 2011) (internal citation omitted). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision

13

it did." *See Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006)(internal quotation marks and citations omitted). "Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Wilhelmus*, 796 F. Supp. 2d at 160 (internal citation omitted).

## III. Analysis

Plaintiffs argue that the Title 42 Process is arbitrary and capricious because: (1) the CDC failed to apply the "least restrictive means" standard when authorizing the policy; (2) the policy does not rationally serve its stated purpose in view of the alternatives; and (3) the CDC failed to consider the harm the policy would inflict on impacted individuals. Pls.' Mot., ECF No. 144-1 at 10-11. For the reasons below, the Court concludes that summary judgment is appropriate for Plaintiffs.

### A. Plaintiffs' Claim Is Reviewable

Defendants contend that Plaintiffs' claim is exempted from judicial review under the APA because the decision to "issue, modify, or terminate a Title 42 order" is committed to the CDC's discretion by law, and Title 42 "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Defs.' Opp'n, ECF No. 147 at 17 (citing 5 U.S.C. § 701(a)(2); *Lincoln v. Vigil*, 508 U.S. 182, 191-93

14

(1993)). The Court, however, concludes that Defendants have not overcome the "strong presumption of reviewability" under the APA. *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)).

First, the Title 42 Process "does not fall into one of the narrow categories that usually satisfies the strictures of subsection 701(a)(2)." *Cody v. Cox*, 509 F.3d 606, 610 (D.C. Cir. 2007) (citing *Lincoln*, 508 U.S. at 191-92). This case does not involve "second-guessing executive branch decision[s] involving complicated foreign policy matters," *id.* (quoting *Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997)); "an agency's refusal to undertake an enforcement action," *id.* (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); or a "determination about how to spend a lump-sum appropriation," *id.* (citing *Lincoln*, 508 U.S. at 192).

Second, and contrary to Defendants' assertion, the fact that CDC's determination under Section 265 may "involve[] a complicated balancing of a number of factors which are peculiarly within the agency's expertise," Defs.' Opp'n, ECF No. 147 at 18; does not on its own compel the conclusion that such decisions are unreviewable, *see, e.g.*, *Louisiana v. CDC*, No. 6:22-cv-00885, 2022 WL 1604901, at *17 (W.D. La. May 20, 2022) (holding that CDC's decision to terminate its prior Title 42

15

orders was subject to judicial review); *Texas v. Biden*, No.
4:21-cv-0579-P, 2022 WL 658579, at *11–12 (N.D. Tex. Mar. 4,
2022) (finding CDC's July 2021 and August 2021 orders were not
committed to agency discretion); *Health Freedom Def. Fund, Inc.
v. Biden*, No. 8:21-cv-1693-KKM-AEP, 2022 WL 1134138, at *18-20
(M.D. Fla. Apr. 18, 2022) (reviewing CDC regulation mandating
mask usage in certain locations during COVID-19 pandemic);
*Florida v. Becerra*, 544 F. Supp. 3d 1241, 1292-94 (M.D. Fla.
2021) (reviewing CDC's "no-sail orders" that halted the cruise
industry's operation from March 2020 through October 2020). As
Plaintiffs point out, "nearly every agency decision involves a
balancing of factors, and frequently involve highly technical
issues, so Defendants' rule would essentially gut the APA's
strong presumption favoring review." Pls.' Reply, ECF No. 149-1
at 9. Indeed, the D.C. Circuit rejected a similar argument in
*Cody v. Cox*, 509 F.3d 606 (D.C. Cir. 2007). In *Cody*, the circuit
court addressed whether a provision requiring an agency
retirement home to provide "high quality and cost-effective"
health care was reviewable under the APA. 509 F.3d at 610. The
D.C. Circuit concluded that although the statute gave the agency
"broad discretion in administering care" and "'high quality and
cost-effective' health care is a tricky standard for a court to
apply," the provisions at issue did not commit decisions to
agency discretion by law. *Id.*

16

Moreover, Defendants cite no case law supporting their contention that an agency's public health decisions are outside the judiciary's purview. Rather, Defendants point to a line of cases standing for the proposition that courts typically grant agencies *deference* when reviewing their public health determinations. *See* Defs.' Opp'n, ECF No. 147 at 18-19. However, whether an agency is given deference is a different issue from whether an agency's decision is reviewable in the first instance, and none of the cases Defendants cite involve the application of Section 701(a)(2). *See* F*DA v. Am. Coll. Of Obstetricians & Gynecologists*, 141 S. Ct. 578, 579 (2021) (Roberts, C.J., concurring in grant of stay application) (stating that the question before the court was "whether the District Court properly ordered the FDA to lift [certain] established requirements because of the court's own evaluation of the impact of the COVID–19 pandemic"); *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring) (finding that it was "improbable" that California's restrictions on social gatherings during the pandemic were unconstitutional, where party sought emergency relief in an interlocutory posture); *Marshall v. United States*, 414 U.S. 417, 427 (1974) (considering "petitioner's claim that the provisions of Title II of the Narcotic Addict Rehabilitation Act of 1966 . . . deny due

17

process and equal protection by excluding from discretionary rehabilitative commitment, in lieu of penal incarceration, addicts with two or more prior felony convictions"); *Jacobson v. Massachusetts*, 197 U.S. 11, 30 (1905) (reviewing constitutionality of state provisions relating to vaccination).

Third, the Court also disagrees that Section 265 "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Defs.' Opp'n, ECF No. 147 at 19. Section 265 mandates that, whenever the CDC Director determines that there is a "*serious danger* of the introduction" of a "communicable" disease into the country, the CDC "shall have the power to prohibit, in whole or in part, the introduction of persons and property from such countries or places as he shall designate in order to avert such danger, and for such period of time as he may deem *necessary for such purpose*" and when "*required* in the interest of public health." 42 U.S.C. § 265 (emphasis added); *see also* 87 Fed. Reg. 19941, 19955 (Apr. 2022 Order) ("[T]his authority extends only for such period of time deemed necessary to avert the serious danger of the introduction of a quarantinable communicable disease into the United States."). Despite the use of the words "may" and "deem" in the statute, the D.C. Circuit has "regularly found Congress has not committed decisions to agency discretion under far more permissive and indeterminate language." *Cody*, 509 F.3d at 610-11 (citing

18

*Dickson v. Sec'y of Def.*, 68 F.3d 1396 (D.C. Cir. 1995)
(reviewing provision stating that agency "may" take an action if
it finds it to be "in the interest of justice"); *see also*
*Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1224
(D.C. Cir. 1993) ("[T]he government, in our view, puts too much
emphasis on the word 'deem.'"). The statute, therefore, "limit[s]
the agency's discretion in discrete ways." *Sierra Club v. U.S. Fish
& Wildlife Serv.*, 930 F. Supp. 2d 198, 209 (D.D.C. 2013).

As the D.C. Circuit has explained, "[t]he mere fact that a
statute grants broad discretion to an agency does not render the
agency's decisions completely nonreviewable under the 'committed
to agency discretion by law' exception unless the statutory
scheme, taken together with other relevant materials, provides
*absolutely no guidance* as to how that discretion is to be
exercised." *Robbins v. Reagan*, 780 F.2d 37 (D.C. Cir. 1985)
(emphasis added) ("[G]iven the fact that the statute limits the
uses for which the funds can be used, we see no barrier to our
assessing whether the agency's decision was based on factors
that are relevant to this goal."). Because Section 265 provides
meaningful standards against which to examine agency action,
Plaintiffs' claim is reviewable.

90

### B. The Title 42 Process Is Arbitrary and Capricious

#### 1. Defendants Failed to Apply the Least Restrictive Means Standard

The D.C. Circuit has explained that "[r]easoned decision-making requires that when departing from precedents or practices, an agency must 'offer a reason to distinguish them or explain its apparent rejection of their approach.'" *Physicians for Social Responsibility v. Wheeler*, 956 F.3d 634, 644 (D.C. Cir. 2020) (quoting *Sw. Airlines Co. v. FERC*, 926 F.3d 851, 856 (D.C. Cir. 2019)). Not "every agency action representing a policy change must be justified by reasons more substantial than those required to adopt a policy in the first instance." *Grace v. Barr*, 965 F.3d 883, 900 (D.C. Cir. 2020) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 514 (2009)). However, the agency may not "gloss[] over or swerve[] from prior precedents without discussion." *Id.* (quoting *Sw. Airlines*, 926 F.3d at 856).

Plaintiffs argue that the Title 42 Process is arbitrary and capricious because the CDC (1) failed to impose the "least restrictive means necessary to prevent the spread of disease" when implementing the policy and (2) failed to explain its departure from this "settled practice." Pls.' Mot., ECF No. 144-1 at 11-12. According to Plaintiffs, CDC had previously "clarif[ied]" this standard in *Control of Communicable Diseases*,

82 Fed. Reg. 6890, 6912 (Jan. 19, 2017) ("2017 Final Rule").
Pls.' Reply, ECF No. 149-1 at 14 (quoting 82 Fed. Reg. 6890,
6912). The 2017 Final Rule amended CDC regulations "governing
its domestic (interstate) and foreign quarantine regulations"
following the "largest outbreak of Ebola virus disease . . . on
record" and the "outbreak of Middle East Respiratory Syndrome
(MERS)." 82 Fed. Reg. at 6890-91. The rule was intended to
"enhance HHS/CDC's ability to prevent the introduction,
transmission, and spread of communicable diseases into the
United States and interstate by clarifying and providing greater
transparency regarding its response capabilities and practices."
*Id.* Among other things, the 2017 Final Rule "clarif[ied]" that
"in all situations involving quarantine, isolation, or other
public health measures, it seeks to use the least restrictive
means necessary to prevent spread of disease." *Id.* at 6912.

Defendants, however, dispute that CDC's Title 42 orders are
subject to the "least restrictive means" standard. In
Defendants' view, the 2017 Final Rule provided that the standard
applies solely in the context of quarantine and isolation, and
only with regard to measures implemented "*under this [2017]
Final Rule*." Defs.' Opp'n, ECF No. 147 at 28 (quoting 82 Fed.
Reg. at 6890). The Court disagrees with Defendants.

First, the Court is not convinced that the Title 42 orders
do not fall into the category of a "quarantine, isolation, or

21

other public health measures," as contemplated by the 2017 Final Rule. The August 2021 Order, after all, specifically concerns "quarantinable communicable diseases," discusses the feasibility of quarantine or isolation of individuals, and lists 42 U.S.C. § 268 as its legal authority, which in turn sets out the "[q]uarantine duties of consular and other officers." 86 Fed. Reg. at 42838; 42 U.S.C. § 268; *see also id.* § 268(b) ("It shall be the duty of the customs officers and of Coast Guard officers to aid in the enforcement of quarantine rules and regulations."). Moreover, Dr. Anne Schuchat, the former CDC principal deputy director in 2020, testified before the House of Representatives that some in the agency did not believe that the agency's adoption of the March 2020 Order was appropriately "based on criteria for *quarantine*."[3] Ex. A to Cheung Decl., ECF No. 144-3 at 7 (emphasis added). She further testified that "the typical issue is, the least restrictive means possible to protect public health is when you exert a quarantine order

---

[3] The Court considers Dr. Schuchat's extra-record testimony to evaluate the existence of a "least restrictive means" standard with respect to public health measures generally. *See, e.g.*, *Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 386 n.4 (D.C. Cir. 2018) ("The district court struck many of the Project's declarations because they were outside of the administrative record considered by the Labor Department in promulgating its 2015 Rule. But as relevant here, the Project employs the declarations for the distinct and permissible purpose of proving that the Department of Homeland Security has a practice or policy of routinely extending H-2A visa status for three years." (internal citation omitted)).

versus other measures. And the bulk of the evidence at that time did not support this policy proposal." *Id.*

Even the examples the 2017 Final Rule provided of measures requiring the "least restrictive means" test did not include quarantine or isolation as their primary recommendations. Rather, the 2017 Final Rule stated:

> HHS/CDC agrees and clarifies that in all situations involving quarantine, isolation, or other public health measures, it seeks to use the least restrictive means necessary to prevent spread of disease. Regarding quarantine, as an example, during the 2014-2016 Ebola epidemic, HHS/CDC recommended monitoring of potentially exposed individuals rather than quarantine. Most of these people were free to travel and move about the community, as long as they maintained daily contact with their health department. For some individuals with higher levels of exposure, HHS/CDC recommended enhanced monitoring (involving direct observation) and, in some cases restrictions on travel and being in crowded places, but did not recommend quarantine. HHS/CDC has the option of "conditional release" as a less restrictive alternative to issuance of an order of quarantine or isolation.

82 Fed. Reg. at 6912. The August 2021 Order similarly considered the availability of facilities for isolation and quarantine before determining it was not a feasible option. *See e.g.*, 86 Fed. Reg. at 42836 (stating that releasing family units to communities required, among other things, quarantine facilities, but that such facilities would not be available for all individuals). And significantly, the CDC applied the "least

23

restrictive means" standard in the April 2022 Order terminating
the Title 42 policy, stating that the agency had "determined
that *less restrictive means* are available to avert the public
health risks associated with the introduction, transmission, and
spread of COVID-19 into the United States." 87 Fed. Reg. at
19955 (emphasis added); *see also* 87 Fed. Reg. at 15252
(rescinding Title 42 policy as to unaccompanied children and
explaining "CDC is committed to using the least restrictive
means necessary and avoiding the imposition of unnecessary
burdens in exercising its communicable disease authorities.").

Further, whether the specific goals of the 2017 Final Rule
does not preclude a finding that the agency's practice was to
apply the "least restrictive means" test more broadly. After
all, the 2017 Final Rule did not state that it was applying the
"least restrictive means" test for the first time; instead, the
CDC explained that the intent behind the rule was "to clarify
the agency's standard operating procedures and policies." 82
Fed. Reg. at 6931. For example, in noting that the agency had
"received several comments requesting the 'least restrictive'
means with respect to quarantine and isolation," the CDC not
only clarified that it used the "least restrictive means" with
respect to those two specific contexts, but also "agree[d] and
clarifie[d]" that the agency sought to use that standard "in *all
situations* involving quarantine, isolation, or *other public*

24

*measures*." 82 Fed. Reg. at 6912 (emphasis added). Defendants'
contention that the "least restrictive" standard applies only to
U.S. citizens similarly fails because the CDC has clarified that
it "appl[ies] communicable disease control and prevention
measures uniformly to all individuals in the United States,
*regardless of citizenship*, religion, race, or country of
residency." 89 Fed. Reg. at 6894 (emphasis added).

Finally, Defendants point to other CDC regulations
governing mask mandates and pre-departure COVID-19 testing
requirements as examples of measures CDC implemented without
applying the standard at issue.[4] Defs.' Opp'n, ECF No. 147 at 28-
29 (citing 86 Fed. Reg. 69256 (Dec. 7, 2021); 86 Fed. Reg. 8025
(Feb. 3, 2021); 85 Fed. Reg. 86933 (Dec. 31, 2020)). Defendants
argue that these examples demonstrate that "CDC routinely
implements [public health] measures without regard" to the
standard. *Id.* However, the Court agrees with Plaintiffs that
"masking or testing are among the least restrictive COVID-19
measures available," and, by contrast, "Title 42 expulsions are,
in the CDC's *own* view, 'among the most restrictive measures CDC
has undertaken' against COVID-19.'" Pls.' Reply, ECF No. 149-1

---

[4] Defendants also cite to "regulations governing medical
examinations of certain noncitizens seeking to enter the United
States." Defs.' Opp'n, ECF No. 147 at 28-29. This regulation,
however, was implemented prior to the 2017 Final Rule's policy
clarification.

at 15-16 (quoting 87 Fed. Reg. at 19951). Moreover, the CDC has applied the standard to more comparable public health measures, such as those regarding the introduction of persons into the country during the Ebola virus outbreak. *See Control of Communicable Diseases*, 82 Fed. Reg. 6890, 6896 (stating that "HHS/CDC used the best available science and risk assessment procedures . . . and principles of least restrictive means to successfully ensure that measures to ban travel between the United States and the affected countries were unnecessary" during Ebola outbreak).

Defendants argue, however, that "[i]n any event, CDC's August 2021 order ultimately was in fact the least restrictive means available to prevent the further introduction of COVID-19 into the United States at the borders at the time it was issued." Defs.' Opp'n, ECF No. 147 at 29. They contend that "while CDC may not have expressly used the term 'least restrictive means,' the substance of CDC's August order makes clear that CDC did, in practice, issue an order that was in fact the least restrictive means available to protect the country from further introduction, transmission, and spread of COVID-19." *Id.* at 30. However, a plain reading of the August 2021 Order does not indicate that the CDC instituted the "least restricted means available," and a discussion of potential

mitigation measures does not necessarily mean that the least
burdensome measures were selected.

The Court therefore concludes that the August 2021 Order is
arbitrary and capricious due to CDC's "failure to acknowledge
and explain its departure from past practice." *Grace*, 965 F.3d
at 903. (finding that agency's "failure to acknowledge the
change in policy is especially egregious given its potential
consequences for asylum seekers").

## 2. Defendants Failed to Consider the Consequences of Suspending Immigration to Covered Noncitizens

Plaintiffs further argue that the Title 42 orders are
arbitrary and capricious because the CDC failed to consider the
harms to migrants subject to expulsion. Pls.' Mot., ECF No. 144-
1 at 26. Defendants, in opposition, argue that the CDC was not
required to consider the harms to noncitizens because "neither
the statute nor the implementing regulation calls for the CDC
Director to engage in any such balancing of harms." Defs.'
Opp'n, ECF No. 147 at 41-42. The "sole inquiry," in Defendants'
view, is whether a Title 42 order "is required in the interest
of the public health." *Id.* at 42.

As an initial matter, consideration of the negative impacts
that the measures would have on migrants was required by the
least restrictive means standard. *See, e.g.*, 82 Fed. Reg. at
6896 (weighing the necessity of measures to ban travel to the

United States against the "dramatic negative implications for travelers and industry").

Moreover, and as set forth above, the APA requires that agencies engage in "reasoned decisionmaking." *Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 140 S. Ct. 1891, 1913 (2020). "Under this narrow standard of review, a court is not to substitute its judgment for that of the agency, but instead to assess only whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* at 1905 (2020) (internal quotation marks omitted) (citation omitted). "That task involves examining the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011). Here, the consequences of suspending immigration proceedings for all covered noncitizens was a "relevant factor," or an "important aspect of the problem," that CDC should have considered. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983).

And contrary to Defendants' argument, the factors that an agency must consider are not limited to those that are expressly mentioned within a statute or regulation. For example, the Supreme Court in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 18981 (2020), held that the agency was required to consider any reliance interests prior

28

to terminating Deferred Action for Childhood Arrivals, despite the lack of statute or regulation mandating that the agency do so. *See Regents*, 140 S. Ct. at 1914-15 (considering whether agency appropriately addressed whether there was "legitimate reliance" on DACA program prior to rescission).

Although Defendants are correct that Section 265 is concerned with preventing the introduction of communicable disease into the United States, the *means* of prevention is just as relevant. It is unreasonable for the CDC to assume that it can ignore the consequences of any actions it chooses to take in the pursuit of fulfilling its goals, particularly when those actions included the extraordinary decision to suspend the codified procedural and substantive rights of noncitizens seeking safe harbor. *See Huisha–Huisha*, 27 F.4th at 724-25 (describing the "procedural and substantive rights" of aliens, such as asylum seekers, "to resist expulsion"); *cf. Regents*, 140 S. Ct. at 1914-15 (holding that agency should have considered the effect rescission of DACA would have on the program's recipients prior to the agency making its decision). As Defendants concede, "a Title 42 order involving persons will *always* have consequences for migrants," Defs.' Opp'n, ECF No. 147 at 42, and numerous public comments during the Title 42 policy rulemaking informed CDC that implementation of its orders would likely expel migrants to locations with a "high

29

probability" of "persecution, torture, violent assaults, or rape." *See* Pls.' Mot., ECF No. 144-1 at 27; *see also id.* at 27-28 (listing groups subject to expulsion under Title 42, including "survivors of domestic violence and their children, who have endured years of abuse"; "survivors of sexual assault and rape, who are at risk of being stalked, attacked, or murdered by their persecutors in Mexico or elsewhere"; and "LGBTQ+ individuals from countries where their gender identity or sexual orientation is criminalized or for whom expulsion to Mexico or elsewhere makes them prime targets for persecution" (citing AR, ECF No. 154 at 28-29, 47, 153) (cleaned up)). It is undisputed that the impact on migrants was indeed dire. *See, e.g.*, *Huisha-Huisha*, 27 F.4th at 734 (finding Plaintiffs would suffer irreparable harm if expelled to places where they would be persecuted or tortured).

The CDC "has considerable flexibility in carrying out its responsibility," *Regents*, 140 S. Ct. at 1914, and the Court is mindful that it "is not to substitute its judgment for that of the agency," *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). But regardless of the CDC's conclusion, its decision to ignore the harm that could be caused by issuing its Title 42 orders was arbitrary and capricious.

### 3. The Title 42 Policy Failed to Adequately Consider Alternatives

Plaintiffs also argue that the Title 42 policy is arbitrary and capricious because CDC failed to adequately consider alternatives and the policy did not rationally serve its stated purpose. *See* Pls.' Mot., ECF No. 144-1 at 10-11.

First, Plaintiffs contend that "CDC failed to adequately consider other 'alternative way[s] of achieving [its] objective' that were raised by commenters and were available from the very beginning—namely self-quarantine and outdoor processing." Pls.' Mot., ECF No. 144-1 at 21.

With regard to self-quarantine measures, the Court disagrees. The record shows that commenters informed CDC that the "vast majority (approximately 92%) of migrants have family or friends already in the United States," and proposed that covered noncitizens could self-quarantine or self-isolate in these homes or in the shelters of community and faith-based organizations. Pls.' Mot., ECF No. 144-1 at 21. In responding to this proposed alternative, CDC stated that even if it "were to assume that many covered aliens have family or close friends in the United States," the commenters had not provided evidence that the "family or close friends had personal residences and, if so, whether they would make them available as self-quarantine or self-isolation locations." 85 Fed. Reg. at 56452. Nor did the

commenters "look at whether residences were suitable for self-quarantine or self-isolation in compliance with HHS/CDC guidelines." *Id.* CDC "maintain[ed] that its implementation of a self-quarantine or self-isolation protocol for covered aliens would consume undue HHS/CDC and CBP resources without averting the serious danger of the introduction of COVID-19 into CBP facilities" and that "[e]xpulsion is a more effective public health measure for CBP facilities that preserves finite HHS/CDC resources for other public health operations." *Id.* Thus, based on the record evidence, it appears that CDC considered the possibility of permitting self-quarantining, but ultimately concluded that lack of resources made it impractical.

However, Defendants failed to consider another "obvious and less drastic alternative" and give a reasoned explanation for its rejection of the alternative. *Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737, 746 n.36 (D.C. Cir. 1986); *see also Spirit Airlines, Inc. v. U.S. Dep't of Transp.*, 997 F.3d 1247, 1255 (D.C. Cir. 2021). In the August 2021 Order, the CDC noted the risk of spreading COVID-19 to others "when people are in close contact with one another . . . , especially in crowded or poorly ventilated indoor settings." 86 Fed. Reg. at 42832. Due to this risk, the CDC indicated that processing under Title 42 presented a safer alternative to processing under Title 8 because "processing an individual for expulsion under the CDC

order takes roughly 15 minutes and generally happens outdoors." *Id.* at 42836. However, the August 2021 Order makes no mention of whether Title 8 processing could also take place outdoors, as suggested by at least one commenter as a less drastic measure to expulsion. *See generally id.*; AR, ECF No. 154 at 9; Pls.' Mot., ECF No. 144-1 at 20-21. And although Defendants state in their opposition brief that "[o]utdoor processing . . . was unavailable in August 2021," they do so without citation to the record. Defs.' Opp'n, ECF No. 147 at 33. It is well-established that courts "look only to what the agency said at the time of the [action]—not to its lawyers' post-hoc rationalizations," *Grace*, 965 F.3d at 903 (quoting *Good Fortune Shipping SA v. Comm'r of Internal Revenue Serv.*, 897 F.3d 256, 263 (D.C. Cir. 2018)). Because Defendants' explanation "falls well short of what is needed to demonstrate the agency grappled with an important aspect of the problem before it considered another reasonable path forward," *Spirit Airlines*, 997 F.3d at 1255; CDC's failure to consider such an important alternative is arbitrary and capricious, *see, e.g.*, *Yakima Valley*, 794 F.2d at 746 n.36 (noting that "[t]he failure of an agency to consider obvious alternatives has led uniformly to reversal"); *Allied Local & Reg'l Mfrs. Caucus v. EPA*, 215 F.3d 61, 80 (D.C. Cir. 2000) ("To be regarded as rational, an agency must . . .

33

consider significant alternatives to the course it ultimately chooses").

Next, Plaintiffs argue that "Defendants could have instituted testing, vaccination, and quarantine protocols, rather than continuing to authorize expulsions." Pls.' Mot., ECF No. 144-1 at 17. Defendants dispute Plaintiffs' contention, arguing that CDC had determined that "[o]n-site COVID-19 testing for noncitizens at CBP holding facilities [was] very limited," off-site testing would harm community healthcare facilities, and "vaccination programs [were] not available at th[at] time." Defs.' Opp'n, ECF No. 147 at 32-33.

"Agencies 'have an obligation to deal with newly acquired evidence in some reasonable fashion,' . . . [and] to 'reexamine' their approaches 'if a significant factual predicate changes.'" *Portland Cement Ass'n v. EPA*, 665 F.3d 177, 187 (D.C. Cir. 2011) (quoting *Catawba Cty. v. EPA*, 571 F.3d 20, 45 (D.C. Cir. 2009); *Bechtel v. FCC*, 957 F.2d 873, 881 (D.C. Cir. 1992)). Moreover, an agency's statements "must be one of 'reasoning'; it must not be just a 'conclusion'; it must 'articulate a satisfactory explanation' for its action." *Butte Cty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010) (quoting *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 737 (D.C. Cir. 2001)).

Here, the March 2020 Order listed the lack of vaccines, "approved therapeutics," and rapid testing as justifications for

the emergency measures. *See* 85 Fed. Reg. at 17062. Thus, the
relevant "significant factual predicate change[]" with regard to
the August 2021 Order was the development and disbursal of
COVID-19 vaccines, on-site rapid antigen tests, and effective
therapeutics. *See* Pls.' Mot., ECF No. 144-1 at 17-18; *see also*
86 Fed. Reg. at 42833 (mentioning the wide availability of
vaccines and antigen tests). The CDC therefore was required to
"reexamine" its approach in view of the rapidly changing
healthcare environment.

The Court concludes that CDC failed to appropriately
consider the availability of effective therapeutics that
"reduce[d] the risk of hospitalization" by approximately 70
percent in its August 2021 Order. *See* Pls.' Mot., ECF No. 144-1
at 18; AR, ECF No. 154 at 143 (listing the availability of
monoclonal antibody doses and their effectiveness against COVID-
19). Defendants do not dispute that the August 2021 Order failed
to even mention such treatments or their overall availability.
Defs.' Opp'n, ECF No. 147 at 33. Instead, Defendants cite to the
April 2022 termination order as explaining that the treatments
were not as widespread or as diverse in August 2021 and were
difficult to administer. Defs.' Opp'n, ECF No. 147 at 33 (citing
87 Fed. Reg. at 19950); *see also* 87 Fed. Reg. at 19950
("Although monoclonal antibodies were available in August 2021
and some continue to be effective and were widely used during

35

the Omicron wave, such treatments must be administered by
infusion and are cumbersome to administer."). However, whether
CDC analyzed the availability of treatments in April 2022 does
not establish that it did so in August 2021. CDC therefore
failed to "deal with newly acquired evidence in some reasonable
fashion" with regard to therapeutics. *Portland*, 665 F.3d at 187.

With regard to whether Defendants could have "ramped up
vaccinations, outdoor processing, and all the other available
public health measures," *Butte Cty.*, 613 F.3d at 194, the Court
finds that CDC failed to articulate a satisfactory explanation
for why such measures were not feasible. Defendants argue that
CDC did consider the availability of mitigation measures, but
ultimately, they were limited by the "operational reality."
Defs.' Opp'n, ECF No. 147 at 32-33. For example, in August 2021,
Defendants explained that DHS had not yet begun initiating a
vaccination program and on-site testing was "very limited." *Id.*
Moreover, quarantine measures were unavailable because CDC
"'lacks the resources, manpower, and facilities to quarantine
covered aliens' and must rely on the 'Department of Defense,
other federal agencies, and states and local governments to
provide both logistical support and facilities for federal
quarantines.'" *Id.* at 33 (quoting 85 Fed. Reg. at 17,067 n.66).
However, CDC's statements are largely conclusory and do not
reflect any serious analysis of whether reasonable steps could

have been taken to at least begin instituting vaccination programs, particularly given that all Americans had been eligible for the vaccine for more than three months by that point, and increasing the supply of on-site testing. *See* AR, ECF No. 154 at 56. Further, despite CDC's finding in March 2020 that DHS could "build and start bringing hard-sided facilities online" in "90 days (likely more)," 85 Fed. Reg. at 17067 n.66; there is no indication why those efforts still would not have addressed the public health emergency months later. The Court agrees with Plaintiffs that Defendants cannot rest on the "operational reality" when Defendants themselves had the power to change that reality. *See* Pls.' Reply, ECF No. 149-1 at 22 ("After leaning on DHS to implement Title 42, CDC cannot now turn around and claim that DHS had no responsibility to take steps to avoid the continued human suffering of so many vulnerable asylum-seekers."); *see also Portland*, 665 F.3d at 187 ("It is nothing more than a determination that EPA would not address the problem unless it happened to appear at an inconvenient time—an eventuality over which EPA had full control. The refrain that EPA must promulgate rules based on the information it currently possesses simply cannot excuse its reliance on that information when its own process is about to render it irrelevant.").

37

Finally, Plaintiffs argue that the Title 42 policy did not rationally serve its stated purpose because "COVID-19 was already rampant in the United States in August 2021, the egregious disjuncture between its stated goal of banning infectious migration and the narrow group of travelers it actually targeted, and the ways the Title 42 Policy *contributed* to spreading disease." Defs.' Reply, ECF No. 149-1 at 22 (internal citations omitted).

The Court finds that the fact that COVID-19 was already "widespread" within the United States at the time of the August 2021 Order is not sufficient to show that the Title 42 policy did not rationally serve its stated purpose. *See* Pls.' Mot., ECF No. 144-1 at 22-23. The relevant regulation defines "serious danger of the introduction of [a] quarantinable communicable disease into the United States" as "the probable introduction of one or more persons capable of transmitting the quarantinable communicable disease into the United States, even if persons or property in the United States are already infected or contaminated with the quarantinable communicable disease." 42 C.F.R. § 71.40(b)(3). Although Plaintiffs contend that CDC's definition "simply cannot be a *rational* public health rule," they otherwise do not provide any arguments regarding why the Court should not defer to CDC's interpretation of the term "serious danger." *See* Pls.' Reply, ECF No. 149-1 at 22-23. In view of CDC's scientific and technical expertise, the Court does not find the definition to be unreasonable.

However, despite the above, Defendants have not shown that the risk of migrants spreading COVID-19 is "a real problem." *District of Columbia v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 27 (D.D.C. 2020) (citing *Nat'l Fuel Gas Supply Corp. v. FERC*, 468 F.3d 831, 841 (D.C. Cir. 2006)). "Professing that an agency action ameliorates a real problem but then citing no evidence demonstrating that there is in fact a problem is not reasoned decisionmaking." *Id.* (cleaned up); *see Huisha-Huisha*, 27 F.4th at 735 ("[W]e would be sensitive to declarations in the record by CDC officials testifying to the efficacy of the § 265 Order. But there are none."). As Plaintiffs point out, record evidence indicates that "during the first seven months of the Title 42 policy, CBP encountered on average just one migrant per day who tested positive for COVID-19." Pls.' Mot., ECF No. 144-1 at 22 (citing Sealed AR, ECF No. 155-1 at 23). In addition, at the time of the August 2021 Order, the rate of daily COVID-19 cases in the United States was almost double the incidence rate in Mexico and substantially higher than the incidence rate in Canada. *See* 86 Fed. Reg. at 42831 (noting 137.9 daily cases per 100,000 people in the United States, compared to 68.6 in Mexico and 8.0 in Canada). The lack of evidence regarding the effectiveness of the Title 42 policy is especially egregious in view of CDC's previous conclusion that "the use of quarantine and travel restrictions, in the absence of evidence of their utility, is detrimental to efforts to combat the spread of communicable disease," *Control of Communicable Diseases*, 82 Fed.

Reg. 6890, 6896; as well as record evidence discussing the
"recidivism" created by the Title 42 policy, which actually
increased the number of times migrants were encountered by CBP, *see*
AR, ECF No. 154 at 45 (commenter describing recidivism); AR, ECF
No. 155-1 at 4 (January/February 2021 statistics showing nearly 40%
of family units DHS encountered in January-February 15, 2021 were
migrants who had attempted to cross at least once before).

Moreover, it is undisputed that the suspension of immigration
under Title 42 covered only approximately 0.1% of land border
travelers, *see* Pls.' Mot., ECF No. 144-1 at 23. And though
Defendants claim that their focus was on the risk of spreading
COVID-19 in congregate settings, *see* Defs.' Opp'n, ECF No. 147 at
39, millions of others were permitted to cross the border under
less restrictive measures, even if they traveled in congregate
setting such cars, buses, and trains, *see* Pls.' Mot., ECF No. 144-1
at 23-24; *see id.* ("CBP's own data shows that in July 2021 alone,
over 11 million people entered from Mexico by land, including over
8.4 million people in cars, buses, and trains.").

In view of the above, the Court concludes that the Title 42
policy is arbitrary and capricious.

### C. Remedies

Having concluded that the Title 42 policy is arbitrary and
capricious, the question of remedy remains. For the reasons
below, the Court shall vacate the Title 42 policy and enjoin

Defendants from applying the Title 42 policy with respect to Plaintiff Class Members.

### 1.    The Title 42 Policy Is Vacated

Plaintiffs first request that the Court vacate the Title 42 policy. Pls.' Reply, ECF No. 149-1 at 30. Defendants oppose the request, contending that "[b]ecause any order granting partial summary judgment would be interlocutory and ineffective until final judgment except in limited circumstances, the Court should not grant any relief premised on any such order but should defer consideration of the issue of remedy until the Court has adjudicated all of Plaintiffs' claims." Defs.' Opp'n, ECF No. 160 at 2.

"[U]nsupported agency action normally warrants vacatur." *Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1151 (D.C. Cir. 2005). However, courts have discretion to remand without vacatur if "there is at least a serious possibility that the [agency] will be able to substantiate its decision," and if "vacating would be disruptive." *Radio-TV News Directors Ass'n v. FCC*, 184 F.3d 872, 888 (D.C. Cir. 1999) (alteration in original) (citation omitted); *see Allied-Signal, Inc. v. U.S. Nuclear Reg. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993) ("The decision whether to vacate depends on the seriousness of the order's deficiencies . . . and the disruptive consequences of an interim change that

may itself be changed." (citation omitted)). "Alternatively, a court may vacate the unlawful action but stay its order of vacatur for a limited time to allow the agency to attempt to cure the defects that the court has identified." *NAACP v. Trump*, 298 F. Supp. 3d 209, 244 (D.D.C. 2018) (citing *Friends of Earth, Inc. v. EPA*, 446 F.3d 140, 148 (D.C. Cir. 2006)).

Here, because this action can be disposed of based on Plaintiffs' arbitrary and capricious claim, the Court finds that vacatur is not premature at this stage. *See, e.g.*, *Child.'s Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 205 (D.D.C. 2018), *rev'd and remanded on other grounds*, 933 F.3d 764 (D.C. Cir. 2019); *see also Zhang v. USCIS*, 344 F. Supp. 3d 32, 66 & n.10 (D.D.C. 2018). Moreover, the *Allied-Signal* factors do not compel a different result. The CDC has already terminated the August 2021 Order based on "significantly improved public health conditions," and the Title 42 policy only remains in effect because another federal court has preliminarily enjoined the termination order, which Defendants are opposing before the Fifth Circuit. Defs' Opp'n, ECF No. 147 at 9. Given the agency's current position, it is unlikely that the agency would seek to justify a renewal of the policy on remand, and vacatur would not be disruptive given CDC's rescission of the policy. *See id.* at 15-16.

Particularly in view of the harms Plaintiffs face if summarily expelled to countries they may be persecuted or tortured, the Court

42

therefore vacates the Title 42 policy. *Cf. Nat. Res. Def. Council v. EPA*, 489 F.3d 1250, 1262–64 (D.C. Cir. 2007) (Randolph, J., concurring) ("A remand-only disposition is, in effect, an indefinite stay of the effectiveness of the court's decision and agencies naturally treat it as such.").

### 2.    Plaintiffs Are Entitled to Injunctive Relief

Plaintiffs also request that the Court permanently enjoin Defendants and their agents from applying the Title 42 policy with respect to Plaintiff Class Members. *See* Pls.' Proposed Order, ECF No. 144-2 at 1.

A permanent injunction "is a drastic and extraordinary remedy." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). It "should not be granted as a matter of course," *id.*, and "[s]uccess on an APA claim does not automatically entitle the prevailing party to a permanent injunction," *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 908 F.3d 123, 128 (D.C. Cir. 2020). Rather, a permanent injunction "should issue only if the traditional four-factor test is satisfied." *Monsanto*, 561 U.S. at 157. The four-factor test requires that a plaintiff demonstrate that: (1) "it has suffered an irreparable injury"; (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury"; (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) "the public

interest would not be disserved by a permanent injunction." *Id.*
at 156-57 (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388,
391 (2006)).

Having found that Plaintiffs are entitled to summary
judgment on their APA claim, the Court first turns to whether
Plaintiffs have demonstrated irreparable injury.

"[T]he basis for injunctive relief in the federal courts
has always been irreparable injury and the inadequacy of legal
remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312
(1982); *see also Chaplaincy of Full Gospel Churches v. England*,
454 F.3d 290, 297 (D.C. Cir. 2006) (same). The movant must
demonstrate that it faces an injury that is "both certain and
great; it must be actual and not theoretical," and of a nature
"of such imminence that there is a clear and present need for
equitable relief to prevent irreparable harm." *Wis. Gas Co. v.
FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quotation marks and
emphasis omitted). This presents a "very high bar." *Beck v. Test
Masters Educ. Servs. Inc.*, 994 F. Supp. 2d 98, 101 (D.D.C. 2014)
(quoting *Coal. for Common Sense In Gov't Procurement v. United
States*, 576 F. Supp. 2d 162, 168 (D.D.C. 2008)).

Plaintiffs argue that they continue to face irreparable
harm because, despite the D.C. Circuit's holding in this case
that Defendants may not expel Class Members to areas where they
would be persecuted or tortured, "[d]ocumented cases of

44

kidnapping, rapes, and other violence against noncitizens subject to Title 42 have also risen dramatically since last year." Pls.' Mot., ECF No. 144-1 at 30. Defendants, in opposition, contend that "the situation for class members has improved since the D.C. Circuit first stayed this Court's preliminary injunction [in September 2021]." Defs.' Opp'n, ECF No. 147 at 45 (citing *Huisha-Huisha II*, 27 F.4th at 722).

The Court is mindful that "[e]xpulsion is not categorically irreparable harm." *Huisha-Huisha II*, 27 F.4th at 734 (quoting *Nken*, 556 U.S. at 435) (internal quotation marks omitted). Here, however, Defendants do not argue that its guidance to field officers following the D.C. Circuit's opinion in this case has prevented harms to Plaintiffs, only that it has "improved" the situation. *See* Defs.' Opp'n, ECF No. 147 at 45. And while the Court does not doubt that USCIS screenings are a vital tool in preventing the expulsion of individuals to countries in which they could be persecuted, Defendants have not provided any information regarding how many screening have occurred since the D.C. Circuit issued its opinion in March 2022. *See* Pls.' Reply, ECF No. 149-1 at 31. Meanwhile, Plaintiffs have presented evidence demonstrating that the rate of summary expulsions pursuant to the Title 42 policy has nearly doubled since September 2021. *See* Pls.' Mot., ECF No. 144-1 at 30 ("At the time of this Court's original decision, approximately 14% of

families encountered at the southwest border were being summarily expelled pursuant to the Title 42 policy. . . . Now, the rate of expulsions is nearly twice as high, reaching 27%."); *see also* Pls.' Reply, ECF No. 149-1 at 31 ("[I]n the month of July 2022 alone, 9,574 members of family units encountered at the southern border were summarily expelled pursuant to the Title 42 policy."). And "[i]n Mexico alone, recorded incidents" of "kidnapping, rapes, and other violence against noncitizens subject to Title 42" have "spiked from 3,250 cases in June 2021 to over 10,318 in June 2022." Pls.' Mot., ECF No. 144-1 at 30 (citing Neusner Decl., ECF No. 118-4; Human Rights First, *The Nightmare Continues: Title 42 Court Order Prolongs Human Rights Abuses*, Extends Disorder at U.S. Borders, at 3-4 (June 2022)). Accordingly, even if the Court accepts Defendants' unsupported statement that the "situation for class members has improved," the evidence demonstrates that Plaintiffs continue to face irreparable harm that is beyond remediation. *See Huisha-Huisha*, 27 F.4th at 733 ("[T]he record is replete with stomach-churning evidence of death, torture, and rape.").

The Court next addresses the balance of the equities and public interest factors, which "merge when the Government is the opposing party." *Nken*, 556 U.S. at 434.

Defendants argue that "the government and the public have an interest in protecting the integrity of government's valid

46

orders." Defs.' Opp'n, ECF No. 147 at 45. However, as explained
above, this Court has determined that the Title 42 policy is
arbitrary and capricious, and "[t]here is generally no public
interest in the perpetuation of unlawful agency action." *League
of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir.
2016); *see also Ramirez v. ICE*, 310 F. Supp. 3d 7, 33 (D.D.C.
2018) ("The public interest surely does not cut in favor of
permitting an agency to fail to comply with a statutory
mandate."); *R.I.L-R*, 80 F. Supp. 3d at 191 ("The Government
'cannot suffer harm from an injunction that merely ends an
unlawful practice or reads a statute as required to avoid
constitutional concerns.'"). Because "there is an overriding
public interest . . . in the general importance of an agency's
faithful adherence to its statutory mandate," *Jacksonville Port
Auth. v. Adams*, 556 F.2d 52, 59 (D.C. Cir. 1977); the Court
concludes that an injunction in this case would serve the public
interest, *see A.B.-B. v. Morgan*, No. 20-cv-846, 2020 WL 5107548,
at *9 (D.D.C. Aug. 31, 2020) ("[T]he Government and public can
have little interest in executing removal orders that are based
on statutory violations . . . .").

Moreover, Defendants do not contend that issuing a
permanent injunction would cause them harm or be inconsistent
with the public health. Indeed, "CDC recognizes that the current
public health conditions no longer require the continuation of

47

the August 2021 order," Defs.' Opp'n, ECF No. 147 at 44; *see also* Pls.' Mot., ECF No. 144-1 at 30, in view of the "less burdensome measures that are now available," 87 Fed Reg. at 19944; *id.* at 19949–50. The parties also do not dispute that Plaintiffs continue to face substantial harm if they are returned to their home countries, notwithstanding the availability of USCIS screenings. *See, e.g.*, Human Rights First, *The Nightmare Continues: Title 42 Court Order Prolongs Human Rights Abuses*, Extends Disorder at U.S. Borders, at 3-4 (June 2022). As the Supreme Court has explained, the public has a strong interest in "preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken*, 556 U.S. at 436.

Therefore, the balance of the equities also favors Plaintiffs.

## IV.    Conclusion

For the reasons stated above, the Court hereby **GRANTS** Plaintiffs' Motion for Partial Summary Judgment, ECF No. 144. The Court vacates and sets aside the Title 42 policy—consisting of the regulation at 42 C.F.R. § 71.40 and all orders and decision memos issued by the Centers for Disease Control and Prevention or the U.S. Department of Health and Human Services suspending the right to introduce certain persons into the United States; and declares the Title 42 policy to be arbitrary

and capricious in violation of the Administrative Procedure Act and permanently enjoins Defendants and their agents from applying the Title 42 policy with respect to Plaintiff Class Members. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**November 15, 2022**