**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

*Plaintiffs,*

*v.*

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al*,

*Defendants.*

Civil Action No. 21-100 (EGS)

**MOTION OF ARIZONA, LOUISIANA, ALABAMA, ALASKA, KANSAS, KENTUCKY, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, OHIO, OKLAHOMA, SOUTH CAROLINA, TEXAS, TENNESSEE, UTAH, VIRGINIA, WEST VIRGINIA, AND WYOMING FOR A STAY PENDING APPEAL**

**MOTION FOR STAY PENDING APPEAL**

The States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, West Virginia, and Wyoming ("Proposed Intervenor States" or "States") hereby respectfully move for a stay pending appeal of this Court's November 22, 2022 judgment and injunction (Doc. 170).[1]

Now that Federal Defendants have filed a notice of appeal, *see* Doc. 179, Proposed Intervenor States respectfully seek a stay pending appeal. In doing so, they recognize that this Court has already stated that "any request to stay this Order pending appeal will be denied for the reasons stated in the accompanying Memorandum Opinion." Doc. 164 at 2. This Court's judgment, which the States seek to stay, codifies that Order. Therefore, unless the Court is inclined to revisit that prior determination, the States recognize that this request should be denied summarily and are asserting it to satisfy the exhaustion requirement of Federal Rule of Appellate Procedure 8.

To the extent that this Court is inclined to revisit its prior determination that it will deny all requests for a stay pending appeal, however, it should grant such a stay for the reasons that follow. It should further order highly expedited briefing so that the issue can be resolved expeditiously.[2]

---

[1] Plaintiffs oppose this request. Federal Defendants indicated that they "do not believe it is necessary to provide a position because the Court has already said that any motion for a stay pending appeal will be denied."

[2] Absent an indication that this Court intends to revisit its prior determination that no stay pending appeal should issue, the States intend to seek an emergency stay pending appeal from the D.C. Circuit as early as Monday, December 12.

**Reasons for Granting A Stay**

The four factors for evaluating a request for a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Comm. on the Judiciary v. McGahn*, 407 F. Supp. 3d 35, 38 (D.D.C. 2019) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The States satisfy each of these four elements.

Proposed Intervenor States are likely to succeed on the merits. Defendants' briefing in opposition to summary judgment thoroughly explains why CDC's Title 42 orders were lawful and were not arbitrary and capricious. (Doc. 147.) And their briefing also explains why vacatur is inappropriate here. (Doc. 160.) For those same reasons, the States are likely to succeed on the merits.

Proposed Intervenor States will be irreparably harmed. In other litigation related to the federal government's attempted termination of the Title 42 order, the States conclusively demonstrated that the end of the Title 42 policy will have catastrophic effects on the states. *Louisiana v. CDC*, 6:22-CV-00885, 2022 WL 1604901, at *4-*8, *22 (W.D. La. May 20, 2022). For example, "DHS estimates that [illegal] 'border crossings' will increase from approximately 7,000 crossings per day to approximately 18,000 crossings per day after" the end of Title 42. *Id.* at *5. And CDC itself has acknowledged that the "flow of migration directly impacts not only border communities and regions, but also destination communities *and healthcare resources of both*." *Id.* (emphasis in original) (quoting 86 Fed. Reg. 42,828, 42,835 (Aug. 5, 2021)). For example, higher rates of illegal border-crossing cause increased costs for Proposed Intervenor

Arizona, including 1) environmental damage when "individuals illegally crossing through the border cut trails, trample plant life, and leave behind litter and potentially hazardous waste including soiled clothing and excrement," *id.* (cleaned up) *6; 2) law enforcement costs for recovery and investigation of human remains of deceased border-crossers found in the desert and for pursuits and arrests of unauthorized aliens, *id.*; and 3) increased health care costs. *Id.* Higher rates of illegal immigration also harm Proposed Intervenor Louisiana, because "migrants coming from the border are sometimes transporting drugs into or across Louisiana." *Id.* at *7 (cleaned up). Illegal immigration imposes similar costs on all of the States. *Id.* at *7-*9, *22. Thus, for the same reasons outlined by the court in *Louisiana*, the States will be irreparably injured without a stay.

And the balance of harms and public interest also favor a stay, as set out in *Louisiana*. *Id.* at *22-23. For example, the "States have demonstrated harm that will result from the [termination of Title 42].... On the other hand, the impact of the CDC's Title 42 Orders on immigration are ameliorated by certain exceptions and 'safety valves' in those orders. The CDC's Title 42 Orders grant DHS discretion to except non-citizens from the impact of the orders on a case-by-case basis. These exceptions can be triggered by consideration of significant law enforcement, officer and public safety, humanitarian and public health interests. Defendants concede that these exceptions have been employed throughout the period that the CDC's Title 42 Orders have been in place." *Id*. at *22 (cleaned up).

For all of these reasons, this Court should grant a stay pending appeal in the event that it revisits its prior determination that no such stay should be granted.

Dated: December 9, 2022

Respectfully submitted,

**JEFF LANDRY**
Attorney General of Louisiana

/s/ Elizabeth B. Murrill
ELIZABETH B. MURRILL (La #20685)
Solicitor General
J. SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Attorneys for the State of Louisiana*

**MARK BRNOVICH**
Attorney General of Arizona

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Solicitor General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for the State of Arizona*

**STEVE MARSHALL**
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
EDMUND G. LACOUR JR.
Solicitor General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Attorneys for the State of Alabama*

**TREG R. TAYLOR**
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska

/s/ Christopher A. Robinson
CHRISTOPHER A. ROBINSON
Alaska Bar No. 2111126
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Attorneys for the State of Alaska*

**DEREK SCHMIDT**
Attorney General of Kansas

/s/ Brant M. Laue
BRANT M. LAUE*
Solicitor General
OFFICE OF KANSAS ATTORNEY GENERAL
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 368-8435 Phone
Brant.Laue@ag.ks.gov

*Attorneys for the State of Kansas*

**DANIEL CAMERON**
Attorney General of Kentucky

/s/ Marc Manley
MARC MANLEY*
Associate Attorney General
KENTUCKY OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Attorneys for the Commonwealth of Kentucky*

**LYNN FITCH**
Attorney General of Mississippi

/s/ Justin L. Matheny
JUSTIN L. MATHENY
Deputy Solicitor General
OFFICE OF THE MISSISSIPPI
ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Attorneys for the State of Mississippi*

**ERIC S. SCHMITT**
Attorney General of Missouri

/s/ D. John Sauver
D. JOHN SAUER
Solicitor General
JEFF P. JOHNSON
Deputy Solicitor General
Supreme Court Buidling
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-8870
John.Sauer@ago.mo.gov

*Attorneys for the State of Missouri*

**AUSTIN KNUDSON**
Attorney General of Montana

/s/ Kathleen L. Smithgall
KATHLEEN L. SMITHGALL
Deputy Solicitor General
Montana Attorney General's Office 215 N. Sanders St.
Helena, MT 69601 Telephone: 406-444-2026 Kathleen.Smithgall@mt.gov

*Attorneys for the State of Montana*

**DOUGLAS J. PETERSON**
Attorney General of Nebraska

/s/ James A. Campbell
JAMES A. CAMPBELL*
Solicitor General
OFFICE OF THE NEBRASKA
ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
jim.campbell@nebraska.gov

*Attorneys for the State of Nebraska*

**DAVE YOST**
Attorney General of Ohio

/s/ Ben Flowers
BEN FLOWERS
Solicitor General
Office of Ohio Attorney General Dave Yost
Office number: (614) 728-7511
Cell phone: (614) 736-4938
benjamin.flowers@ohioattorneygeneral.gov

*Attorneys for the State of Ohio*

**JOHN M. O'CONNOR**
Attorney General of Oklahoma

/s/ Bryan Cleveland
BRYAN CLEVELAND*
Deputy Solicitor General
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921

*Attorneys for the State of Oklahoma*

**ALAN WILSON**
Attorney General of South Carolina

/s/ James Emory Smith, Jr.
JAMES EMORY SMITH, JR.
Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-3642
esmith@scag.gov

*Attorneys for the State of South Carolina*

**KEN PAXTON**
Attorney General of Texas

/s/ Aaron F. Reitz
AARON F. REITZ*
Deputy Attorney General for Legal Strategy
LEIF A. OLSON*
Special Counsel
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Leif.Olson@oag.texas.gov

*Attorneys for the State of Texas*

**JONATHAN SKRMETTI**
Attorney General and Reporter of Tennessee

/s/ Clark Hildrabrand
ANDRÉE S. BLUMSTEIN
Solicitor General BRANDON J. SMITH
Chief of Staff
CLARK L. HILDABRAND*
Assistant Solicitor General
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Attorneys for the State of Tennessee*

**SEAN D. REYES**
Attorney General of Utah

/s/ Melissa A. Holyoak
MELISSA A. HOLYOAK
Solicitor General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0260
melissaholyoak@agutah.gov

*Attorneys for the State of Utah*

**JASON S. MIYARES**
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
LUCAS W.E. CROSLOW
Deputy Solicitor General
OFFICE OF THE VIRGINIA ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
(804) 786-7704
AFerguson@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

**PATRICK MORRISEY**
Attorney General of West Virginia

LINDSAY SEE*
Solicitor General
MICHAEL R. WILLIAMS
Deputy Solicitor General
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

*Attorneys for the State of West Virginia*

* *pro hac vice application forthcoming*

**BRIDGET HILL**
Attorney General of Wyoming

/s/ Ryan Schelhaas
RYAN SCHELHAAS*
Chief Deputy Attorney General
OFFICE OF THE WYOMING ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Attorneys for the State of Wyoming*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br>*Plaintiffs,*<br>*v.*<br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al*,<br>*Defendants.* | NO: Civil Action No. 21-100 (EGS)<br>Hon. Emmet G. Sullivan<br>Oral Argument Requested |

**PROPOSED ORDER**

The Matter came before the Court on December 9, 2022 on the Proposed Intervenor States' Emergency Motion for Stay Pending Appeal. The Court being fully advised in the premises, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED. This Court's November 22 judgment, which vacated and permanently enjoined the Title 42 policy, is hereby stayed pending resolution of Federal Defendants' appeal.

IT IS SO ORDERED.

ENTERED:

By the Court:

Date:________________

_________________________________
Hon. Emmet G. Sullivan
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing. Notice of this filing is sent by email to all parties by operation of the Court's electronic filing system.

/s/ Drew C. Ensign