# UNITED STATES DISTRICT COURTDDC Intervention Supplmental Memorandum 12-12 630pm
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated, *et al*., <br><br>   Plaintiffs, <br><br>         *v.* <br><br> ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al*., <br><br>   Defendants. | Civ. A. No. 21-100 (EGS) |

### SUPPLEMENTAL MEMORANDM REGARDING MOTION TO INTERVENE BY THE STATES OF ARIZONA, LOUISIANA, ALABAMA, ALASKA, KANSAS, KENTUCKY, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, OHIO, OKLAHOMA, SOUTH CAROLINA, TEXAS, TENNESSEE, UTAH, VIRGINIA, WEST VIRGINIA, AND WYOMING

## INTRODUCTION

Pursuant to this Court's December 8, 2022 Order, the States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Tennessee, Utah, Virginia, West Virginia, and Wyoming ("States") respectfully submit this supplemental memorandum regarding their motion to intervene. As explained below, jurisdiction over that motion to intervene has been transferred to the D.C. Circuit, and that motion is thus no longer pending in this Court. But if it were still pending, Federal Defendants' actions have further underscored why the State's motion should be granted.

## ARGUMENT

### I.   JURISDICTION OVER THE STATES' MOTION TO INTERVENE HAS BEEN TRANSFERRED TO THE D.C. CIRCUIT

Federal Defendants have file a notice of appeal from this Court's November 22, 2022 final judgment (Doc. 170). As a result, jurisdiction over the States' pending motion to intervene was, like everything else related to that judgment, transferred to the court of appeals (where it will remain until that court's mandate issues).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). For that reason, circuit courts have repeatedly held that "an effective notice of appeal deprives a district court of authority to entertain a motion to intervene after the court of appeals has assumed jurisdiction over the underlying matter." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Drywall Tapers & Pointers of Greater New York v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94-95 (2d Cir. 2007); *Roe*

*v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.1984) (adopting rule for Fourth Circuit).

Here, the States sought to intervene with respect to this Court's opinion and order (D. Ct. Docs. 164 & 165), which vacated and enjoined agency actions collectively comprising the Title 42 system. That order was subsequently formalized as a final judgment on November 22. *See* Doc. 170.

The States' motion was fully briefed on December 2. But it had not yet been decided when Federal Defendants filed their notice of appeal from the district court's final judgment on December 7. *See* Doc. 180.

The States' motion to intervene exclusively concerns matters relating to this Court's final November 22 judgment and Federal Defendants have filed a proper notice of appeal as to that judgment. As a result, that notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Because the States' motion to intervene relates only to "aspects of the case involved in the appeal," the States' motion to intervene was transferred by operation of law to the D.C. Circuit once Federal Defendants filed their notice of appeal.[1]

The States have filed a notice to this effect with the D.C. Circuit. *See* Exhibit. They alternatively renewed their motion to intervene in that court in the event that the D.C. Circuit does not believe the pending motion to intervene was automatically before it. *Id.*

---

[1] The States have not sought to intervene as to matters outside of the claims for which this Court court entered its final Rule 54(b) judgment. Because this Court entered a final judgment, Federal Defendants' appeal is not interlocutory in nature either, and instead is a final judgment appeal that triggers the ordinary rule that jurisdiction is transferred to the court of appeals until that court's mandate issues.

For avoidance of doubt, the States expressly disclaim any intent to intervene as to matters/claims outside of this Court's November 22 final judgment.

## II.   FEDERAL DEFENDANTS' NOTICE UNDERSCORES THE INADEQUACY OF THEIR REPRESENTATION OF THE STATES' INTERESTS

If jurisdiction over the States' motion to intervene had not been transferred to the court of appeals, Defendants' recent actions further would militate in favor of this Court granting that motion. In particular, subsequent developments have underscored the inadequacy of Defendants' representation of the States' interests.

Federal Defendants have explicitly admitted their view that this Court "erred in vacating th[e] agency actions" at issue here. Doc. 179 at 1. But despite contending that this Court's decision is wrong, Federal Defendants have informed the States that they do not intend to seek a stay pending appeal, thereby ensuring that the harms that this Court's judgment would inflict upon the States will come to pass absent the States' intervention—even though Federal Defendants have admitted elsewhere that the termination of the Title 42 system will cause the States harms (and district courts have found as much).[2]

Indeed, Defendants have gone even further, explaining that they "intend[] to move the D.C. Circuit to hold th[is] appeal in abeyance," *id.*—a request that, if granted, would prevent correction of the errors that Federal Defendants perceive in this Court's legal reasoning from ever being corrected.

In essence, Federal Defendants are knowingly acting to ensure that the errors that they contend exist in this Court's opinion are never corrected, and the States continue to suffer the harms from those acknowledged legal errors indefinitely, all the while contending that the Federal

---

[2] *See, e.g., Louisiana v. CDC*, __ F.Supp.3d __, 2022 WL 1604901, at *6 (W.D. La. May 20, 2022) (explaining that termination of Title 42 "will increase the state's costs for healthcare reimbursements. *Defendants did not dispute the facts supporting this finding.* (emphasis added)); *id.* at *22 (holding that the States "satisf[ied] the irreparable harm requirement for a preliminary injunction").

Government is adequately representing the States' interests. Not so. Such actions to entrench the States' harms indefinitely easily satisfy the States' "minimal" and "not onerous" burden of establishing inadequate representation. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) and *Dimond v. District of Columbia,* 792 F.2d 179, 192 (D.C.Cir.1986)).

## III.  THE STATES HAVE SOUGHT A STAY PENDING APPEAL FROM THE D.C. CIRCUIT

The States also hereby provide notice that they have today filed an emergency motion for a stay pending appeal with the D.C. Circuit. That motion is set to be fully briefed by the end of the day on December 15.

## CONCLUSION

For the foregoing reasons, jurisdiction over the States' motion to intervene has been transferred to the D.C. Circuit due to Federal Defendants' December 7 notice of appeal. But if this Court concludes otherwise, Defendants' December 7 notice further militates in favor of granting the States' motion to intervene.

Dated:  December 12, 2022

Respectfully submitted,

**JEFF LANDRY**
Attorney General of Louisiana

/s/ Elizabeth B. Murrill
ELIZABETH B. MURRILL (La #20685)
Solicitor General
J. SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Attorneys for the State of Louisiana*

**MARK BRNOVICH**
Attorney General of Arizona

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Solicitor General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for the State of Arizona*

**STEVE MARSHALL**
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
EDMUND G. LACOUR JR.
Solicitor General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Attorneys for the State of Alabama*

**TREG R. TAYLOR**
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska

/s/ Christopher A. Robinson
CHRISTOPHER A. ROBINSON
Alaska Bar No. 2111126
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Attorneys for the State of Alaska*

**DEREK SCHMIDT**
Attorney General of Kansas

/s/ Brant M. Laue
BRANT M. LAUE*
Solicitor General
OFFICE OF KANSAS ATTORNEY
GENERAL
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 368-8435 Phone
Brant.Laue@ag.ks.gov

*Attorneys for the State of Kansas*

**DANIEL CAMERON**
Attorney General of Kentucky

/s/ Marc Manley
MARC MANLEY*
Associate Attorney General
KENTUCKY OFFICE OF THE
ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Attorneys for the Commonwealth of
Kentucky*

**LYNN FITCH**
Attorney General of Mississippi

/s/ Justin L. Matheny
JUSTIN L. MATHENY
Deputy Solicitor General
OFFICE OF THE MISSISSIPPI
ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Attorneys for the State of Mississippi*

**ERIC S. SCHMITT**
Attorney General of Missouri

/s/ D. John Sauer
D. JOHN SAUER
Solicitor General
JEFF P. JOHNSON
Deputy Solicitor General
Supreme Court Buidling
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-8870
John.Sauer@ago.mo.gov

*Attorneys for the State of Missouri*

**AUSTIN KNUDSON**
Attorney General of Montana

/s/ Kathleen L. Smithgall
CHRISTIAN B. CORRIGAN
Solicitor General
KATHLEEN L. SMITHGALL
Deputy Solicitor General
Montana Attorney General's Office
215 N. Sanders St.
Helena, MT 69601 Telephone: 406-444-2026
Kathleen.Smithgall@mt.gov

*Attorneys for the State of Montana*

**DOUGLAS J. PETERSON**
Attorney General of Nebraska

/s/ James A. Campbell
JAMES A. CAMPBELL*
Solicitor General
OFFICE OF THE NEBRASKA
ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
jim.campbell@nebraska.gov

*Attorneys for the State of Nebraska*

**DAVE YOST**
Attorney General of Ohio

/s/ Ben Flowers
BEN FLOWERS
 Solicitor General
Office of Ohio Attorney General Dave Yost
Office number: (614) 728-7511
Cell phone:     (614) 736-4938
benjamin.flowers@ohioattorneygeneral.gov

*Attorneys for the State of Ohio*

**JOHN M. O'CONNOR**
Attorney General of Oklahoma

/s/ Bryan Cleveland
BRYAN CLEVELAND*
Deputy Solicitor General
OKLAHOMA ATTORNEY GENERAL'S
OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921

*Attorneys for the State of Oklahoma*

**ALAN WILSON**
Attorney General of South Carolina

/s/ James Emory Smith, Jr.
JAMES EMORY SMITH, JR.
Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-3642
esmith@scag.gov

*Attorneys for the State of South Carolina*

**KEN PAXTON**
Attorney General of Texas

/s/ Aaron F. Reitz
AARON F. REITZ*
Deputy Attorney General for Legal Strategy
LEIF A. OLSON*
Special Counsel
OFFICE OF THE ATTORNEY GENERAL
OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Leif.Olson@oag.texas.gov

*Attorneys for the State of Texas*

**JONATHAN SKRMETTI**
Attorney General and Reporter of Tennessee

/s/ Clark Hildabrand
ANDRÉE S. BLUMSTEIN
Solicitor General
BRANDON J. SMITH
Chief of Staff
CLARK L. HILDABRAND*
Assistant Solicitor General
Office of the Tennessee Attorney General
and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Attorneys for the State of Tennessee*

**SEAN D. REYES**
Attorney General of Utah

/s/ Melissa A. Holyoak
MELISSA A. HOLYOAK
Solicitor General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0260
melissaholyoak@agutah.gov

*Attorneys for the State of Utah*

**JASON S. MIYARES**
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
LUCAS W.E. CROSLOW
Deputy Solicitor General
OFFICE OF THE VIRGINIA ATTORNEY
GENERAL
202 North 9th Street
Richmond, Virginia 23219
(804) 786-7704
AFerguson@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

**PATRICK MORRISEY**
Attorney General of West Virginia

LINDSAY SEE*
Solicitor General
MICHAEL R. WILLIAMS
Deputy Solicitor General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

*Attorneys for the State of West Virginia*

*\* pro hac vice application forthcoming*

**BRIDGET HILL**
Attorney General of Wyoming

/s/ Ryan Schelhaas
RYAN SCHELHAAS*
Chief Deputy Attorney General
OFFICE OF THE WYOMING
ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Attorneys for the State of Wyoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.


 s/ Drew C. Ensign
Attorney for the State of Arizona