UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,

Defendants.

Civ. A. No. 21-100 (EGS)

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE**

Defendants respectfully submit this supplemental brief pursuant to the Court's Minute Order of December 8, 2022, and request that the Court rule on the motion by December 15, 2022, in light of developments in the Court of Appeals.

Nineteen States ("Proposed Intervenors") sought to intervene in this litigation that began more than twenty-two months ago, after first choosing to initiate their own litigation against the federal government in the Western District of Louisiana and obtaining a preliminary injunction there enjoining implementation of CDC's April 1, 2022 order terminating Title 42 suspension orders. Defendants demonstrated in their opposition to the intervention motion that Proposed Intervenors lack standing or a legally protected interest in this action, that their intervention motion is untimely, and that Defendants adequately represent Proposed Intervenors' interests in this action.

After the filing of the parties' opposition briefs, on December 7, 2022, Defendants filed a Notice informing this Court of their intent to appeal this Court's November 15, 2022 order and November 22, 2022 judgment, which vacated CDC's Title 42 regulation, 42 C.F.R. § 71.40, and orders issued thereunder. ECF No. 179. The Notice further noted that the Department of Health and Human Services (HHS) and CDC have decided to undertake notice-and-comment rulemaking to replace 42 C.F.R. § 71.40. Moreover, Defendants represented that they intend to move the D.C.

Circuit to hold the appeal in abeyance pending (i) the Fifth Circuit's decision in *Louisiana v. CDC*, No. 22-30303 (5th Cir.), the government's appeal of the preliminary injunction enjoining implementation of CDC's Termination Order, and (ii) the forthcoming rulemaking to replace § 71.40. Defendants also noticed their appeal on the same day. On December 8, 2022, this Court ordered supplemental briefing in view of Defendants' Notice.

Proposed Intervenors have since sought to intervene in the Court of Appeals and a stay pending appeal. Briefing will be complete in the D.C. Circuit on both of those requests on December 15, 2022. Proposed Intervenors argue in both the Court of Appeals and in their supplemental brief that this Court no longer has jurisdiction to decide their intervention motion in light of the government's appeal. This is an issue on which the D.C. Circuit has not yet opined and the circuits are split. But this Court need not decide that question because even if the Court concludes that it lacks authority to grant the intervention because of the pending appeal, Federal Rule of Civil Procedure 62.1(a)(2) expressly permits the Court to deny the intervention motion on the merits in such circumstances. The Court should do so promptly so that the Court of Appeals would have the benefit of the Court's consideration. Indeed, Defendants have demonstrated in their opposition that Proposed Intervenors are not entitled to intervention; nor is permissive intervention appropriate. And as explained below, the developments noted in the government's Notice further underscore that Proposed Intervenors lack standing or a legally protected interest in this action and that Defendants adequately represent Proposed Intervenors' interests, if any, here.

## ARGUMENT

## THIS COURT SHOULD DENY THE STATES' MOTION TO INTERVENE

### A. Despite the Pending Appeal, this Court Should Deny the Intervention Pursuant to Rule 62.1(a)

Proposed Intervenors argue that in light of the government's appeal, jurisdiction over their intervention motion "has been transferred to the D.C. Circuit, and that motion is thus no longer pending in this Court." *See* Proposed Intervenors' Suppl. Br. at 1; *see also* Notice, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (representing that their motion to intervene is now pending in the Court of

Appeals "by operation of law"). In support, Proposed Intervenors cite only out-of-circuit authority. *See* Proposed Intervenors' Suppl. Br. at 1–2. But this is an issue on which the circuits are split. *See, e.g.*, *Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979) (en banc) (notice of appeal does not deprives the district court of "authority to consider the motion to intervene"); *see also* *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 440–41 (D.D.C. 2015) (discussing the circuit split). The D.C. Circuit has so far declined to address question. *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1256 (D.C. Cir. 1999) (declining to address the jurisdictional question and instead affirming the district court's denial of intervention on the ground of lack of timeliness).

This Court need not resolve the question because even if the Court concludes that it lacks authority to grant the intervention because of the pending appeal, it could still deny the intervention motion on the merits pursuant to Rule 62.1(a)(2). Rule 62.1(a)(2) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *See, e.g.*, *Out of the Box Enters. v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017) (recognizing that although the district court lacked the authority to grant a Rule 60(b) motion without a remand from the court of appeals due to the pending appeal, "it had jurisdiction to deny the motion on the merits, defer consideration, or issue an indicative ruling" pursuant to Rule 62.1(a)); *Amarin*, 139 F. Supp. 3d at 440–41 (issuing an indicative ruling on the issue of intervention pursuant to Rule 62.1(a)(3) after concluding that the court lacked jurisdiction to grant the motion due to pending appeal).

This Court's denial of the intervention may ultimately facilitate appellate review of the issue. Among other things, the Court is intimately familiar with this case, including the untimeliness of the intervention motion. *See* Defs.' Opp. at 14–17 (demonstrating that government's decision not to seek a stay pending appeal does not justify Proposed Intervenors' eleventh-hour effort to intervene because it should have been obvious to Proposed Intervenors for months that the government might not seek

a stay given CDC's Termination Order). Indeed, the Court of Appeals' review of this Court's intervention decision would be deferential at least as to factual questions and matters of discretion. *See Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1322 (D.C. Cir. 2013); *see, e.g.*, *United States v. Brit. Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (reviewing district court's denial of intervention for untimeliness only for abuse of discretion). Accordingly, for the reasons Defendants demonstrated in their opposition brief, and the reasons explained below, Defendants respectfully request that the Court promptly deny Proposed Intervenors' motion so that the Court of Appeals would have the benefit of this Court's consideration.

**B. Proposed Intervenors Lack Standing or Any Legally Protected Interest**

Proposed Intervenors argued in their reply brief that they "have protectable interests in participating in notice-and-comment rulemaking," Reply at 8, ECF No. 177—"a right," they assert, "they were entitled to exercise *before* termination of Title 42 and which the *Louisiana* injunction protects." *id.* at 5. But Proposed Intervenors are protecting their asserted procedural interests by litigating the notice-and-comment claim in *Louisiana v. CDC*. The government continues to prosecute its appeal of the *Louisiana* injunction. Defendants' Notice now also makes clear that the government plans to move the D.C. Circuit to hold the appeal in this case in abeyance pending the Fifth Circuit's decision on the government's earlier-filed appeal of the *Louisiana* injunction. Thus, any interests Proposed Intervenors have in ensuring that the government complies with APA's notice-and-comment requirements in issuing the Termination Order will be protected through that litigation, not this one, where neither the Termination Order nor any procedural requirements for its issuance is in issue. At bottom, this litigation does not "as a practical matter impair or impede [Proposed Intervenors'] ability to protect [their asserted] interest" in participating in notice-and-comment rulemaking as to the Terminator Order. Fed. R. Civ. P. 24(a)(2). Proposed Intervenors can fully protect that asserted interest in the Fifth Circuit.[1]

[1] Even if HHS and CDC later decide to conduct notice-and-comment rulemaking of the Termination Order before the conclusion of the appeal or final judgment in *Louisiana v. CDC*, the States would not

The *Louisiana* preliminary injunction by itself, however, does not give rise to any legally cognizable interest in protecting Proposed Intervenors' procedural rights *in this case*. While the injunction preliminarily enjoins the government from implementing the Termination Order, it does not vest in the States any legally protectable interest in the continuation of Title 42. Nor does it take precedence over relief granted in unrelated litigation concerning different subject matters—here, the validity of CDC's Title 42 regulation and suspension orders—and without regard to the Termination Order.[2] Rather, the injunction merely preserves the status quo in *Louisiana v. CDC* pending the government's appeal of that district court's ruling that CDC likely should have engaged in notice-and-comment rulemaking when issuing the Termination Order. The States in *Louisiana v. CDC* no doubt have the right to enforce that injunction in that case, as Proposed Intervenors sought to demonstrate. *See* Pls' Reply at 6, 8. But as with any litigant seeking to intervene to defend the Title 42 regulation and orders, Proposed Intervenors must demonstrate that they suffer an injury in fact that is traceable to the vacatur of the operative Title 42 order (or the underlying regulation), which they have failed to do. *See* Defs' Opp. at 8–14, ECF No. 174.

Proposed Intervenors' reliance on cases involving the Anti-Injunction Act is misplaced. *See* Pls' Reply at 3. In *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd. Partnership*, 56 F.3d 866, 871 (8th Cir. 1995), the Eighth Circuit concluded that "a preliminary injunction is a protectable judgment under the relitigation exception" in the Anti-Injunction Act. The Act prohibits federal courts from enjoining proceedings and parties in the state courts, unless one of the Act's three enumerated exceptions, including the "relitigation exception," applies. *See id.* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except … to protect or effectuate its *judgments*.") (emphasis added). The relitigation exception "permit[s] a federal

---

be able to claim any impairment of their asserted procedural interests because they will have received all the relief to which they would be entitled if they had prevailed on their notice-and-comment claim.

[2] Even where two cases between the same parties on the same subject matter are commenced in two different federal courts, the first-filed case may not necessarily take precedence despite considerations of comity and orderly administration of justice. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003) ("[W]e have emphasized that the district court must balance equitable considerations rather than using a 'mechanical rule of thumb.'") (citation omitted).

court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147(1988). In concluding that this statutory exception was implicated by a preliminary injunction issued by a federal court, the Eighth Circuit reasoned that a preliminary injunction is an immediately appealable "judgment" under Fed. R. Civ. P. 54(a) and "confers important rights and finally adjudicates the issue of preserving the status quo until the district court reaches the case's merits." *Nat'l Basketball Ass'n*, 56 F.3d at 871.

*National Basketball Association* does not suggest that the *Louisiana* preliminary injunction gives Proposed Intervenors a legally protected interest in this litigation. No statutory rights granted by the Anti-Injunction Act are in issue, and this case does not "relitigate" the States' notice-and-comment challenge to the Terminator Order, upon which the *Louisiana* preliminary injunction is issued. Rather, two federal courts are addressing two distinct challenges to two distinct agency actions. The context in which the Eighth Circuit observed that a preliminary injunction confers "important rights," *see* Pls' Reply at 3 (quoting *NBA*, 56 F.3d at 871), shows that the observation is wholly irrelevant here. It is therefore not surprising that Proposed Intervenors cite no authority establishing that they have a protectable legal interest in this litigation based on the *Louisiana* injunction.

Nor have Defendants "admitted that the termination of the Title 42 system will cause the States harms," as Proposed Intervenors claim. Proposed Intervenors' Suppl. Br. at 3. Defendants have consistently maintained that the States lack standing to challenge the termination of CDC's Title 42 orders and suffer no legally cognizable harm from termination of those orders. *See* Defs.' Opp. to States' Mot. for Prelim. Inj. 11–15, *Louisiana v. CDC*, No. 22-cv-00885 (W.D. La. Apr. 29, 2022), ECF No. 40 (arguing that States "lack[ed] standing to challenge the Termination Order" because they could not establish injury-in-fact or traceability). While the *Louisiana* district court disagreed with the government and held that the States had shown a substantial likelihood of standing, the court relied on Fifth Circuit precedent that, as Defendants have explained, it is inconsistent with the Supreme Court's standing jurisprudence. *See* Defs.' Opp. to Mot. to Intervene at 10–11, ECF No. 174. Accordingly, it remains the case that the Proposed Intervenors lack standing or any legally protected interest in this action.

### C. Defendants Adequately Represent Any Interests That Proposed Intervenors Might Have in This Litigation

The Court should reject Proposed Intervenors' contention that the government does not adequately represent their alleged interests. In their motion to intervene, the States contended that their participation in this litigation was necessary because the government purportedly had "abandoned their defense of Title 42," ECF No. 168 at 1, and was not going to "prosecute [an] appeal" of this Court's rulings, *id.* at 16. But the government has filed a notice of appeal, and the government's longstanding position in this litigation remains unchanged: "CDC's Title 42 Orders were lawful, . . . § 71,40 is valid, and . . . this Court erred in vacating those agency actions." ECF No. 179 at 1.

The government's decision to seek a five-week stay of this Court's judgment to allow the Department of Homeland Security time to prepare to implement full Title 8 processing—rather than an indefinite stay pending appeal—does not render the government's representation inadequate. *See Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1020 (D.C. Cir. 2003) (disagreement over litigation approach does not demonstrate inadequate representation). In light of the CDC's April 1 decision to terminate the Title 42 orders as no longer necessary to protect the public health, the government would have been unable to show the kind of irreparable injury from this Court's judgment that would have been necessary to seek a full stay pending appeal. Moreover, in its memorandum opinion and order, this Court stated that it would deny any request for a stay pending appeal, so it would have been futile for the government to seek such a stay from this Court. ECF No. 164. The government's decision not to seek an emergency stay from the D.C. Circuit likewise does not constitute "abandon[ment]" of the government's defense in this case. ECF No. 168 at 1. A stay pending appeal is an "extraordinary remedy" that is not sought as a matter of course. *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985). Indeed, the government did not seek a stay from the Fifth Circuit when it appealed the *Louisiana* injunction, and yet the States expressly agreed that the government adequately represented the interests of a proposed intervenor in that case who had sought a stay pending appeal. *See* States' Br. at 111, *Louisiana v. CDC*, No. 22-30303 (5th Cir. Aug. 31, 2022).

The States also contend that the government does not adequately represent their alleged interests because the government plans to move to hold the appeal in abeyance pending (i) the Fifth

Circuit's decision in *Louisiana v. CDC*, No. 22-30303 (5th Cir.) and (ii) the forthcoming rulemaking to replace § 71.40. Proposed Intervenors' Suppl. Br. at 3. As explained above, the government's intent to move to hold the appeal in the D.C. Circuit in abeyance pending the Fifth Circuit's decision in *Louisiana v. CDC* actually allows the States to fully litigate their notice-and-comment claim; they don't need the government to protect that asserted procedural interests here. To the extent the government is seeking an abeyance also because of HHS and CDC's intent to conduct rulemaking, that is not unusual because further regulatory developments could render further litigation unnecessary. *See* ECF No. 179 at 2 (collecting cases). The government's decision to follow that standard litigation practice here does not mean that the States should be permitted to intervene to pursue a different course in the Court of Appeals. Granting the motion "would allow a third party to intervene not because an agency failed to move for additional review, but because the agency failed to move for review in the third party's preferred way." *Humane Soc'y v. Dep't of Agric.*, --- F.4th ----, 2022 WL 17411257 at *2 (D.C. Cir. 2022) (Tatel, J., concurring).

As the government has explained, Proposed Intervenors are not proper litigants to defend an arbitrary-and-capricious challenge to a federal agency's decisionmaking. Congress has charged CDC to carry out Title 42's statutory mission of protecting the public health. And Congress has reserved the control of litigation in which the United States or its agencies and officers are parties to the Department of Justice alone. ECF No. 174 at 17–18. In determining whether, and to what extent, appeals will be taken by the government, the Solicitor General, with her "broader view of litigation in which the Government is involved," considers a number of strategic and other factors that are uniquely within the government's expertise and statutory responsibilities. *See Fed. Election Comm'n v. NRA Pol. Victory Fund*, 513 U.S. 88, 96 (1994); *see also* 28 C.F.R. § 0.20(b). Permitting third parties such as the States to intervene and defend the reasonableness of the government's regulations and orders in cases such as this one would encroach on the government's significant interests in coordinating its litigation involving important federal policies. *See* ECF No. 174 at 17–18. Indeed, the government's intent to first prosecute the appeal of the *Louisiana* injunction in the Fifth Circuit

reflects that the government is weighing litigation on Title 42 wholistically to advance important statutory interests. Proposed Intervenors should not be permitted to upset that approach.

**CONCLUSION**

For the foregoing reasons, the Court should deny Proposed Intervenors' motion to intervene.

Dated: December 16, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JEAN LIN
Special Litigation Counsel, NY Bar #4074530
Federal Programs Branch

/s/ John Robinson
JOHN ROBINSON, DC Bar #1044072
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20530
Tel (202) 616-8489
Email: john.j.robinson@usdoj.gov

*Counsel for Defendants*