UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civ. A. No. 21-100 (EGS) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 20, 2023 Minute Order, the parties respectfully submit this joint status report.

1. This class action challenges a regulation issued by the Centers for Disease Control and Prevention (CDC), 42 C.F.R. § 71.40, as well as certain orders issued by CDC pursuant to that regulation, collectively referred to as the "Title 42 policy." In November 2022, the Court granted Plaintiffs' motion for partial summary judgment, vacating and setting aside the Title 42 policy and permanently enjoining the government from applying the Title 42 policy with respect to the class members. *Huisha-Huisha v. Mayorkas*, No. CV 21-100 (EGS), 2022 WL 16948610 (D.D.C. Nov. 15, 2022). The Court later entered final judgment under Federal Rule of Civil Procedure 54(b), ECF No. 167, and Defendants filed a notice of appeal.

2. Nineteen States then moved to intervene in this action and to stay this Court's final judgment pending appeal. ECF No. 168. This Court deferred a ruling on intervention in this Court, and the D.C. Circuit denied the States' motion to intervene on appeal as untimely. The Supreme Court granted a stay of this Court's judgment and granted certiorari to review the denial of the States'

appellate intervention motion. *Arizona v. Mayorkas*, 143 S. Ct. 478 (2022). On January 24, 2023, this Court stayed the remaining claims in this case pending resolution of the appellate proceedings and ordered that the parties submit a status report within 30 days of the Supreme Court's decision on the intervention question.

3. CDC's August 2021 Title 42 order provided that it would remain effective until, among other things, "the expiration of the Secretary of HHS' declaration that COVID-19 constitutes a public health emergency." 86 Fed. Reg. 42,828, 42,841 (Aug. 5, 2021). On May 11, 2023, the Secretary's declaration of COVID-19 as a public health emergency expired. On May 18, 2023, the Supreme Court vacated the D.C. Circuit's order denying the States' motion to intervene and remanded the case to the D.C. Circuit with instructions to dismiss the intervention motion as moot. *Arizona v. Mayorkas*, 143 S. Ct. 1312 (May 18, 2023).

4. On June 16, 2023, the government moved in the D.C. Circuit to vacate this Court's judgment and remand with instructions to dismiss this case as moot. *See* Defs.' Mot. to Vacate Injunction, *Huisha-Huisha v. Mayorkas*, No. 22-5325 (D.C. Cir. June 16, 2023), Doc No. 2003805.

5. On June 19, 2023, the parties filed a joint status report with the Court in which they agreed that the stay of proceedings in this case should remain in place pending the outcome of appellate proceedings in the D.C. Circuit. ECF No. 193. The Court entered a Minute Order on June 20, 2023, maintaining the stay and requiring the parties to file a joint status report within 30 days of the D.C. Circuit's decision on the government's motion to vacate.

6. On September 7, 2023, the D.C. Circuit vacated this Court's judgment and remanded with instructions to dismiss this case as moot. *See* Order, *id.* at Doc No. 2015787; *see also id.* (dismissing the States' motion for leave to intervene as moot).

7. Pursuant to Fed. R. App. 41(b) and D.C. Cir. Rule 41, the mandate will not issue until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. The deadline to file either petition is 45 days – or until October 22, 2023, *see* Fed. R. App. 40(a)(1).

8. With no further action, the mandate will issue on October 29, 2023.

9. The parties agree to notify the Court if any action occurs that would affect the issuance of the mandate on October 29, 2023. If no action is taken by that date and the mandate is issued, the parties agree that the Court should dismiss this case as moot.

Date: October 6, 2023.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES, <br> D.C. Bar. #481052 <br> United States Attorney | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney General |
| | JEAN LIN <br> Special Litigation Counsel, NY#4074530 <br> Federal Programs Branch |
| BRIAN P. HUDAK <br> Chief, Civil Division | |
| SEAN M. TEPE, DC Bar #1001323 <br> Assistant United States Attorney <br> 601 D Street, N.W. <br> Washington, D.C. 20530 <br> Phone: (202) 252-2533 <br> Email: sean.tepe@usdoj.gov | /s/ Jonathan D. Kossak <br> JONATHAN D. KOSSAK, DC BAR # 991478 <br> JOHN ROBINSON, DC Bar #1044072 <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division, Federal Programs Branch <br> 1100 L Street N.W. <br> Washington, DC 20530 <br> Tel (202) 305-0612 <br> Email: jonathan.kossak@usdoj.gov |

*Attorneys for Defendants*

/s/ Lee Gelernt
Lee Gelernt (Bar ID. NY0408)
Daniel A. Galindo
Omar Jadwat*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*